UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -2  A 11: 49

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | |
| Plaintiffs, | NO. 202CV2234 (AWT) |
| -v- | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating Under the name TAYLOR COMPANIES, | |
| Defendants. | NOVEMBER 21, 2003 |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1. Defendants admit that complete diversity of citizenship between the Plaintiffs and each of the Defendants exist. Defendants lack sufficient information to admit or deny the allegation that the amount in controversy is in excess of $75,000 exclusive of interest and costs, and therefore leave Plaintiffs to their proof.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants lack sufficient information to admit or deny the allegations of Paragraph 3, and therefore leave Plaintiffs to their proof.

4. Defendants lack sufficient information to admit or deny the allegations of Paragraph 4, and therefore leave Plaintiffs to their proof.

5. The allegations of Paragraph 5 are denied.

6. The allegations of Paragraph 6 are denied.

7. The allegations of Paragraph 7 are denied.

I:\t\taylor vision\pleadings\Answer to Complaint11.21.03.doc

8. The allegations of Paragraph 8 are admitted.

9. The allegation that Taylor Financial Services LLC operates under the name "Taylor Companies" is admitted. The remaining allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 are denied.

11. Defendants admit that Robert Payne did not render services to Taylor Executive Solutions, Taylor Capital and/or Taylor Global, and that they are not named as defendants in this action. The remaining allegations of Paragraph 11 are denied.

12. Defendants admit that the Complaint purports to refer collectively to Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures, and Taylor Financial Services, LLC as the "Taylor Companies." The remaining allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are admitted.

15. The allegations of Paragraph 15 are admitted.

16. Defendants admit that Robert Payne accepted the offer of employment by the Taylor Companies. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 16, and therefore leave Plaintiffs to their proof.

17. Defendants admit that Robert Payne became employed by Taylor Companies. The remaining allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are admitted.

19. Defendants admit that after the establishment of Payne Investments, LLC, Robert Payne continued his work with the Taylor Companies through Payne Investments,

LLC. The remaining allegations of Paragraph 19 are denied.

20. Defendants lack sufficient information to either admit or deny the allegations of Paragraph 20, and therefore leave Plaintiffs to their proof.

21. Defendants deny the allegations of Paragraph 21, including its subparts. Defendants admit that the letter dated November 20, 1999, which is referred to in Paragraphs 14 and 15, speaks for itself.

22. The allegations of Paragraph 22 are admitted.

23. The allegations of Paragraph 23 are admitted.

24. The allegations of Paragraph 24 are denied.

25. Defendants admit that Robert Payne met with the senior management of MitTek in early April 2001, but all remaining allegations of Paragraph 25 are denied.

26. Defendants admit that the MiTek management requested that the list be expanded. The remaining allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are admitted.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are admitted.

31. The allegations of Paragraph 31 are denied.

32. The allegations of Paragraph 32 are denied.

33. The allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 are admitted.

35. The allegations of Paragraph 35 are denied

36. The allegations of Paragraph 36 are denied.

37. Defendants hereby incorporate by reference their responses to Paragraphs 1 - 36 as if set forth in full herein.

38. The allegations of Paragraph 38 are admitted.

39. The allegations of Paragraph 39 are admitted.

40. Defendants admit that Robert Payne made a presentation to Borden Chemical. All remaining allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are admitted.

42. The allegations of Paragraph 42 are admitted.

43. The allegations of Paragraph 43 are denied.

44. Defendants admit that Borden Chemical filed for bankruptcy. The remaining allegations of Paragraph 44 are denied.

45. The allegations of Paragraph 45 are admitted.

46. The allegations of Paragraph 46 are denied.

47. The allegations of Paragraph 47 are admitted.

48. The allegations of Paragraph 48 are admitted.

49. The allegations of Paragraph 49 are admitted.

50. Defendant admits that no payment was made to Payne in February of 2002. The remaining allegations of Paragraph 50 are denied.

51. The allegations of Paragraph 51 are denied.

52. The allegations of Paragraph 52 are denied.

53. The allegations of Paragraph 53 are admitted.

54. The allegations of Paragraph 54 are denied.

55. The allegations of Paragraph 55 are denied.

56. Defendants admit that a letter was sent by Payne's attorney to the Taylor Companies, and admit that the letter speaks for itself. Any remaining allegations of Paragraph 56 are denied.

57. Defendants admit that a payment in the amount of $154,418.30 was made. The remaining allegations of Paragraph 57 are denied.

58. Defendants admit that they agreed that the payment in the amount of $154,418.30 could be cashed by Payne without prejudice, but the remaining allegations of Paragraph 58 are denied.

59. Defendants admit that, as of the date the complaint was filed, the third proposed sale of the last piece of the Borden Chemical transaction was expected to close in December of 2002 and to result in a payment of $500,000.

60. The allegations of Paragraph 60 are denied.

61. Defendants admit that they made a payment that Payne was permitted to cash without prejudice to any rights he had against the Taylor Companies. All remaining allegations of Paragraph 61 are denied.

62. The allegations of Paragraph 62 are denied.

63. The allegations of Paragraph 63 are denied.

64. Defendants hereby incorporate by reference their responses to Paragraphs 1 - 36 and 38 through 63 as if set forth in full herein.

65. The allegations of Paragraph 65 are admitted.

66. The allegations of Paragraph 66 are denied.

67. The allegations of Paragraph 67 are denied.

68. Defendants admit that negotiation of the engagement letter began with Brian Taylorson and concluded with Alfonso Escudeao. The remaining allegations of Paragraph 68 are denied.

69. The allegations of Paragraph 69 are admitted.

70. Defendants admit that Griffin took responsibility for closing the Sentrachem project, but the remaining allegations of Paragraph 70 are denied.

71. Defendants admit that as of the time the complaint was filed, the Dow Chemical Sentrachem was proceeding toward closing. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 71, and therefore leave Plaintiffs to their proof.

72. Defendants lack sufficient information to admit or deny the allegations of Paragraph 72, and therefore leave Plaintiffs to their proof.

73. The allegations of Paragraph 73 are denied.

74. Defendants hereby incorporate by reference their responses to Paragraphs 1 - 37, 38-63 and 65-76 as if set forth in full herein.

75. Defendants admit that total fees received by Taylor Companies for the Rexam/Mitek, Borden Chemical and Dow Chemical transactions exceed $1,500,000. The remaining allegations of paragraph 75 are denied.

76. The allegations of paragraph 76 are denied.

77. The allegations of Paragraph 77 are admitted.

78. The allegations of Paragraph 78 are denied

79. Defendants hereby incorporate by reference their responses to Paragraphs 1 - 36, 38-63 and 65-73 and 75 -78 as if set forth in full herein.

80. Defendants admit that Robert Payne was never given the opportunity to participate in the Taylor Companies' 401K Profit Sharing Plan. All remaining allegations of Paragraph 80 are denied.

81. Defendants admit that they never made a contribution of $2,231.08 to the Taylor 401K Plan on Robert Taylor's behalf. All remaining allegations of Paragraph 81 are denied.

82. The allegations of Paragraph 82 are denied.

83. Defendants hereby incorporate by reference their responses to Paragraphs 1 - 36, 38-63, 65-73, 75 through 78 and 80-82 as if set forth in full herein.

84. The allegations of Paragraph 84 are denied.

85. The allegations of Paragraph 85 are admitted.

86. Defendants admit that at or about the end of 2000, Payne established Payne Investments, LLC and that Defendants did not object to that development. The remaining allegations of Paragraph 86 are denied.

87. Defendants lack sufficient information to admit or deny the allegation as to what Payne understood. All remaining allegations of Paragraph 87 are denied.

88. The allegations of Paragraph 88 are denied.

89. The allegations of Paragraph 89 are denied.

90. Defendants hereby incorporate by reference their responses to Paragraphs 1 - 36, 38-63, 65-73, 75 – 78, 80 – 82 and 84 -89 as if set forth in full herein.

91. Defendants admit that they did not reimburse him for a computer that he purchased. The remaining allegations of Paragraph 91 are denied.

92. The allegations of Paragraph 92 are denied.

93. Defendants hereby incorporate by reference their responses to Paragraphs 1 - 36, 38-63, 65-73, 75 –78, 80-82, 84 –89 and 91-92 as if set forth in full herein.

94. The allegations of Paragraph 94 are denied.

95. The allegations of Paragraph 95 are denied.

96. Defendants hereby incorporate by reference their responses to Paragraphs 1 - 36, 38-63, 65-73, 75 –78, 80-82, 84-89, 91-92 and 94-95 as if set forth in full herein.

97. Defendants admit that Payne rendered some services to the Taylor Companies between the beginning of 2000 through approximately the middle of 2002.

98. The allegations of Paragraph 98 are admitted.

99. Defendants lack sufficient information to admit or deny the allegation as to what Payne expected, and therefore leave Plaintiffs to their proof as to that allegation.

100. The allegations of Paragraph 100 are denied.

101. The allegations of Paragraph 101 are denied.

102. Defendants hereby incorporate by reference their responses to Paragraphs 1 – 3, 38-63 and 65-73, 75-78, 80-82, 84-89, 91-92 and 94-101 as if set forth in full herein.

103. Defendants admit that the Taylor Companies made a promise to compensate Payne, and that the promise speaks for itself. Any remaining allegations of Paragraph 103

are denied.

107. The allegations of Paragraph 104 are denied.

105. The allegations of Paragraph 105 are denied.

106. The allegations of Paragraph 106 are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

107. As to their fourth, fifth, sixth and tenth claims, Plaintiffs have failed to state a claim on which relief can be granted.

### Second Affirmative Defense

108. Plaintiffs' fourth, fifth and sixth claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*

*/s/ Jacob D. Zeldes*
Jacob D. Zeldes (ct04351)

*/s/ Sarah W. Poston*
Sarah W. Poston (ct19702)

Zeldes, Needle & Cooper
A Professional Corporation
1000 Lafayette Boulevard
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: jzeldes@znclaw.com
           sposton@znclaw.com

Attorneys for Defendants
Taylor Vision Resources, Taylor
Strategic Acquisitions, Taylor
Strategic Divestitures and Taylor
Financial Services LLC
collectively "Taylor Companies"

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via first class U.S. Mail, postage prepaid, to the following parties of record:

David Crystal, II, Esq.
GILBRIDE TUSA LAST & SPELLANE LLC
31 Brookside Drive
P.O. Box 658
Greenwich, Connecticut 06836-0658

GILBRIDE TUSA LAST & SPELLANE LLC
The Graybar Building
420 Lexington Avenue
New York, NY 10170-0105

Dated at Bridgeport, Connecticut this 21st .day of November, 2003.

_____
Jacob D. Zeldes