UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | |
| | : | |
| Plaintiffs, | : | NO. 2:02CV2234 (AWT) |
| | : | |
| v. | : | |
| | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all Defendants collectively operating under the name TAYLOR COMPANIES, | : : : : : : | |
| | : | |
| Defendants. | : | MAY 7, 2004 |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

1.    Under the date of April 14, 2004, Plaintiffs filed notices to examine by deposition ten persons from the Washington, DC area, Wilmington, NC, France and Canada at the Connecticut offices of Plaintiffs' attorney in Greenwich, Connecticut.

2.    The individuals whose depositions have been noticed by Plaintiffs, the (i) time and date of the noticed depositions and (ii) residences and principal places of business of the individuals involved, are as follows:

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

| Name | Date & Time | Residence | Principal Office |
|------|-------------|-----------|------------------|
| Kathy Stoltz | 5/17/04 @ 9:30 a.m. | Front Royal, VA | Washington, DC |
| Ron Flack | 5/17/04@ 1:30 p.m. | Paris, France | Paris, France |
| Trey Taylor | 5/18/04 @ 9:30 a.m. | Washington, DC | Washington, DC |
| Pat Litzinger | 5/18/04 @ 1:30 p.m. | Wilmington, NC | Wilmington, NC |
| Steve Fraser | 5/19/04 @ 9:30 a.m. | Gaithersberg, MD | Washington, DC |
| Rachel Taylor | 5/19/04 @ 1:30 p.m. | Washington, DC | Washington, DC |
| Dermot Coghlan | 5/27/04 @ 9:30 a.m. | Toronto, Ontario Canada | Toronto, Canada |
| Ken Griffin | 5/28/94 @ 9:30 a.m. | Alexandria, VA | Washington, DC |
| Warren Belllis | 6/11/04 @ 9:30 a.m. | Washington, DC | Washington, DC |
| Ralph Taylor | 6/15/04 @ 9:30 a.m. | Washington, DC | Washington, DC |

3.    The taking of the ten depositions, as noticed, would constitute an undue burden and expense, involving the (1) cost of seven separate trips from the individuals' place of employment, Washington, DC or nearby, one trip from Wilmington, one trip from Paris, France, and one trip from Toronto, Canada, and (2) living expenses in event of travel, if the taking of depositions and return travel cannot be accomplished in a single day.  Cost of air transportation, ground transportation, and food and lodging

expenses for one day based on the estimate attached (Tab 1) would approximate

$22,261.00 as follows:

|            | From       | $ Travel  | $ Hotel  | $ Meals  | $ Cabs   | $ Total   |
|------------|------------|-----------|----------|----------|----------|-----------|
| Stoltz     | DC         | 969.00    | 259.00   | 130.00   | 250.00   | 1,608.00  |
| Flack      | Paris      | 4,853.00  | 518.00   | 260.00   | 500.00   | 6,131.00  |
| T. Taylor  | DC         | 969.00    | 259.00   | 130.00   | 250.00   | 1,608.00  |
| Litzinger  | Wilmington | 1,584.00  | 518.00   | 260.00   | 250.00   | 2,612.00  |
| Fraser     | DC         | 969.00    | 259.00   | 130.00   | 250.00   | 1,608.00  |
| Ms. Taylor | DC         | 969.00    | 259.00   | 130.00   | 250.00   | 1,608.00  |
| Coughlan   | Toronto    | 1,623.00  | 250.00   | 130.00   | 250.00   | 2,262.00  |
| Griffin    | DC         | 969.00    | 259.00   | 130.00   | 250.00   | 1,608.00  |
| Bellis     | DC         | 969.00    | 259.00   | 130.00   | 250.00   | 1,608.00  |
| Mr. Taylor | DC         | 969.00    | 259.00   | 130.00   | 250.00   | 1,608.00  |
| **Total**  |            | **14,843.00** | **3,108.00** | **1,560.00** | **2,750.00** | **22,261.00** |

Locating the depositions in Greenwich will also cost the Defendants the collective

work time that will be lost to travel. These deponents have no business requiring them

to travel to Connecticut.

4.      The burden for Plaintiffs' attorney and the individual Plaintiff, if he chooses

to attend, would be much less if the taking of eight of the depositions (including that of

the witness from Wilmington) could be scheduled for a few days in Washington. The

examination of some of the proposed deponents will be very brief. The individual

Plaintiff has claimed under oath that two of the above individuals whose depositions

have been noticed by Plaintiffs, Rachel Taylor and Kathy Stoltz, "have no material

connection to the issues in this case." The affidavit Plaintiff Payne filed in opposition to

the motion to transfer the case to the District of Columbia states:

> 11. In addition, at least two of the Defendants' employees who are listed
> as possible "witnesses" have no material connection to the issues in this
> case. One "witness" Defendants claim will testify is Rachel Taylor. Rachel
> Taylor is not only an employee of the Defendant, but she is the daughter
> Ralph Taylor, the principal of the company. Ms. Taylor was not with the
> Taylor Companies when I joined in late 1999 and to the best of my
> recollection, was not there in the year 2000 or more of 2001. Defendants

claim she is listed as a witness because she apparently mailed out some of my compensation checks. To the best of my knowledge the fact that I received some compensation checks is not an issue in this case. The issue is the amounts I was not sent. Similarly, Kathy Stoltz, another "witness" is not only an employee of the Defendants, but she is the secretary for Ralph Taylor. The only reason Defendants provide for listing her as a witness is that she placed calls for Mr. Taylor to me in Connecticut. In listing these individuals, Defendants are clearly reaching in their effort to establish some basis to justify this motion.

(Payne Affidavit, dated March 10, 2003). As to the deposition of the foreign-residing proposed witnesses, the expenses should be born by Plaintiffs wherever the depositions are held.

5.      Prior to filing the notices of depositions, Plaintiffs neither (a) discussed with Defendants the time and place for taking the depositions nor (b) served subpoenas upon the proposed deponents.

6.      The first undersigned has conferred with Plaintiffs' counsel in an effort to resolve the controversy without court action, but Plaintiffs are both unwilling (1) to permit the depositions to be taken in Washington, DC for eight deponents and at the principal place of business of the other two deponents; or (2) to pay the costs incurred by deponents or Defendants in connection with the depositions which have been notified.

WHEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants move to protect the deponents and Defendants from undue burden and expense by ordering:

(1)      that the depositions be taken at the city in which the deponents have their principal place of business;

(2)      that Plaintiffs reimburse deponents for the expenses incurred for transportation, food and lodging;

(3)    that witnesses whose testimony is brief, be accomplished by telephone or other acceptable mechanical device; or

(4)    that the depositions not be taken.

_____

Jacob D. Zeldes (ct04351)

_____

Joel Thompson (ct24654)

Zeldes, Needle & Cooper
A Professional Corporation
1000 Lafayette Boulevard
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
jzeldes@znclaw.com
jthompson@znclaw.com

Attorneys for Defendants
Taylor Vision Resources, Taylor
Strategic Acquisitions, Taylor
Strategic Divestitures and Taylor
Financial Services LLC
collectively "Taylor Companies"

*Taylor Companies*

May 4, 2004

Rachel Taylor
Taylor Companies, Inc.
1128 16th St. N.W.
Washington DC 20036

To Whom It May Concern:

My name is Rachel Taylor.  I am the Secretary of the Board of Taylor Companies, Inc. and I have prepared an estimate of the costs that Taylor Companies will incur in having the depositions, in the matter of Payne v. Taylor, taken in Connecticut.  I estimate that the cost to Taylor Companies, Inc. shall be $22,261.00.  These costs include round trip airfare, ground transportation, food allowance and lodging.

Sincerely,

Rachel Taylor
Secretary of the Board

| | Greenwich, Conn | Dates | Travel | Hotel | Meals | Cabs | Total |
|---|---|---|---|---|---|---|---|
| Ralph Taylor | Greenwich, Conn | 6/15/2004 | $ 969.00 | $ 259.00 | $ 130.00 | $ 250.00 | $ 1,608.00 |
| Rachel Taylor | from DC | 5/19/2004 | $ 969.00 | $ 259.00 | $ 130.00 | $ 250.00 | $ 1,608.00 |
| Dermot Coughlan | from DC | 5/27/2004 | $ 1,623.00 | $ 259.00 | $ 130.00 | $ 250.00 | $ 2,262.00 |
| Ron Flack | from Toronto | 5/17/2004 | $ 4,853.00 | $ 518.00 | $ 260.00 | $ 500.00 | $ 6,131.00 |
| Pat Litzinger | from Paris | 5/18/2004 | $ 1,584.00 | $ 518.00 | $ 260.00 | $ 250.00 | $ 2,612.00 |
| Steve Fraser | from Wilmington, NC | 5/19/2004 | $ 969.00 | $ 259.00 | $ 130.00 | $ 250.00 | $ 1,608.00 |
| Kathy Stolz | from DC | 5/17/2004 | $ 969.00 | $ 259.00 | $ 130.00 | $ 250.00 | $ 1,608.00 |
| Ken Griffin | from DC | 5/28/2004 | $ 969.00 | $ 259.00 | $ 130.00 | $ 250.00 | $ 1,608.00 |
| Warren Bellis | from DC | 6/11/2004 | $ 969.00 | $ 259.00 | $ 130.00 | $ 250.00 | $ 1,608.00 |
| Trey Taylor | from DC | 5/18/2004 | $ 969.00 | $ 259.00 | $ 130.00 | $ 250.00 | $ 1,608.00 |
| **Total** | | | **$ 14,843.00** | **$ 3,108.00** | **$ 1,560.00** | **$ 2,750.00** | **$ 22,261.00** |

CERTIFICATION

This is to certify that a copy of the foregoing has been sent by first class U.S.

Mail, postage prepaid, to the following counsel of record:

David Crystal, II, Esq.
Gilbride Tusa Last & Spellane LLC
420 Lexington Avenue
New York, NY  10170-0105

Dated at Bridgeport, Connecticut this 7th day of May, 2004.


Jacob D. Zeldes

6