UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | |
| Plaintiffs, | : | NO. 2:02CV2234 (AWT) |
| v. | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| Defendants. | : | May 7, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The Nature of the Proceeding

This is a diversity action based on a breach of contract in which Connecticut Plaintiffs have noticed the depositions to be taken in Greenwich, Connecticut of ten individuals: seven whose principal place of business is Washington, D.C., one whose principal place of business is Wilmington, N.C., one whose principal place of business is Paris, France and one whose place of business is Toronto, Canada.

In an earlier phase of this matter, Defendants sought to transfer this action by a Motion to Transfer Venue to the District of Columbia, dated February 27, 2003. The Court denied this motion on September 23, 2003. Defendants now seek protection by this Court after Plaintiffs have refused to take the depositions at deponents' place of business or bear the substantial cost of travel, food and lodging connected with the

transportation and taking of the depositions. As noted in the motion, the depositions and costs are as follows:

| Deponent | Date & Time | Residence | Principal Office |
|---|---|---|---|
| Kathy Stoltz | 5/17/04 @ 9:30 a.m. | Front Royal, VA | Washington, DC |
| Ron Flack | 5/17/04 @ 1:30 p.m. | Paris, France | Paris, France |
| Trey Taylor | 5/18/04 @ 9:30 a.m. | Washington, DC | Washington, DC |
| Pat Litzinger | 5/18/04 @ 1:30 p.m. | Wilmington, NC | Wilmington, NC |
| Steve Fraser | 5/19/04 @ 9:30 a.m. | Gaithersberg, MD | Washington, DC |
| Rachel Taylor | 5/19/04 @ 1:30 p.m. | Washington, DC | Washington, DC |
| Dermot Coughlan | 5/27/04 @ 9:30 a.m. | Toronto, Ontario Canada | Toronto, Canada |
| Ken Griffin | 5/28/94 @ 9:30 a.m. | Alexandria, VA | Washington, DC |
| Warren Belllis | 6/11/04 @ 9:30 a.m. | Washington, DC | Washington, DC |
| Ralph Taylor | 6/15/04 @ 9:30 a.m. | Washington, DC | Washington, DC |

|  | From | $ Travel | $ Hotel | $ Meals | $ Cabs | $ Total |
|---|---|---|---|---|---|---|
| Stoltz | DC | 969.00 | 259.00 | 130.00 | 250.00 | 1,608.00 |
| Flack | Paris | 4,853.00 | 518.00 | 260.00 | 500.00 | 6,131.00 |
| T. Taylor | DC | 969.00 | 259.00 | 130.00 | 250.00 | 1,608.00 |
| Litzinger | Wilmington | 1,584.00 | 518.00 | 260.00 | 250.00 | 2,612.00 |
| Fraser | DC | 969.00 | 259.00 | 130.00 | 250.00 | 1,608.00 |
| Ms. Taylor | DC | 969.00 | 259.00 | 130.00 | 250.00 | 1,608.00 |
| Coughlan | Toronto | 1,623.00 | 250.00 | 130.00 | 250.00 | 2,262.00 |
| Griffin | DC | 969.00 | 259.00 | 130.00 | 250.00 | 1,608.00 |
| Bellis | DC | 969.00 | 259.00 | 130.00 | 250.00 | 1,608.00 |
| Mr. Taylor | DC | 969.00 | 259.00 | 130.00 | 250.00 | 1,608.00 |
| **Total** |  | **14,843.00** | **3,108.00** | **1,560.00** | **2,750.00** | **22,261.00** |

In addition to these costs, Defendants will lose the work time of each deponent during his or her travel to Greenwich, Connecticut.

In contesting Defendants' motion to transfer the case to the District of Columbia, the Individual Plaintiff advised the Court under oath that two of the individuals whose depositions have now been noticed, Rachel Taylor and Kathy Stoltz "...have no material connection to the issues in the case." (Payne 3/10/03, Aff. ¶ 11).

Plaintiffs have not noticed the depositions of the Defendant entities pursuant to Fed. R. Civ. P. 30(b)(6). Instead, Plaintiffs sent notices to counsel for Defendants. At least some of the deponents (including Ms. Taylor and Ms. Stoltz) do not appear to be officers, directors of managing agents of a Defendant or Defendants, whose deposition may be noticed without a subpoena. None of the deponents are within the subpoena powers of this district. Fed. R. Civ. P. 45(a)(2) (subpoena for deposition shall issue from court for district designated by notice of depositions as district in which deposition will be taken); 45(b)(2) (subpoena may be served within district of issuing court or any place within 100 miles of place of deposition).

By this Memorandum we advance these points:

1.      The depositions of corporate officers or agents should be taken at the principal place of business of the corporation.

2.      A court's determination that plaintiffs shall have the choice of the forum generally protects defendants from coming to the forum for the taking of depositions since they had no choice in the selection of the forum.

I.      **THE DEPOSITIONS OF CORPORATE OFFICERS OR AGENTS SHOULD ORDINARILY BE TAKEN AT THE PRINCIPAL PLACE OF BUSINESS OF THE CORPORATION.**

The current-leading treatise on federal practice summarizes the law on the issue before the court:

> The deposition of a corporation by its agents and officers should ordinarily be taken at the principal place of business.

Wright, Miller & Marcus, <u>Federal Practice and Procedure</u>: Civil 2d § 2112 (1994).

Plaintiffs apparently assume that the ten witnesses qualify as officers or agents of some Defendant corporate entity, since Plaintiff sent all ten notices to counsel rather than attempting to subpoena the deponents. However, for corporate officers or agents their principal place of business is the favored venue for the taking of depositions. The treatise cites a host of cases in support.

- In *Payton v. Sears, Roebuck and Co.,* 148 F.R.D. 667 (N.D..Ga.1993), the court held that the manufacturer of a television and the store which sold the television were entitled to protective orders precluding personal injury plaintiffs from conducting depositions in Atlanta of corporate officers of the manufacturer and store, where the manufacturer was a Delaware corporation with its principal place of business in Arkansas and the store was a New York corporation with its principal place of business in Chicago.

- In *Twardzik v. Sepauley,* 286 F.Supp. 346 (E.D.Pa. 1968) an action by a stockholder of a national bank to set aside an election of the board of directors, where the defendants all resided in Shenandoah, Schuykill County, the court held it would be oppressive to require all of them to come to Philadelphia for purpose of taking their depositions. As relief the court ordered that the defendants would be examined in Shenandoah, Schuykill County.

- In *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 131(W.D.Mo. 1979) the court held that in the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at the location in which the deponent resides, <u>even if the deponent is a party</u>.

Other cases to the same effect are: *Philadelphia Indem. Ins. Co. v. Federal Ins. Co.*, 215 F.R.D. 492, 495 (E.D.Pa. 2003); *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D.Minn. 2003); *Rapoca Energy Co., L.P. v. AMCI Export Corp.*, 199 F.R.D. 191 (W.D.Va. 2001); *Chris-Craft Indus. Prod., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605 (N.D. IIII. 1999); *Perry v. Edwards,* 16 F.R.D. 131 (W.D.Mo. 1954), *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979), *Application of Johnson and Johnson,* 59 F.R.D. 174 (D.Del. 1973), *Connell v. Biltmore Sec. Life Ins. Co.,* 41 F.R.D. 136, 137 (D.S.C. 1966), *Mitchell v. American Tobacco Co.,* 33 F.R.D. 262 (M.D.Pa. 1963)

Plaintiffs here have noticed ten depositions, notwithstanding the fact that in the Report of the Parties' Planning Meeting dated February 26, 2004, Plaintiffs anticipated that they would take eight depositions, and notwithstanding the fact that the Individual Plaintiff has sworn to this Court that two of the deponents had no information to furnish. (Payne 3/10/03, Aff. ¶ 11).

We recognize that the presumption of deposing corporate officers or agents at their principal place of business is not ironclad. Courts applying Rule 26 have looked to considerations of cost, convenience and litigation efficiency in determining the location of depositions of a corporate defendant. *Media Group, Inc. v. In-Finn-Ity Productions, Inc.*, No. 3:99CV1014 (PCD), 2000 WL 303221 * 1 (D. Conn. Feb. 1, 2000) (quoting

5

*Buzzeo v. Board of Ed.*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998)). These factors favor holding the depositions of the U.S.-located deponents in the District of Columbia. While litigation efficiency does not appear to differ significantly between the two locations, the related cost does. Only the Plaintiffs' counsel would have to travel to these depositions, while the eight deponents would all have to travel to Connecticut for depositions and incur related expenses of approximately $13,868.00. Obviously, Plaintiffs' counsel, whose main office is in New York City could fly round trip to Washington for a small fraction of the expense Plaintiffs seek to put on Defendants. Even with living expenses for as long as it takes Plaintiffs to take the eight depositions, Plaintiffs' cost would not approach Defendants' cost. As for the foreign deponents, their cost of coming to Connecticut is no less than that of the Plaintiffs' counsel going to them, and Defendants would also incur the cost of work time lost to such travel. Moreover, Plaintiffs could elect to reduce their cost by agreeing to take the foreign depositions by telephone or other electronic means.

The factor of convenience heavily favors the District of Columbia for the eight deponents in this country. The business interruption for the deponents would be substantial should they be forced to go to Connecticut. The deponents have no other business to undertake in Greenwich, Connecticut. As to those in foreign countries, if travel be required to and from Paris and Toronto, the expense should clearly be on the Plaintiffs. It would be very inconvenient for these two deponents to travel to Connecticut for a deposition. While Plaintiffs counsel may be inconvenienced by travel to Paris and Toronto, it was Plaintiffs choice to bring this action in this forum, and Plaintiffs could

reduce their inconvenience by agreeing to take these depositions by telephone or other electronic means.

II. **A COURT'S DETERMINATION THAT PLAINTIFFS SHALL HAVE THE CHOICE OF THE FORUM GENERALLY PROTECTS DEFENDANTS FROM COMING TO THE FORUM FOR THE TAKING OF DEPOSITIONS SINCE THEY HAD NO CHOICE IN THE SELECTION OF THE FORUM.**

The rule that the depositions of non-resident defendant corporations or their agents are generally taken at defendant's principal place of business is based on the fact that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum. Defendants on the other hand, as this case shows "are not before the court by choice." *Media Group*, 2000 WL 303221 at *1.

The fact that this Court weighed the factors in favor of Plaintiffs on the earlier motion to transfer only enhances the basis for this Motion for Protection. Plaintiffs obtained their chosen forum, and it is rightfully the Plaintiffs who should bear the cost and inconvenience of deposing persons outside that forum. This rule is clear from the case Judge Margolis cited in *Media Group*:

> As a general rule, "the party noticing the deposition usually has the right to choose the location." *See* 7 Moore's Federal Practice, § 30.20[1][b] [ii]; Fed.R.Civ.P. 30(b)(1). <u>The deposition of a non-resident defendant, however, is generally conducted at the defendant's place of residence.</u> *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997). <u>Where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business.</u> *See Snow Becker Krauss P.C. v. Proyectos e Instalaciones de Desalacion, S.A.*, 1992 WL 395598, at * 3 (S.D.N.Y. Dec. 11, 1992). "Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. <u>The defendants, on the other hand, are not before the court by choice.</u>" *Farquhar v. Sheldon,* 116 F.R.D. 70, 72 (E.D.Mich. 1987). In addition, "the plaintiff is generally required to 'bear any reasonable burdens of inconvenience that the action presents.'" *Gulf Union Ins. Co. v. M/V Lacerta,* 1992 WL 51532, at * 5 (S.D.N.Y. March 9, 1992) (quoting

7

*Federal Deposit Insurance Co. v. LaAntillana, S.A.,* 1990 WL 155727, at *1-2 (S.D.N.Y. Oct. 5, 1990).)

*Buzzeo v. Board of Education,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (emphasis added).

Conclusion

The general rule on deposing non-resident corporate officers and agents, an analysis of the relative cost, inconvenience and litigation efficiency, and the Plaintiffs' success in their choice of forum all indicate that Defendants' Motion for Protective Order should be – and Defendants request that it is – granted.

Respectfully submitted,

_____
Jacob D. Zeldes (ct04351)

_____
Joel H. Thompson (ct24654)

Zeldes, Needle & Cooper
A Professional Corporation
1000 Lafayette Boulevard
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: jzeldes@znclaw.com
jthompson@znclaw.com

Attorneys for Defendants

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent facsimile and first class U.S. Mail, postage prepaid, to the following counsel of record:

David Crystal, II, Esq.
Gilbride Tusa Last & Spellane LLC
420 Lexington Avenue
New York, NY  10170-0105

Dated at Bridgeport, Connecticut this 7th day of May, 2004.

_____
Jacob D. Zeldes