UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROBERT PAYNE and PAYNE INVESTMENTS LLC,

    Plaintiffs,

-against-

TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES,

    Defendants.

No. 202CV2234 (AWT)

FILED 2004 MAY 19 A 11:16
U.S. DISTRICT COURT
HARTFORD CT

---

## MOTION FOR RECONSIDERATION ON MOTION FOR ADMISSION OF VISITING LAWYER, JACOB A. STEIN, ESQ.

STATE OF CONNECTICUT  )
                                ) ss:
COUNTY OF FAIRFIELD    )

DAVID CRYSTAL II, being duly sworn deposes and says:

1. Your deponent is a member of the law firm of Gilbride, Tusa, Last & Spellane LLC and submits this Affidavit in Support of the Motion to Reconsider on the Motion for Admission of Visiting Lawyer, Jacob A. Stein, Esq. and in opposition thereto.

2. Your deponent only received the moving papers a short time ago on or about May 12, 2004. Moreover, Counsel for Defendants and the moving party were well aware of the fact that we would oppose their Motion for Admission of Jacob Stein on the basis that he may well be a witness in this case. We intend to take Mr. Stein's deposition in the near future and will do so as soon as a companion Motion by defendants for a protective order is resolved. See deponent's affidavit also attached as Exhibit A.

3. Annexed hereto as Exhibit B is the affidavit of Robert Payne, Plaintiff in this action which sets forth in detail the reasons why Jacob Stein may be a witness.

In light of the foregoing and Mr. Payne's affidavit, we ask the Court to reconsider the Motion and thereafter deny same.

_____
David Crystal II  CT24276

Sworn to before me this
18th day of May, 2004.

_____
Commissioner of Superior Court

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent by Federal Express overnight, postage paid, to the following counsel of record:

>Jacob D. Zeldes, Esq.
>Zeldes Needle & Cooper
>1000 Lafayette Boulevard
>Bridgeport, CT 06601
>(203) 333-9441

Dated at New York, New York this 18th day of May, 2004.

_____
David Crystal II, Esq. CT24276

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROBERT PAYNE and PAYNE INVESTMENTS LLC,

            Plaintiffs,

-against-

TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES,

            Defendants.

No. 202CV2234 (AWT)

---

## AFFIDAVIT IN OPPOSITION TO MOTION FOR ADMISSION OF VISITING LAWYER JACOB A. STEIN

STATE OF CONNECTICUT )
                          ) ss:
COUNTY OF FAIRFIELD   )

DAVID CRYSTAL II, being duly sworn, deposes and says:

1. I am a member of the law firm of Gilbride, Tusa, Last & Spellane LLC. I submit this affidavit in opposition to the motion of the Defendants to have Mr. Stein admitted in this action.

2. Defendants are well aware, as I advised them, that Robert Payne, the individual plaintiff in this action, asserts that he has had discussions with Mr. Stein. These discussions relate to one of the transactions that are involved in this action.

3. In order to accommodate the request that Mr. Stein be admitted to this Court, we offered to take Mr. Stein's deposition, prior to any other testimony, to determine if that he would be contradicting any of Mr. Payne's testimony with respect to discussions they had together. This was refused.

4. It should also be noted that Mr. Stein does not purport to be a trial lawyer whose appearance is required because local Connecticut counsel lacks the experience to prepare the case. Mr. Stein was always presented as the corporate counsel familiar with the workings of the Defendant and even on this motion. Mr. Stein claims it would "simplify reduce the expense of preparing the defense and the pleadings" (and other undefined "papers"). The pleadings in this case, including the defenses being asserted, are already finished. There is no economic hardship in this case.

5. It is respectfully submitted that the motion to admit Mr. Stein should wait until it is clear that Mr. Stein does not contest the discussions he had with Mr. Payne concerning the transactions in this case. If that is, in fact, the case, then his admission might be proper. If the discussions were contested, then the request to admit Mr. Stein would remain improper and should be denied.

_____
David Crystal II  CT2276

Sworn to before me this
___ day of May, 2004

_____
Commissioner of Superior Court

2

Exhibit

B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROBERT PAYNE and PAYNE INVESTMENTS LLC,

        Plaintiffs,

-against-

TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES,

        Defendants.

No. 202CV2234 (AWT)

---

**AFFIDAVIT IN OPPOSITION TO MOTION FOR ADMISSION OF VISITING LAWYER JACOB A. STEIN**

STATE OF CONNECTICUT )
                         ) ss:
COUNTY OF FAIRFIELD  )

ROBERT PAYNE, being duly sworn, deposes and says:

1. I am the individual plaintiff in this action and the sole officer and director of Payne Investments LLC, the other plaintiff, in this action. I submit this affidavit in opposition to the motion to permit the admission of Jacob A. Stein as an attorney to represent the Defendants in this action. I am personally familiar with the facts and circumstances of this case.

2. As admitted by the Defendants, Jacob A. Stein and his law firm have a long-standing relationship with the Defendants, having acted as their corporate counsel. As admitted in the Report of the Planning Meeting, I worked for the Defendants as their Managing Director. Under a written agreement, I was promised certain percentages of the net revenues of certain contracts that resulted from my efforts as well as a variety of other employment benefits. I did not receive all the benefits to which I am entitled to and which I have attempted, unsuccessfully to resolve without litigation before I filed this action.

3. Under the agreement with the Defendants, the bonuses I was to receive were based, in part, on whether or not another executive level employee of defendant "directly assisted" on "contract closure" with respect to any transaction. A copy of that agreement is annexed hereto as Exhibit "A".

4. One of the transactions in this litigation involved a company known as Borden Chemical. As set forth in the affidavit of Mark Schneider (who represented Borden Chemical in the negotiations), after the initial presentation, I was the only representative of the Defendants with whom they had any dealings in coming to contract closure, not once but twice. Nevertheless, Defendants have refused to pay the agreed upon bonus.

5. As noted in the Mark Schneider affidavit, after the first agreement was made with Borden Chemical, they went into bankruptcy and I then negotiated a second agreement on behalf of Defendants with Borden Chemical. During this period of time, due to the legal issues raised by the bankruptcy, I had direct discussions with Jacob A. Stein concerning the Borden Chemical transaction, the

2

bankruptcy and obviously my involvement in the transactions. These discussions were held because Ralph Taylor, the primary owner and principal officer of the Defendants, directed me to have such discussions with Mr. Stein.

6. I am advised that a lawyer should not accept employment under the rules of Professional Responsibility if the lawyer knows or it is obvious the lawyer ought to be called as a witness on behalf of the client. (DR 5-101). In this case, Mr. Stein is seeking admission to act as counsel in this case, knowing that he had discussions with me concerning one of the transactions that is the subject matter of this matter, but refusing to confirm or deny his recollection of these discussions.

7. In addition, since it would appear that the Defendants are contending that some other executive level employee was involved in bringing contract closure on the Borden Chemical transaction despite Mr. Schneider's affidavit that I was the individual who provided the services from Taylor in closing each deal, (See Schneider affidavit, paragraph 10) my sole involvement this does not appear to be an uncontested issue. Unless Mr. Stein was willing to concede that issue, it would appear this continues to be a contested issue. I am advised that counsel for the Defendant has declined the opportunity to determine if Mr. Stein's personal knowledge from his discussions with me and their substance would be uncontested.

8. I do not oppose the admission in this case to counsel who are admitted to practice in Washington D. C. in general, a point I made clear before. Nor do I propose to prevent Mr. Stein from assisting Connecticut counsel. But, it is

3

entirely different for Mr. Stein to be questioning me directly on our discussions together on issues in dispute. Clearly, Mr. Stein is already consulting with Defendants and their counsel on the action. However, this is the first time it has been suggested he also act as trial counsel. Based on my association with the Defendants I am aware that they use many attorneys, both in Washington D. C. and elsewhere around the country. It is ironic that they seek the admission of the one attorney who they asked me to have discussions with (and with whom I discussed) one of the transactions which is controversy in this case.

9. Until such time as it is clear that Mr. Stein does not controvert the discussions I had with him, I believe it is inappropriate for him to appear as counsel in this action.

_____
Robert Payne

Sworn to before me this
18th day of May, 2004

_____
Commissioner of Superior Court