UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | |
| Plaintiffs, | : | NO. 202CV2234 (AWT) |
| -vs- | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| Defendants. | : | MAY 26, 2004 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION FOR ADMISSION OF VISITING LAWYER JACOB A. STEIN, ESQ.**

The Nature of the Proceeding

If plaintiffs maintain they did not have sufficient time to respond to Defendants' Motion for Admission of Visiting Lawyer Jacob A. Stein, Esq., dated May 7, 2004 and file-stamped May 10, 2004, we have no objection to the Court considering, on the merits, the motion to admit Mr. Stein. We maintain, however, that the underlying motion to admit Mr. Stein pro hac vice should be granted.

Plaintiffs state defendants "were well aware…" (1) that plaintiffs opposed the motion pro hac vice and (2) that plaintiffs "…intend to take Mr. Stein's deposition in the near future." (Motion for Reconsideration ¶2). Insofar as plaintiffs thereby suggest that we

somehow hid vital information from the Court by not disclosing plaintiffs' position in the original motion for admission of Mr. Stein, the record is clearly to the contrary. In the motion we stated:

> 3. The undersigned has conferred with counsel for Plaintiffs who <u>opposes this motion on the grounds that Plaintiffs intend to take the deposition of Mr. Stein</u>.
>
> 4. Plaintiffs have not designated the exact area of inquiry they seek to pursue with Mr. Stein in order to see that a stipulation of facts could be accomplished.
>
> 5. In an affidavit submitted to this Court, the individual Plaintiff swore On March 10, 2003 in opposition to the motion to transfer the case:
>
>> 9. I also understand that the defendants intend to use the Washington, DC counsel for this case. I have <u>no objection</u> to such counsel appearing in this Court. But I can see no basis for transferring the case to Washington simply for his convenience.
>
> (Payne 3/10/03 Aff. ¶9) (Emphasis added).

By this response we make these points:

1. Plaintiffs' claims do not justify keeping Mr. Stein from being admitted pro hac vice.

2. Under Local Rule 83.13 there would be no reason for Mr. Stein not to act as counsel for defendants.

3. Plaintiff Payne, when arguing against one motion swore under oath that he had "no objection" to defendants' Washington counsel appearing as counsel in Connecticut. Now arguing against permitting a Washington lawyer -- who he was well aware represents defendants -- to appear, he takes the opposite position. Plaintiffs' objection to Mr. Stein appearing in this Court simply does not pass scrutiny when the earlier affidavit is considered.

I.     PLAINTIFFS' CLAIMS DO NOT JUSTIFY KEEPING MR. STEIN FROM BEING ADMITTED PRO HAC VICE

Plaintiffs claim they offered to take Mr. Stein's deposition earlier, as if that were relevant (Crystal Aff. ¶3). Even though we have no recollection of such an offer, assuming, arguendo, that the offer did exist, it does not justify denial of the motion for admission of Mr. Stein. Plaintiffs claim Mr. Payne and Mr. Stein conferred concerning one transaction. Defendants, on several occasions, have asked what facts plaintiffs seek to establish by questioning Mr. Stein. This was asked, but not answered, to explore whether or not such facts might be agreed upon by stipulation. Moreover, the affidavits attached to the motion for reconsideration do not give such information. Plaintiff Payne states numerous facts -- most of which are completely irrelevant to whether or not Mr. Stein should be admitted pro hac vice. They mostly relate to the merits of the case, not to the pending motion.

- In paragraph 2, Mr. Payne states that he worked for defendants and was entitled to certain compensation that he did not receive.
- In paragraph 3, he speaks to the issue of what he did in order to gain the compensation.
- In paragraph 4, he refers to an affidavit not in the record in this case, which once again deals with whether or not he is entitled to compensation.
- In paragraph 5, he does state that he had "direct discussions" with Jacob Stein concerning the Borden transaction, the bankruptcy and obviously his own involvement in the transaction, but does not identify what he seeks to elicit from Mr. Stein in order to evaluate whether or not there is any dispute of facts requiring Mr. Stein's deposition.

3

II. **UNDER LOCAL RULE 83.13 THERE WOULD BE NO REASON FOR MR. STEIN NOT TO ACT AS COUNSEL FOR DEFENDANTS**

Local Rule 83.13 states:

…A lawyer shall not accept employment in contemplated or pending litigation if he or she knows or it is <u>obvious that he or she</u> or a lawyer in the same firm <u>ought to be called as a witness</u>…

(Emphasis added). Even if it were obvious that Mr. Stein need be a witness, Mr. Stein could still act as counsel…

   (1)   If the testimony will relate solely to an uncontested matter.

   (2)   If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

   (3)   If the testimony will relate solely to the nature and value of the legal services rendered in the case by the lawyer or the law firm to the client.

Local Rule 83.13. Therefore, it is crucial that plaintiffs specify what facts they must elicit from Mr. Stein to block him from acting as counsel.

Plaintiff Payne swears to his understanding of the Rules of Professional Responsibility and states that it is obvious the "lawyer ought not to be called as a witness <u>on behalf of the client</u>" (Payne 5/18/04 Aff. ¶6) (Emphasis added), but defendants express no desire to call Mr. Stein as a witness; it is plaintiffs who claim they will call him as a witness. Mr. Stein, of course, is not plaintiffs' lawyer.

Plaintiff Payne's affidavit argues "Unless Mr. Stein was willing to concede that" Mr. Payne was the only person involved in a specific transaction, Mr. Stein must not be admitted (Payne 5/18/04 Aff. ¶7). But plaintiffs have not stated any facts which are in dispute and of which Mr. Stein has non-privileged knowledge. Certainly, just because "Mr.

4

Schneider" states in an affidavit dehors the record that Mr. Payne was solely responsible for the Borden transaction, doesn't justify plaintiffs taking defendants' lawyer's deposition.

It's clear that under both Local Rule 83.3 and Mr. Payne's understanding of the Rules of Professional Responsibility, there is no basis to deny Mr. Stein's admission.

III.     PLAINTIFF PAYNE, WHEN ARGUING AGAINST ONE MOTION SWORE UNDER OATH THAT HE HAD "NO OBJECTION" TO DEFENDANTS' WASHINGTON COUNSEL APPEARING AS COUNSEL IN CONNECTICUT.  NOW ARGUING AGAINST PERMITTING A WASHINGTON LAWYER -- WHO HE WAS WELL AWARE REPRESENTS DEFENDANTS -- TO APPEAR, HE TAKES THE OPPOSITE POSITION.  PLAINTIFFS' OBJECTION TO MR. STEIN APPEARING IN THIS COURT SIMPLY DOES NOT PASS SCRUTINY WHEN THE EARLIER AFFIDAVIT IS CONSIDERED

In a feeble effort to avoid the contradictory position expressed in his earlier affidavit, Mr. Payne now states that he has no objection to Washington counsel "in general" appearing, but just objects to Mr. Stein acting as a lawyer for defendants.  To say Mr. Payne's prior sworn affidavit refers only to Washington counsel "in general," and doesn't include Mr. Stein (Payne 5/18/04 Aff. ¶8) simply cannot pass scrutiny when it is read against his earlier affidavit when he was trying to keep the case from being transferred to the District of Columbia.  Even now, Mr. Payne fails to identify the counsel "in general" to whom he was referring.

## Conclusion

As to the experience of Mr. Stein, the Martindale Hubbell summary of his career is included with this brief (Tab 1).

For all these reasons, then, if the Court does reconsider its order granting the Motion for Admission Pro Hac Vice, the motion to admit Mr. Stein as a visiting lawyer should be -- and defendants request that it is -- granted.

Respectfully submitted,

_____ /s/
Jacob D. Zeldes


_____ /s/
Joel H. Thompson

    Zeldes, Needle & Cooper, P.C.
    1000 Lafayette Boulevard
    P.O. Box 1740
    Bridgeport, CT  06604
    Tele:  (203) 333-9441
    Fax:   (203) 333-1489
    Email: @znclaw.com
    Juris #69695

Attorneys for Defendants

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent via United States mail, postage prepaid, and facsimile transmission to the following counsel of record:

David Crystal, II, Esq.
Gilbride Tusa Last & Spellane LLC
420 Lexington Avenue
New York, NY  10170-0105

Dated at Bridgeport, Connecticut this 26th day of May 2004.

_____/s/
Jacob D. Zeldes