UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------

ROBERT PAYNE and PAYNE INVESTMENTS   :
LLC,
                    Plaintiffs,        :

                                      No. 202CV2234 (AWT)

        -against-                      :

TAYLOR VISION RESOURCES, TAYLOR
STRATEGIC ACQUISITIONS, TAYLOR        :
STRATEGIC DIVESTITURES, and TAYLOR
FINANCIAL SERVICES LLC, all defendants
collectively operating under the name
TAYLOR COMPANIES,

                    Defendants.



------------------------------------------------------------

**AFFIDAVIT IN OPPOSITION TO MOTION FOR
PROTECTIVE ORDER**

STATE OF CONNECTICUT )
                     ) ss.:
COUNTY OF FAIRFIELD  )

        DAVID CRYSTAL II, being duly sworn, deposes and says:

        1.  I am a member of the law firm of Gilbride, Tusa, Last & Spellane LLC.

attorneys for Robert Payne and Payne Investments ("Payne"). As this Court is

aware, this action was brought by Payne to recover commissions he earned as

an employee of the Defendants based on his written contract.  I submit this

affidavit in opposition to the motion by the Defendants for a protective order

1

seeking to move the deposition of Defendants' employees to Washington D.C.  I am fully familiar with all the facts and circumstances set forth herein.

2.  The present motion is a continuation of the earlier attempt by the Defendants to have this case tried in Washington D.C. on a motion to change venue. That motion was submitted and decided and was denied.  See Exhibit A.[1]

3.  In that motion, the Defendants argued, "with all of the travel and document shipping that would entail, would impose considerable burdens on all of the Taylor employees listed above." (See Affidavit of Kenneth Griffin par. 9). On that motion, the Defendants stated all these people were in their employ, all worked in Washington D.C. or traveled there frequently and without explaining why, claimed their responsibilities were such that if would be a great burden for them to come to Connecticut. That claim was rejected on the motion to change venue.

Ms. Taylor and Ms. Stoltz

3. On this motion, Defendant now claim that two the individuals, Ms. Taylor and Ms. Stoltz, previously identified as an Executive Assistant and the Director of Human Relations and Accounting, respectively, may not be officers, directors or managing agents and therefore need to be subpoenaed.  I can state emphatically, that at no point was this issue ever raised with me, in any of the planning sessions which went were held to prepare the Report previously

---

[1]. The decision of this court has already resulted in savings to the Federal Court system. I am advised by McNeill Stokes, Esq., attorney for plaintiff in a case known as Marc Borrelli v. Taylor Companies and Ralph Taylor in U.S. District Court Northern District of Georgia 1:03-CV-3897, the Defendants, who had been planning on making a motion to change venue, decided not to make it in light of this Court's decision.  It is unfortunate that the Payne matter appears to be the "test" case for Defendants, but it may be hoped that if this motion is denied, the Defendants would be more conservative in listing "witnesses" who may testify at trial in other cases.

submitted to this Court or prior to making this motion.  The absence of such a discussion was clearly not an oversight on the part of the Defendants.  As to some of the commissions sought by Payne, it is now known that it is the position of the Defendants that Payne is not entitled to the compensation he seeks because they claim he was assisted by other individuals employed by the Defendants of "executive level" status.  In order to assert this "defense" it is to Defendants benefit to name as many people as possible as being on the "executive level."  As set forth by Payne in opposition to the motion to change venue, he does not believe that either individual has any personal knowledge of the issues in this case and were added simply to expand the list of "witnesses" to support the motion to dismiss.  Defendants, however, continue to insist that they have knowledge, requiring discovery of these two individuals to be conducted.  Were Defendants to admit that neither Ms. Taylor or Ms. Stoltz were not going to be witnesses, the entire issue would disappear as Payne does not believe they have any personal knowledge.

4. Similarly, if the corporate status of these two individuals were specified by Defendants (and that is not done on this motion, it is merely suggested that it "appears" they may not be directors, officers or managing agents) the issue of whether a subpoena should issue would be resolved.  As this court is aware, Payne's law firm could issue such a subpoena and notice the deposition for Washington D.C. or any number of places within 100 miles of that court, if Defendants insist it is necessary.  We are more than willing to do that if Defendants take the position that the earlier "titles" they claimed these individuals

3

have do not provide them with any power to make independent decisions so that they would clearly not be managing agents, let alone "executive level" employees.

Officers Residing Overseas

5. Similarly, as to the two corporate officers who reside overseas who previously were claimed to travel "frequently" to Washington D.C. Defendants have offered no evidence of the existence of any corporate office overseas that would justify having to take the deposition in France or Canada. This is particularly true when the Defendants admit these individuals travel frequently to this country. In fact, as Defendants admit, the general rule is the deposition should be held at the principle place of business of the Defendant or the forum state, and not the residence of the particular officer.

The Forum Chosen

6. Payne chose to hold the deposition in the forum state. The location chosen was Greenwich Connecticut, which is approximately 35 minutes from LaGuardia Airport, less than an hour from JFK or Newark Airport.[2] The flight from Washington D.C. to New York is approximately an hour. Clearly the location was not chosen to inconvenience the witnesses as they can easily travel up to the deposition, be deposed and return back in one day. As Defendants admit, Payne has offered, in many cases, to do two witnesses on the same day

7. More importantly, however, the Defendants have grossly overstated the "costs" of attending depositions in Connecticut and have rejected (and

---

[2]. Payne was also willing to move the site of the location to his attorneys New York offices, which would be even closer for the Defendants' witnesses.

4

continue to reject) any number of ways that these costs could be reduced. These include

a) the willingness to dispense with witnesses if it stipulated they would not be used at trial. As it is admitted, this was set forth in Payne's opposition to the motion to change venue. At least two of the "witnesses" set forth by the Defendants, as possible "witnesses" are people that the Payne believes do not have a material connection with this case. Defendants admit their "depositions" would be "very brief". However, Defendants continue to insist they are possible witnesses so they have been noticed for depositions. If the Defendants were willing to stipulate these individuals would not be called, Payne would not need to take their depositions.

b) the willingness of Payne to do more than one witness a day. This has actually been offered by Payne from the outset and more than one witness was scheduled for the initial depositions date precisely because it was not expected that some of the "witnesses" named by the Defendants would be that critical and had been named to "pad" the costs of litigation

c) the willingness of Payne to reschedule witnesses for the convenience of the Defendants.

d) Payne was also willing to hold the depositions in our New York office, which is even more conveniently located to three major airports than is the Greenwich office. This would eliminate both travel time and costs for the Defendants.

5

8. However, even if the depositions were held in our Greenwich Connecticut office, the "costs" claimed by Defendants are without any basis. Even when costs are required to be paid to a witness, the witness must take steps to make sure the costs are most economical available. In the case at bar, the Defendants appear to be seeking the most expensive available and added costs that are unnecessary.

9. For example, at present, it is not anticipated that any deposition would go more than a day so there is no reason why any witness would need a hotel and the cost of a reasonable three star hotel in Greenwich is approximately $100.00 a night and Defendants seek more than twice that amount (See Exhibit "B"). Similarly, the cost of airfare from Washington to New York can be less than $250.00 (round trip), about one-fourth the cost claimed by Defendants See Exhibit C. A rental car for a day is less than $80.00 (Exhibit "C") and could easily carry two witnesses to Greenwich, Connecticut or our New York office and back the same day reducing the cost of "cabs" from as much as $500.00 per witness to $40.00. To suggest that one person would need a meal for $130.00 is simply outrageous and further evidence of the Defendant's willingness to manufacture problems. Having "padded" their witness list in an effort to have venue changed, having rejected limiting depositions by eliminating individuals whose testimony they now admit would be "very brief" (assuming their testimony has any relevance whatsoever) have now "padded" their expenses.

10. The Defendants have complained that we did not discuss the time or place for the depositions before noticing them. However, we had discussed a

6

time for doing depositions and set it forth in the Report of the Parties Meeting. All dates were scheduled in accordance with that agreement. The location in Connecticut was the most convenient one we could designate for these witnesses. As noted above, we are willing to do them in our New York office, which is even closer to the three airports the Defendants would use to get to Greenwich. We are also prepared to do them in Hartford, as we have a relationship with a firm in that city, but as Defendants admit, that is even more expensive for them to get to than Greenwich or New York.

11. Taking into account that the attorneys for both sides are located in Connecticut, that the number of witnesses was essentially fixed by the Defendants claim that these individuals all have knowledge of the issues, it is certainly fair to anticipate, in light of the motion practice so far that there will be problems with discovery and that the Defendants employees travel frequently, all factors courts consider before transferring the site of a deposition, holding the depositions in Connecticut would be within the discretion of the Court. This is particularly true when Defendants conceded that during 2001, the Taylor Companies had gross revenues in the range of $10 to $12 million dollars and as set forth in the annexed affidavit of Robert Payne, during the same period of time, his gross income (pre tax) was less than $93,414. This is also a factor in considering whether to move the site from the forum and it weights heavily in favor of Payne.

12. It is respectfully submitted that the decision not to move venue to Washington D.C., was properly denied and that this effort, to reverse part of that

decision, should be denied as well. The Defendants, once again, have exaggerated the costs to themselves of coming to Connecticut for discovery. They have rejected all means to limit those costs (in fact, seek to expand them) and shifting the costs they have created to Payne so, should not reward having done.

13. It is respectivefully requested that the motion be denied in all respects.

David Crystal II (CT24276)

Sworn to before me this
_1st_ day of June, 2004

Commissioner of Superior Court

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------

ROBERT PAYNE and PAYNE INVESTMENTS  :
LLC,

                         Plaintiffs,        :

                                             No. 202CV2234 (AWT)

                                 :

      -against-

                                 :

TAYLOR VISION RESOURCES, TAYLOR
STRATEGIC ACQUISITIONS, TAYLOR
STRATEGIC DIVESTITURES, and TAYLOR   :
FINANCIAL SERVICES LLC, all defendants
collectively operating under the name   :
TAYLOR COMPANIES,

                        Defendants.     :

---------------------------------------------------------------------

## AFFIDAVIT IN OPPOSITION TO MOTION FOR
## PROTECTIVE ORDER

STATE OF CONNECTICUT )
                     ) ss.:
COUNTY OF FAIRFIELD    )

    ROBERT PAYNE, being duly sworn, deposes and says:

    1.  I am the individual plaintiff in this action and sole shareholder of Payne

Investments ("Payne").  I submit this affidavit in opposition to the motion by the

Defendants for a protective order seeking to move the deposition of Defendants'

officers and directors to Washington D.C.  I am fully familiar with all the facts and

circumstances set forth herein.

1

2. At the outset, it should be noted that holding the depositions of the Defendants officers and directors in Connecticut is not a hardship. These individuals travel frequently and the Connecticut office of my attorneys is conveniently located to three major airports. Moreover, a number of the individuals, Ms. Taylor and Ms. Stoltz, being the primary example, were only named because Defendants claimed they were individuals with knowledge of the issues. As previously stated in response to the Defendants motion to change venue, I believe they were added merely to "pad" the list of "witnesses" on the motion to change venue. Now it also appears they were added to increase the costs of discovery.

3. Similarly, as to the two "overseas" employees, they do not, to the best of my knowledge, operate out of an independent office of the Defendants in France or Canada. These individuals, like me, worked out of their home and traveled frequently in connection with work. According to the Defendants, they also traveled "frequently" to Washington D.C. There is no reason why their depositions could not be scheduled around their travel plans.

4. The reason for this motion is clear. As was undisputed on the last motion, in 2001, the Taylor Companies had gross revenues in the range of $10 to $12 million dollars. During the same year, my gross income (pre tax) was less than $95,000.00. The Defendants want to create expense and then shift the expense to me. I respectfully request they not be allowed to engage in such gamesmanship. If Defendants insist that all these individuals have knowledge of

2

the issues and will be witnesses at trial, I should not be the one who has to pay the expenses they have created.

4. It is respectivefully requested that the motion be denied in all respects.


Robert Payne


Sworn to before me this
_____ day of June, 2004


Commissioner of Superior Court

3