UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | |
| | : | |
| Plaintiffs, | : | NO. 2:02CV2234(AWT) |
| | : | |
| v. | : | |
| | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| | : | |
| Defendants. | : | June 17, 2004 |

**DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

The Nature of the Proceedings

Having noticed ten depositions of individuals -- all residing distant from Connecticut -- to take place in Greenwich on seven different dates, Plaintiffs filed their memorandum and affidavit in opposition under date of June 1, 2004. Both papers wrongfully characterize the protective motion as "a continuation of the earlier attempt by Defendants to have the case tried in Washington, DC." (Crystal Aff. ¶ 1; Memo. 2), complain incorrectly that the instant motion was made to delay the case, and are sprinkled with adversarial allegations unbecoming to proceedings in this Court.

By this reply we make the following response:

1. Plaintiffs conflate the change of venue motion and the motion for protective order.

2. There is no need to depose Ms. Taylor and Ms. Stoltz, and thus no issue as to their positions in the company.

3. Plaintiffs' statements that the depositions should not be lengthy favors defendants' position that the depositions be taken in Washington, DC.

## I. PLAINTIFFS CONFLATE THE CHANGE OF VENUE MOTION AND THE MOTION FOR PROTECTIVE ORDER

Plaintiffs wrongfully suggest that the Court's affording Plaintiffs their choice of forum over Defendants' request to transfer is somehow also determinative of where depositions should be taken. They argue baselessly that Defendants' motion is a "continuation of the earlier attempt by Defendants to have the case tried in Washington, DC" (Crystal Aff. ¶ 2), attaching only the Court's ruling on the previous motion in support of that claim and even go outside the record to discuss trial strategy in another case (Crystal Aff. ¶ 2, f.n. 1).

If anything, the fact that the Court weighed the various factors and allowed Plaintiffs to keep their chosen forum strengthens Defendants' motion for protection. Since it is Plaintiffs who had the choice of forum in this case, it is the Defendants who are "not before the Court by choice" *Media Group,* 2000 WL 303221 at *1. Having received the benefits of their choice of forum, it is rightfully the Plaintiffs who should bear the accompanying cost and inconvenience of deposing persons outside the forum.

## II. THERE IS NO NEED TO DEPOSE MS. TAYLOR AND MS. STOLTZ, AND THUS NO ISSUE AS TO THEIR POSITIONS IN THE COMPANY

The issue of Ms. Taylor and Ms. Stoltz no longer merits much discussion, as Defendants have no current plans to call either as a witness. Plaintiffs indicate they decided to take the depositions only because the names of those two individuals were

on Defendants' original witness list. In view of Plaintiffs' current position and our review, Defendants see no need to call either. If that should change, Plaintiffs will be so advised.

### III. PLAINTIFFS' STATEMENTS THAT THE DEPOSITIONS SHOULD NOT BE LENGTHY FAVORS DEFENDANTS' POSITION THAT THE DEPOSITIONS BE TAKEN IN WASHINGTON DC

Plaintiffs' own statement that the depositions should not be lengthy and the fact that there are only eight to be taken, indicates that the appropriate way to resolve the issue is to have the eight depositions taken in Washington, bunched into a few dates the parties can agree upon. In that way, Plaintiffs can make perhaps only one or two trips to Washington, eliminating the at least eight separate trips by the deponents to Greenwich that would be required if the depositions are taken here. Defendants' plan would thus *reduce* delay in the case.

### Conclusion

We decline to respond to some of Plaintiffs' more vitriolic language about our alleged motives and request, for all the foregoing reasons relevant to the issue, that a reasonably protective order be granted in accordance with our request.

Respectfully submitted,

_____/s/
Jacob D. Zeldes (ct04351)

Zeldes, Needle & Cooper, PC
1000 Lafayette Boulevard
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: jzeldes@znclaw.com

Attorneys for Defendants

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent facsimile and first class U.S. Mail, postage prepaid, to the following counsel of record:

David Crystal, II, Esq.
Gilbride Tusa Last & Spellane LLC
420 Lexington Avenue
New York, NY  10170-0105

Dated at Bridgeport, Connecticut this 17th day of June, 2004.

_____/s/
Jacob D. Zeldes

4