UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------X
ROBERT PAYNE and PAYNE
INVESTMENTS LLC,

                  Plaintiffs,

-against-

TAYLOR VISION RESOURCES,
TAYLOR STRATEGIC ACQUSITIONS,
TAYLOR STRATEGIC DIVESTITURES,
and TAYLOR FINANCIAL SERVICES LLC,
all defendants collectively operating
under the name TAYLOR COMPANIES,

                  Defendants.
-----------------------------------------------------------X

FILED

2004 JUN 18  A 11: 23

U.S. DISTRICT COURT
HARTFORD, CT

Index No. 3:02CV2234 (AWT)

**CONFIDENTIALITY
STIPULATION AND ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned and ORDERED that:

1. For purposes of this stipulation and order, "Confidential Information" means any information or document that is designated confidential by a party. A party wishing to designate a document or information Confidential Information shall mark it "Confidential" or otherwise indicate in writing that the document or information shall be treated as Confidential Information pursuant to this stipulation and order. Confidential Information disclosed at a deposition shall be designated as such by asking the stenographer to mark the transcript accordingly. Any party objecting to the designation of material as Confidential Information shall do so in writing within fourteen (14) business days of the receipt of designation of the material as such. If, within ten (10) business days from notice of the objection, the parties cannot resolve the dispute concerning whether

the document or information should be treated as Confidential Information, they shall immediately apply to the Court for a ruling.

2. All Confidential Information shall be used only pursuant to the conditions, safeguards and limitations set forth herein.

3. Confidential Information may be viewed only by the following "Authorized Persons": (1) counsel for the parties who are actually performing work in this matter; (2) any paralegal, investigative or support personnel performing services in this matter; (3) a party to the litigation or any designated officer of the party; (4) any expert retained by the party or its attorney, and (5) any potential witness and their attorney, if any, to be called by a party.

4. Each party shall disclose to all other parties the identity of each Authorized Person.

5. With the exception of counsel for parties, each Authorized Person, prior to viewing any Confidential Information, shall sign a written acknowledgement as follows:

> I have received and read a copy of the Stipulation and Order dated _____ entered in Payne, et al. v. Taylor Vision Resources, et al. and understand and agree to be bound by its terms. I understand that any violation of the Stipulation and Order will constitute contempt of a court order and be punishable accordingly.

6. Except as otherwise provided herein or upon written authorization from the Court, no Authorized Person shall communicate any Confidential Information or anything contained in the Confidential Information to anyone other than to other Authorized Persons.

7. Whenever any documents or portions thereof designated Confidential Information are made part of a motion or other application to the Court or are offered at any trial or hearing by any party, that party will offer such documents or portions thereof under seal, and all testimony, whether taken at deposition or at trial, which might reveal Confidential Information will likewise be offered under seal, unless otherwise agreed to by the attorneys for the party that produced the Confidential Information, or unless the Court orders otherwise.

8. This stipulation is without prejudice to the right of any party to apply to the Court for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information.

9. In the event either party asserts that there has been a violation of this stipulation and order, any action or request for sanctions or other remedies will be made against the individual or individuals directly responsible for such alleged violation.

10. Each Party consents to the submission of this Stipulation to the Court to be "So Ordered", at any time during the pendency of the Action.

11. Within thirty (30) days following the termination of the Action, including any appeals, all Confidential Discovery Material, including all copies, excerpts, notes and other materials containing or summarizing information derived therefrom, shall be returned to the producing Party's attorneys or, upon their consent, destroyed, and all persons who possessed such material shall verify in writing its return or destruction at the sole cost of the party so requesting

the return of as aforesaid.

GILBRIDE, TUSA, LAST & SPELLANE LLC

By: _____
David Crystal II (CT24276)
Gilbride, Tusa, Last & Spellane LLC
420 Lexington Avenue
New York, New York 10170
(212) 692-9666

Attorneys for Plaintiffs Robert Payne,
et al.


ZELDES NEEDLE & COOPER

By: _____
Jacob Zeldes
Zeldes, Needle & Company
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06604
Juris #69695

Attorneys for Defendants Taylor
Vision Resources, et al.

SO ORDERED

_____