UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROBERT PAYNE and PAYNE INVESTMENTS:
LLC,

        Plaintiffs,

    -against-

TAYLOR VISION RESOURCES, TAYLOR
STRATEGIC ACQUISITIONS, TAYLOR
STRATEGIC DIVESTITURES, and TAYLOR
FINANCIAL SERVICES LLC, all defendants
collectively operating under the name
TAYLOR COMPANIES,

        Defendants.

No. 202CV2234 (AWT)

---

## PLAINTIFF'S MOTION TO REOPEN CASE

Plaintiffs Robert A. Payne and Payne Investments LLC ("Plaintiff") hereby move to reopen the above captioned case on the grounds that Plaintiffs' counsel did not receive the notice of this court dated March 23, 2006 and subsequent Judgment dated May 2, 2006 as more fully set forth in the Affidavit of James P. Donohue, an attorney representing Plaintiffs.

The undersigned has spoken with Attorney Sarah W. Posten, counsel to the Defendants, and she has stated that Defendants will oppose this motion.

                      _/s/_____
                      David Crystal II (ct24276)
                      James P. Donohue, Jr.

                      Gilbride Tusa Last & Spellane LLC
                      708 Third Avenue
                      New York, NY 10017
                      (212) 692-9666
                      Fax (212) 661-6328
                      Email: jpd@gtlsny.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROBERT PAYNE and PAYNE INVESTMENTS LLC,

          Plaintiffs,

    -against-

TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES,

          Defendants.

No. 202CV2234 (AWT)

---

**AFFIDAVIT IN SUPPORT OF
MOTION TO REOPEN**

STATE OF NEW YORK  )
                          ) ss.
COUNTY OF NEW YORK )

    JAMES P. DONOHUE, JR. being duly sworn, deposes and says:

    1. I am a member of the law firm of Gilbride Tusa Last & Spellane LLC, attorneys for the Plaintiffs, in this action. I submit this affidavit in support of the Plaintiffs motion to reopen this case in light of the fact that the direction or the court of March 23, 2006 (Exhibit A) and the subsequent order (Exhibit B) were never received by this firm, a problem only recently discovered and which we

1

have given instructions to the clerk to correct and it is presumed is now corrected (Exhibit C)

2. As set forth in that letter (Exhibit C), the e-mail address in the clerk's files for service on this firm was not the e-mail for the two attorneys assigned to this case or for that matter, for anyone in the office. An e-mail sent to the identification in the clerk's files would have been rejected. E-mails for this firm normally have the attorneys initials before the "@" sign and the initials of the firm "GTLS" followed by the designation "NY" or "CT" depending on which office the attorney is normally present in. The e-mails that make up Exhibit "A" and Exhibit "B" were both sent to the initials "PG" which is not a designation for any attorney in the office. It is believed this was the designation used by a former secretary, of the office (who had been instructed to make sure, and claimed she had, made sure, that any such designations were changed to make sure they went to "DC" or "JPD".

3. It was only last week, in looking for a copy of the court's order of August, 2005, (Exhibit D) that it was discovered that there had been two additional directions, in March and April of 2006, which were never received.[1]

4. The first of those two e-mails sought the status of the matter. The status of the matter, as it was believed to be (not knowing of the court's order) was as follows:

---

[1] . A further distraction occurred at the same time as these orders were issued. The undersigned's mother, who resided in Florida, had physically declined and was diagnosed with cancer in December 2006 to which she succumbed in April of 2006. From December, 2005 to May, 2006, the undersigned (who, was not only a son, but also acted under a power of attorney and as co-trustee of her finances) made at least one trip each month to Florida to deal with medical, financial and eventually funeral and estate matters

2

a) All initial document production had been completed.

b) All fact witnesses had been deposed.

c) During depositions, both sides identified several other documents, limited in number and scope, which they asked to be produced. Plaintiff had produced what was requested. Defendant had not.

d) As a result of Defendant having made part payments on some of the Plaintiff's claims, there were no dispositive motions to made, with the possible exception of interest due Plaintiff on the late payments by Defendant on the amounts the Defendant eventually admitted were owed, which made up only part of Plaintiff's claim

e) Plaintiff had produced an expert's report (Exhibit E). Defendant has not, nor is expected Defendant will be doing so.

f) Plaintiff had begun work on the Joint Trial Memorandum (Exhibit F) which had not been finalized awaiting the documents that Defendant was going to produce, which would impact the sections of the depositions and potentially the exhibit list. No input from Defendant had yet been sought, awaiting such documents.

5. At no time did the Plaintiff intend to abandon this action or ignore the direction of the court. We were simply unaware of the court's direction. Moreover, what we had been expecting, a date for the submission of the Joint Trial Memorandum, never materialized

6. Previous orders of the court had always fixed a date for the filing of the Joint Trial Memorandum, but the order in August had not indicating that "A Joint Trial Memorandum Order will be issued after the dispositive deadlines had passed". In the summer of 2005, as we were awaiting Defendant's response to the documents requested, Defendant's counsel expressed his belief that we were waiting for the court to give us a date for the filing of the Joint Trial Memorandum, since none had been set forth in the August decision. The position seemed reasonable, but it was anticipated that when the order issued, it would fix a date

3

for the filing of a Joint Trial Memorandum, which would likely be lengthy, which is why, its drafting was begun, even without having the date fixed. As can be seen, such a date was not fixed, nor as it turns out, would this firm have been aware of it in light of the e-mail problem, unless counsel for Defendant contacted us.

7. It is respectfully requested that the court reopen this matter and fix a date for the filing of the Joint Trial Memorandum.  There is no prejudice to the Defendants, who, assuming they got the March, 2006 directive, said nothing and were certainly aware the Plaintiff was not abandoning his claims.

James P. Donohue, Jr.

Sworn to before me this
24th day of July, 2006.

DAVID CRYSTAL II
NOTARY PUBLIC, STATE OF NEW YORK
No. 31-0910025 02CR0816625
Qualified in New York County
Commission Expires Dec. 31, 2007

4

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via regular mail, postage prepaid, to the following counsel of record:

Sarah W. Poston, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06604
(203) 333-9441

Dated at New York, New York this 25th Day, 2006

David Crystal II