UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : : : | Civil Action |
| Plaintiffs, | : : | No. 3:02 CV 2234 (AWT) |
| v. | : : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : : : : : : : : : | |
| Defendants. | : | August 21, 2006 |

## **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN**

Defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures, and Taylor Financial Services LLC (collectively "Taylor"), submit this memorandum in opposition to plaintiff's Motion to Reopen Case filed on July 31, 2006 ("Motion to Reopen"). For the reasons set forth below, Taylor respectfully submits that plaintiffs have not established good cause for the relief requested.

## **I. INTRODUCTION**

The Motion to Reopen involves a straightforward factual situation and requires determination of a single issue: whether plaintiffs have provided this Court with legitimate and sufficient "cause" to rescind a judgment entered pursuant to Local Rule 41(a). The Motion to Reopen also is based on a single

proposition: "Plaintiff's counsel did not receive the notice of this court dated March 23, 2006 and subsequent Judgment dated May 2, 2006." Motion to Reopen at 1. As this statement is untrue, and further given the absence of any other legitimate grounds for rescinding the Court's Judgment, the Motion to Reopen should be denied in all respects.

## II. FACTUAL BACKGROUND

Following more than six months of inaction in this matter, on March 27, 2006, the Clerk issued the following notice of electronic filing:

> NOTICE TO COUNSEL – Dismissal due by 4/12/06. Signed by Clerk on 3/23/06. (Ferguson, L.)

Affidavit of Douglas J. Varga dated August 21, 2006 ("Varga Aff."), filed contemporaneously herewith, at ¶ 5 and Ex. A. Attached to the electronic notice was a document entitled "NOTICE TO COUNSEL PURSUANT TO LOCAL RULE 41(a)," entered on March 23, 2006 and stating, in relevant part, as follows:

> The case below is subject to being dismissed under this rule. Unless a satisfactory explanation of why it should not be dismissed is submitted to the court within twenty (20) days of the date of this notice, by April 12, 2006, it will be dismissed.

Plaintiffs took no action in response to the NOTICE TO COUNSEL, and on May 3, 2006, the Clerk issued the following notice of electronic filing:

> JUDGMENT  Signed by Clerk on 5/2/06 (Blue, A.)

Varga Aff. at ¶ 6 and Ex. B. Attached to the electronic notice was a document entitled "JUDGMENT" entered on May 2, 2006 and stating as follows:

2

> Notice having been given on March 23, 2006 to counsel of record of the proposed dismissal of this case pursuant to Rule 41 of the Rules of Civil Procedure for the United States District Court for the District of Connecticut, and no action having been taken and no satisfactory explanation having been submitted to the court within twenty (20) days there-after,  It is accordingly ORDERED that this case be and is hereby dismissed for want of prosecution.

As plainly and accurately stated on the face of the documents, the Clerk's office electronically served both the NOTICE TO COUNSEL and the JUDGMENT on the following counsel of record:

| | |
|---|---|
| David Crystal, II | pg@gtlsny.com, |
| James P. Donohue, Jr. | jpd@gtlsny.com, |
| Sarah W. Poston | sposton@znclaw.com, |
| Douglas John Varga | dvarga@znclaw.com, hpucillo@znclaw.com |
| Jacob D. Zeldes | jzeldes@znclaw.com |

Varga Aff. at ¶¶ 5, 6 and Exs. A, B.  In short, after advance written notice to all counsel for all parties, this case was dismissed by this Court pursuant to Local Rule 41(a) and, on May 2, 2006, judgment entered for the defendants.

### III.  **ARGUMENT**

Plaintiffs seek to have this case reopened based entirely on the contention that their counsel did not receive either the NOTICE TO COUNSEL dated March 23, 2006, or the JUDGMENT dated May 2, 2006.  Were this truly a case solely involving justifiable error or excusable mistake by counsel for the plaintiffs, Taylor likely would not have been compelled to object to plaintiffs' Motion to Reopen.  Unfortunately, plaintiffs have based their Motion to Reopen on patently false and easily-refutable factual assertions in a rather obvious attempt to blame the Clerk's office for counsels' inattention to the Court's Notices, Orders, and Docket.

3

Plaintiffs' counsel – like Taylor's counsel -- have been receiving the Court's electronic notices at the same e-mail addresses without complaint for over two years. Nevertheless, by correspondence dated July 19, 2006, they advised the Clerk's office of the need to "revise" one e-mail address and to "add" another. See Affidavit in Support of Motion to Reopen dated July 24, 2006 ("Donohue Aff."), Ex. C. Because counsel at all times received notices at addresses they provided to the Clerk's office, the only logical conclusion is that counsel wrote this letter to contrive an appearance of confusion or incompetence on the part of the Clerk's office.

The Court's own documents, and all other circumstances, irrefutably establish that plaintiffs' counsel <u>did</u> receive the NOTICE TO COUNSEL dated March 23, 2006, as well as the JUDGMENT dated May 2, 2006.[1] Plaintiffs' attempt at best to ignore – and at worst to affirmatively conceal – those facts has compelled this opposition.

**A.    Local Rule 41(a)**

Local Rule 41(a) provides as follows:

> **(a) For Failure to Prosecute.** In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any. If such notice has been given and no action has been taken in the action in the meantime, and no satisfactory explanation submitted to the Court within twenty (20) days thereafter, the Clerk <u>shall</u> enter an order of

---

[1]   This Court obviously may take judicial notice of the information contained in the CM/ECF electronic document filing system. See Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1207 (C.D. Cal. 2004) (taking judicial notice of documents available on court's PACER electronic interface). Based on Taylor's counsel's communications with representatives of the Clerk's office, the Clerk's records reflect that all notices, including the March 23, 2006 NOTICE TO COUNSEL and the May 2, 2006 JUDGMENT, were received by pg@gtlsny.com and jpd@gtlsny.com.

> dismissal.  <u>Any such order entered by the Clerk under this Rule may be suspended, altered, or rescinded by the Court for cause shown</u>.

D. Conn. Local Civil Rule 41(a) (emphasis added).  Although plaintiffs do not identify the legal basis for their Motion to Reopen, they appear to assert that their purported non-receipt of the NOTICE TO COUNSEL dated March 23, 2006 constitutes "cause" under Local Rule 41(a) for suspension, alteration or rescission of the Court's May 2, 2006 Judgment.

    The Local Rules themselves do not elaborate as to the nature of "cause" sufficient to warrant the reopening of a case following dismissal under Rule 41(a).  It is clear that it is well within the Court's discretion to dismiss a case under this Rule.  <u>United States, ex rel. Drake v. Norden Systems, Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004).  While several factors may be considered, none of them is dispositive, and the record as a whole must be considered.  <u>Id</u>.  Egregious or contumacious conduct by a party weighs in favor of dismissal.  <u>Id</u>. at 258.  Absent any evidence beyond plaintiffs' counsel's Affidavit to support their claim that they did not receive the NOTICE TO COUNSEL dated March 23, 2006, however, plaintiffs have offered no cause whatsoever for suspension, alteration or rescission of the judgment.

5

**B.     Plaintiffs' Claim That Their Counsel Did Not Receive
the NOTICE TO COUNSEL and JUDGMENT is Insupportable**

When it issued the March 23, 2006 Notice to Counsel, the Court notified the parties of its action by e-mail through its Case Management/Electronic Case Filing System ("CM/ECF").  Under CM/ECF, parties who provide e-mail addresses to the Court are "added to the CM/ECF System to allow the court to provide electronic notice of orders, rulings and docket activity."  United States District Court, District of Connecticut, Electronic Filing Policies and Procedures (Rev. December 1, 2004) ("Guidelines") § VI.A.[2]  "Upon registration and the assignment of a login and password, <u>attorneys consent to the electronic notice and service of all documents, and shall make available e-mail addresses for service</u>."  Id. at § VI.C (emphasis added).  Similarly, "[a]ll orders, decrees, judgments and proceedings of the court will be filed in accordance with these rules, which will constitute entry on the docket kept by the clerk."  Id. at § XII.  "In addition to receiving e-mail notifications of filing activity, <u>counsel are strongly encouraged to sign on the CM/ECF system at regular intervals to check the docket in their case</u>."  Id. at § VI.C (emphasis added).

Plaintiffs have been represented in this case by Attorneys David Crystal II and James P. Donohue, each of whom registered in the CM/ECF system and thereby consented to service of Court notices via e-mail transmission.  The two electronic notices at issue in the Motion to Reopen include a list of the attorneys to whom the notices were transmitted, along with their e-mail addresses.  This list

---

[2]  A true and correct copy of the Guidelines is attached to this memorandum at Tab A.  The Guidelines do not <u>require</u> counsel to receive e-mail service, and indeed they permit withdrawal from the system for those who seek to undo their registration.  Guidelines at §VI.D.

6

-- which conveniently was omitted from the documents offered in support of the Motion to Reopen – clearly includes the name "James P. Donohue, Jr." with an e-mail address of "jpd@gtlsny.com," as well as the name "David Crystal, II" with an e-mail address "pg@gtlsnyl.com."  Varga Aff. at ¶¶ 5, 6 and Exs. A, B.  Both the NOTICE TO COUNSEL dated March 23, 2006 and the JUDGMENT dated May 2, 2006 in fact were electronically mailed to, and received by, Attorney Donohue at jpd@gtlsny.com,  and to Attorney Crystal at pg@gtlsny.com,  as plainly reflected in the Court's own electronic notices. [3]

The history of this case further confirms that plaintiffs' counsel in fact received the Court's NOTICE TO COUNSEL dated March 23, 2006 and the JUDGMENT dated May 2, 2006.  The parties have received court notices and orders via e-mail without incident since at least July 16, 2004. [4]  At no time since that date (prior to the filing of Attorney Donohue's Affidavit in support of the Motion to Reopen) has either Attorney Donohue or Attorney Crystal given any hint of a failure to receive an e-mail notice or order from the Court.  Varga Aff. At ¶ 4.  Indeed,  Attorney Donohue appeared at a September 14, 2004 settlement conference, for which the <u>only</u> notice was sent by the Court via e-mail on July 19, 2004.  Varga Aff., Ex. C at 8.

---

[3] Taylor's counsel has conferred by telephone with Chrystine W. Cody, Deputy in Charge of the Bridgeport Clerk's office, and Tanya Graham Nobile, Assistant Systems Manager in the Clerk's office in New Haven.  Ms. Cody and Ms. Graham Nobile confirmed that the Court's records reflect the transmission of, and receipt by Attorneys Donohue and Crystal of, the subject electronic notices at the pg@gtlsny.com and jpd@gtlsny.com e-mail addresses, respectively.  Varga Aff. at ¶¶ 7, 9, 10. Taylor respectfully suggests that the Court verify this information by contacting the Clerk's office directly, as other courts have done in similar circumstances.  See, e.g., Tamayo v. Santander Bank, 2006 WL 346320 (D.P.R. Feb. 14, 2006).

Given the foregoing circumstances, there can be no doubt that Attorney Donohue and Attorney Crystal received both the March 23, 2006 NOTICE TO COUNSEL and the May 2, 2006 JUDGMENT via e-mail, as stated on the face of the Court's notices of those filings.  See Laster v. District of Columbia, 2006 WL 1982291 at *4 (D.D.C. July 17, 2006) (rejecting as "unacceptable and unconvincing" a party's claim that it had not received notice of a court opinion issued the day before due to a failure of the Court's electronic filing system.). [5]

**C**.    **No Suspension, Alteration, or Rescission of the Court's Dismissal Order or Judgment is Warranted Under the Circumstances**

    **(1)    Plaintiffs Cannot Establish Good Cause Based on the Clerk's Office's Purported Failure to Submit Proper Notice.**

As noted above, Plaintiffs' Motion to Reopen is premised entirely on the following factual representation:  "Plaintiff's counsel did not receive the notice of this court dated March 23, 2006 and subsequent Judgment dated May 2, 2006."  Motion to Reopen at 1.  This statement simply is not true.  Unfortunately, plaintiffs' counsel have made numerous misleading statements to this Court in an apparent effort to distract its attention from the objectively-undeniable fact that they received the court notice and judgment at issue.  In his Affidavit, for example, Attorney Donohue states that "the e-mail address in the clerk's files for service on this firm was <u>not</u> the e-mail for the two attorneys assigned to this case or for that matter, for anyone in the office."  Donohue Aff. at ¶ 2 (original emphasis).  Attorney Donohue then refers to a letter dated July 19, 2006,

---

[4]  According to the Clerk's office, the initial electronic notice in this matter addressed to pg@gtlsny was transmitted in July of 2004, and the initial electronic notice in this matter addressed to spd@gtlsny was transmitted in September of 2004.  Varga Aff. at ¶ 10.

addressed to Ms. Jane Bauer at the United States District Court in Hartford, and signed by David Crystal. The letter states, in part: "[w]e are informed by the Clerk's office that the e-mail address you have is pg@gtlsny.com. This is incorrect and thus we did not receive the e-mails. . . We would also request that you add another e-mail address for us which is jpd@gtlsny.com." Donohue Aff., Ex. C.

As noted above, the Court's own documents directly contradict this statement and corollary request:

- Attorney Donohue's e-mail address (jpd@gtlsny.com), far from needing to be added to the Court's records in this case in July of 2006, actually has been on the service list for this case continuously since at least September of 2004 and clearly was on the service list during the time period at issue in plaintiff's motion (March through May of 2006). Varga Aff. at ¶ 10 and Exs. A, B.

- Attorney Crystal's e-mail address (pg@gtlsny.com), now reported to be incorrect, has been on the Court's service list without apparent complaint by plaintiffs' counsel since at least July of 2004. Varga Aff. at ¶ 10 and Exs. A, B.

- Attorney Donohue states that the NOTICE TO COUNSEL dated March 23, 2006, and the JUDGMENT dated May 2, 2006, "would have been rejected" if sent to the pg@gtlsny.com address. Donohue Aff. at ¶ 2. This statement is contrary to the information provided by the Clerk's office. Varga Aff. at ¶¶ 7, 9, 10 and Exs. A, B.

In an apparent bid to excuse their failure to act, plaintiffs' counsel also seek to shift culpability to a now-departed staff person. As Attorney Donohue explains, "It is believed [the pg@gtlsny.com address] was the designation used by a former secretary, of the office (who had been instructed to make sure, and claimed she had, made sure, that any such designations were changed to make

---

[5] Copies of unpublished district court decisions are attached hereto at Tab B.

9

sure they went to 'DC' or 'JPD'". Donohue Aff. at ¶ 2. These reported events, not unlike the excuse offered by counsel in <u>Fox. v. American Airlines, Inc.</u>, 389 F.3d 1291, 1294 (D.C. Cir. 2004), smack of "the dog ate my homework" and are, at best, difficult to believe. Disingenuousness of this kind is sufficient basis, in and of itself, to deny plaintiffs' Motion to Reopen.

Furthermore, even if the statements in Paragraph 2 of the Donohue Affidavit are true on their face, Attorney Crystal is the registrant under the CM/ECF system, and he alone is responsible for assuring the accuracy of the e-mail address on file with the Court. <u>See</u> <u>Guidelines</u> at § VI.C (specifying that by providing e-mail addresses to the Court, attorneys consent to receive notices at those addresses).

In <u>Thedoropoulos v. Thompson-Starrett Co.</u>, 418 F.2d 350, 354 (2d. Cir. 1969), the plaintiff moved to vacate a judgment entered against it on the theory that its counsel either lost the postcard notice mailed to him, or that the postcard was received by counsel's office but never properly delivered to counsel. The Second Circuit held that the trial court's dismissal "was proper despite the fact that the plaintiffs claim[ed] their counsel did not receive actual notice of the relevant orders and thus were unable to file a note of issue within any of the specified times, and despite an absence of a showing of specific prejudice to the defendants." <u>Id.</u> at 353. Plaintiff counsel's negligent treatment of the notifications sent to it by the court, coupled with its failure to check the docket or to make any other inquiry with the court until it was too late, "was clearly a case of inexcusable neglect and plainly warranted the denial of the subsequent motion

10

to vacate." Id. at 354; see also Edwards v. Government of Virgin Islands, 2001 WL 569132 at * 2 (D. V.I. 2001) ("Attorney Dollison's belated attempt to foist the blame on the clerk's office for what is the likely result of intra-firm personnel issues is not well-taken. The Court is also somewhat disturbed by the fact that in his arguments for reinstatement of the appeal, counsel chose not to acknowledge the possibility that the lapse was due to his own error.  At bottom, the "unfortunate set of circumstances" at work here is not any clerical or administrative error, but rather that Edwards' counsel failed to check the docket in his case for at least sixty days, if not more.") (emphasis added). [6]

Finally, Attorney Donohue's description of the status of this case as of March 23, 2006 is riddled with misleading statements.  The most egregious of these is the assertion that as of that date, "[p]laintiff had produced an expert's report," Donohue Aff. at ¶ 4(e), and the attachment of Exhibit E to the Affidavit, which purports to be the Report of David B. Epstein of Bentley Associates, L.P. dated March 7, 2006.  Not only had Taylor's counsel not been provided this report on or near March 7, 2006, but they had neither seen nor heard of any such expert report at any time prior to receiving a copy of Attorney Donohue's Affidavit.  Varga Aff. at ¶ 11.

---

[6]  Taylor and its counsel are wholly sympathetic to the personal circumstances which may have interfered with Attorney Donohue's attention to this and other matters during the first months of 2006. See Donohue Aff. at ¶ 3, n.1.  Taylor submits, however, that those circumstances -- while perhaps constituting legitimate grounds for an extension of the period to respond to the March 23 NOTICE TO COUNSEL and/or an extension of other deadlines in this case, or even other consideration -- did not absolve Attorney Crystal, Attorney Donohue or their firm from responsibility for responding to Court notices.  Moreover, these circumstances in no sense justify or excuse plaintiffs' current fanciful attempt to mislead the Court into believing that the Clerk's office – not counsel – bear responsibility for the inattention to this Court's Notice and Order of Judgment.

Plaintiffs' deadline for disclosure of an expert witness expired on June 21, 2005 -- nine months before the date appearing on the report of plaintiffs' purported expert. In light of plaintiffs' apparent decision to forego expert testimony at trial, defendants allowed their deadline for disclosure of an expert witness to pass as well. It is inexcusable for plaintiffs' counsel now to turn up an expert report bearing a March 7, 2006 date and to represent – again with no supporting documentation – that defendants' counsel had been provided a copy. Counsel compounds this error by his bald, unsupported, and disputed statement that "[d]efendant (sic) has not [submitted an expert report], nor is (sic) expected Defendant will be doing so." Donohue Aff. at ¶ 4(e).[7] Finally, Mr. Donohue's claim that "[d]efendants. . . were certainly aware the Plaintiff was not abandoning his claims" similarly is without foundation. Donohue Aff. at ¶ 7. In fact, Taylor's counsel had good reason to believe that plaintiffs had abandoned their claims in this case. Varga Aff. at ¶¶ 12-14.

**(2) Plaintiffs Could not Establish Cause Even If They Could Establish That The Clerk's Office Failed To Submit Proper Notice.**

Even if -- contrary to the overwhelming evidence recited above -- the Court were to determine that plaintiffs' counsel truly did <u>not</u> receive the NOTICE TO COUNSEL dated March 23, 2006, the Court's Judgment should not be disturbed. First, counsel using the CM/ECF system have been expressly warned by the <u>Guidelines</u> of their obligation to check the dockets in their cases

---

[7] In the context of these misrepresentations, Attorney Donohue's claims that the Joint Trial Memorandum was already underway as of March 23, 2006 must also be viewed with suspicion. Certainly, defendants' counsel was never made privy to, or even aware of, any such draft until they were served with Mr. Donohue's Affidavit.

periodically, whether or not they are aware of activity in those cases. Guidelines at § VI.C. This is consistent with the law in this Circuit and elsewhere which, quite appropriately, obligates attorneys to monitor the court docket in pending litigation. See, e.g., United States ex rel. McAllan v. City of New York, 248 F.3d 28, 53, cert. denied, 535 U.S. 929 (2d. Cir. 2002) ("Parties have an obligation to monitor the docket sheet to inform themselves on the entry of orders."); Avolio v. County of Suffolk, 29 F.3d 50, 52 (2d Cir.1994) ("The mere failure to discover that ... judgment ha[s] been entered, even when the clerk ha[s] failed to mail a notice of judgment …, does not constitute excusable neglect."); In re O.P.M. Leasing Services, Inc., 769 F.2d 911, 916 (2d Cir. 1985) (district court did not abuse its discretion in denying motion to file untimely appeal where counsel was unaware of court's ruling and alleged they had never received a copy because counsel has a duty to monitor the court's docket); Mennen Co. v. Gillette Co., 719 F.2d 568, 570 (2d. Cir. 1983) ("It is customarily the duty of trial counsel to monitor the docket . . ."); see also Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64-65 (1st Cir. 2001) (a litigating attorney has a duty to monitor the progress of his case on the court's docket and cannot delegate that responsibility to the court or to opposing counsel); Norgaard v. DePuy Orthopedics, Inc., 121 F.3d 1074, 1075 (7th Cir. 1997) (ignorance of the court's docket "is nothing but negligence, which does not justify untimely action"). An attorney's obligation to monitor the docket may not be neglected simply because the parties are not expecting entry of an order or judgment at a certain time. See In re O.P.M. Leasing Svcs., Inc., 769 F.2d 911, 916 (2d Cir.1985).

Courts do not look kindly on the type of arguments plaintiffs advance here; that is, failure to act because of alleged defective electronic communications from the court. In <u>Laster v. Dist. of Columbia</u>, 2006 WL 1982291 (D.D.C. 2006), for example, the court refused to vacate a judgment against defendants who, among other things, claimed that they never received e-mail notice of one of the court's memorandum opinions. The court held that "[t]he excuse that the electronic case filing system was malfunctioning is unacceptable and unconvincing" and reminded the defendants that "[i]t is a party's duty to monitor the docket <u>regardless of a lack of email notification</u>." <u>Id</u>. at *4 (emphasis added) (quoting <u>Fox v. American Airlines, Inc.</u>, 389 F.3d 1291, 1294 (D.D.C. 2004)).

Finally plaintiffs' attempt to blame the Clerk's office for their failure to respond to electronic notices is inexcusable. <u>See</u>, <u>e.g.</u>, <u>Israel v. State of Illinois Dept. of Public Health</u>, 2006 WL 452454 (C.D.Ill. Feb. 22, 2006) ("The Plaintiff blames the Clerk for not changing his address, even though he failed to file a notice of change of address until June 22, 2005, when he filed the document which is now at issue. This was almost six months after the Plaintiff claims that his address changed. The Court finds that extending or reopening the time for the Plaintiff in which to file an appeal would result in other parties being prejudiced. It would prejudice those parties who keep the Court informed as to their whereabouts and closely monitor the docket."); <u>Stella v. Mineta</u>, 231 F.R.D. 44, 48 n.7 (D.D.C. 2005) ("The only explanations which Plaintiff's counsel offers for these violations are the failure of his computer, and the failure of the court's CM/ECF electronic case filing system to deliver notice of the court's orders. The

former explanation does not explain either Plaintiff's prolonged inattention to this action, or her repeated violations of the court's rules and orders. With respect to the latter explanation, the District of Columbia Circuit has held that '[r]egardless whether [counsel] received the e-mail notice, he remained obligated to monitor the court's docket.'") (quoting Fox v. American Airlines, Inc., 389 F.3d 1291, 1294 (D.D.C. 2004)).

    The bottom line is that plaintiffs' counsel offer no compelling (or even credible) excuse for their failure to respond to the court's actions in this case. Counsel claims that "the e-mail address in the clerk's files for service on this firm was not the e-mail . . . for anyone in the office," then hedges this statement, noting that "[i]t is believed this [e-mail] was the designation used by a former secretary [] of the office." Donohue Aff. at ¶ 2. While it seems clear that counsel in fact received the court's electronic notices, counsel's failure to update its contact information with the clerk's office or, alternatively, their failure to adequately monitor the communications coming into its offices, constitutes inexcusable neglect. See Thedoropoulos, 418 F.2d at 354. Furthermore, counsel should have been monitoring the docket and should have seen the dismissal notice that the court posted 36 days before it entered judgment in the case – and more than four months before plaintiffs' counsel took any action in response. See McAllan, 248 F.3d at 53; Mennen Co., 719 F.2d at 570.

## IV. **CONCLUSION**

There may be a reason for plaintiffs' failure to monitor the Court's Docket or to respond to the Court's electronic notices, but plaintiffs have failed to offer any that make sense or are factually-supportable.  Moreover, plaintiffs' have exacerbated their inattention to this matter by attempting to shift the blame to the Clerk's office and by making factual misrepresentations that denude their position of any measure of equitable consideration.

No justifiable "cause' exists for granting plaintiff's any relief under the circumstances presented here.  Taylor submits that the Motion to Reopen should be denied in all respects.

        Respectfully submitted,

        DEFENDANTS
        TAYLOR VISION RESOURCES,
        TAYLOR STRATEGIC ACQUISITIONS,
        TAYLOR STRATEGIC DIVESTITURES,
        and TAYLOR FINANCIAL SERVICES
        LLC

By: /s/Douglas J. Varga
     Douglas J. Varga (ct18885)

        ZELDES, NEEDLE & COOPER, P.C.
        1000 Lafayette Blvd.
        P.O. Box 1740
        Bridgeport, CT 06601-1740
        Telephone:  203-333-9441
        Facsimile:  203-333-1489
        E-Mail:  dvarga@znclaw.com

Their Attorneys

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

> James P. Donohue, Jr., Esq.
> David Crystal II, Esq.
> Gilbride Tusa Last & Spellane LLC
> 420 Lexington Avenue
> New York, NY  10170-0105
>
> Jacob A. Stein, Esq.
> Stein, Mitchell & Mezines
> 1100 Connecticut Avenue, N.W. 11th Floor
> Washington, DC 20036

I hereby certify that on August 21, 2006, a copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion to Reopen Case was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Dated at Bridgeport, Connecticut this 21st day of August, 2006.

/s/Douglas J. Varga
Douglas J. Varga