Exhibit D

```
                                                                                    3
 1         UNITED STATES DISTRICT COURT              1        ...Deposition of ROBERT PAYNE, taken on
 2            DISTRICT OF HARTFORD                   2   behalf of the Defendants in the aforementioned cause,
 3   ------------------X                             3   wherein Robert Payne and Payne Investments LLC are
 4   ROBERT PAYNE and PAYNE INVESTMENTS :            4   Plaintiffs and Taylor Vision Resources, Taylor Strategic
     LLC
 5                              NO. 3:02 CV2234 (AWT)5   Acquisitions, Taylor Strategic Divestitures and Taylor
         VS
 6                              JUNE 23, 2004        6   Financial Services, LLC are the Defendants pending in the
     TAYLOR VISION RESOURCES, TAYLOR
 7   STRATEGIC ACQUISITIONS, TAYLOR                  7   United States District Court, Judicial District of Hartford
     STRATEGIC DIVESTITURES and TAYLOR :
 8   FINANCIAL SERVICES, LLC                         8   according to the Federal Rules of Civil Procedure, pursuant
     ------------------X
 9                                                   9   to agreement of counsel before Shirley Sambrook, a Notary
10         DEPOSITION OF ROBERT PAYNE               10   Public and Court Reporter in and for the State of
11   APPEARANCES:                                   11   Connecticut, County of Fairfield, at the offices of Zeldes,
12   FOR THE PLAINTIFF:                             12   Needle & Cooper, 1000 Lafayette Boulevard, Bridgeport,
       JAMES DONAHUE, ESQ.
13     GILBRIDE, TUSA, LAST & SPELLANE LLC          13   Connecticut, at which time counsel appeared as hereinbefore
       420 LEXINGTON AVENUE
14     NEW YORK, NEW YORK 10170                     14   set forth...
15                                                  15
16   FOR THE DEFENDANT:                             16        COURT REPORTER: Stipulations?
       JACOB ZELDES, ESQ.
17     ZELDES, NEEDLE & COOPER                      17        MR. ZELDES: Before you swear the witness,
       1000 LAFAYETTE BOULEVARD
18     BRIDGEPORT, CONNECTICUT 06604                18   I just want to put on the record that we are
19     JACOB STEIN, ESQ.                            19   proceeding pursuant to the confidentiality
       STEIN, MITCHELL & MIEZINES
20     1100 CONNECTICUT AVENUE N.W.                 20   stipulation which has been signed by the parties
       WASHINGTON, D.C. 20036
21                                                  21   and which I give to you to mark as deposition
       CARLOS LANE, ESQ., IN HOUSE COUNSEL
22     1128 16TH STREET NW                          22   exhibit and I hand Mr. Donahue the disk that I
       WASHINGTON, D.C. 20036
23                                                  23   got from the court indicating that it has to be
24                                                  24   reformatted. It was on the plaintiff's disk.
     SHIRLEY SAMBROOK - LICENSED COURT REPORTER
25          203 259-5903                            25        MR. DONAHUE: Okay.
```

```
                                 2
 1                                                   1        MR. STEIN: Those are the only
 2           STIPULATIONS                            2   preliminaries.
 3      It is hereby stipulated and agreed by and between   3        (Whereupon a confidentiality agreement was
 4   counsel for the respective parties that all objections to   4   marked as Defendants' Deposition Exhibit 1 for
 5   questions except those as to matter of form are reserved to   5   Identification.)
 6   the time of trial.                              6
 7      It is further stipulated and agreed that any defect   7   R O B E R T   P A Y N E, 263 Spring Valley Road,
 8   in the giving of notice of the taking of this deposition is   8        Ridgefield, Connecticut 06877, having been duly
 9   waived.                                         9        sworn, was examined and testified as follows:
10      It is further stipulated and agreed that proof as to  10
11   the authority and qualifications of the Notary-Court  11   DIRECT EXAMINATION BY MR. STEIN.
12   Reporter before whom the deposition is taken is waived.  12   Q    I'm going to ask some questions and it's my
13      It is further stipulated and agreed that the reading  13   obligation to make the question plain and understandable.
14   and signing of the deposition by the deponent is not  14   A    Yes, sir.
15   waived.                                        15   Q    If I don't do that, I will rely on you to tell
16                                                  16   me. If you understand the question I will assume that you
17                                                  17   understood it?
18                                                  18   A    Very good.
19                                                  19   Q    Would you sketch in for us your educational
20                                                  20   background after high school.
21                                                  21   A    Yes. After high school I received a degree in,
22                                                  22   bachelor of science degree, in chemical engineering in 1971
23                                                  23   in Worcester Poly Tech Institute. I want to make sure you
24                                                  24   know how to spell that. And then subsequent to that a
25                                                  25   master's in business administration from the University of
```

Page 77

```
1        MR. DONAHUE: Which computer are we talking
2    about -- the one that was broken or the one that
3    he bought?
4        MR. STEIN: If he can answer both questions
5    at the same time.
6        MR. DONAHUE: Okay.
7        MR. STEIN: That would be fine. No, there's
8    some ambiguity here and the objection is well
9    taken.
10   Q   Do you have the computer you bought?
11   A   Yes.
12   Q   Does it work?
13   A   Yes.
14   Q   Do you have the computer of the Taylor Companies?
15   A   Yes.
16   Q   Why haven't you returned it?
17   A   Never been asked to return it.
18   Q   Okay. Do you make a claim for medical insurance?
19   A   Yes.
20   Q   Tell us about that claim.
21   A   Again, referring to Exhibit 2, paragraph two,
22   second page. All medical, dental and life insurance
23   premiums shall be paid on your behalf after thirty days
24   employment in a manner consistent with our group benefits
25   programs. Forgive me, Mr. Schneider, I don't have all the
```

Page 78

```
1    details ready to mind here but this was not fulfilled.
2        Q   Did you have any medical expenses during this
3    period?
4        A   I would guess.
5        Q   Who paid them?
6        A   What period are you referring to?
7        Q   During the period when you apparently are
8    claiming that insurance should have been provided by Taylor
9    and it was not provided?
10       A   I don't remember the details.
11       Q   Do you have any medical bills that you paid?
12       A   Yes.
13       Q   Are you claiming, in this proceeding, that you
14   want reimbursement for medical bills?
15       A   I think we have documented what my claims are. I
16   don't remember that specifically.
17       Q   Do you recall any illness that you had during
18   this period?
19       A   No.
20       Q   Have you been hospitalized?
21       A   No.
22       Q   Are you in good health?
23       A   It is a judgment call but, yes.
24           MR. STEIN: Give us five minutes. I think
25   we'll wrap it up.
```

Page 79

```
1        (Whereupon the deposition was in recess from
2    12:46 p.m. until 12:47 p.m.)
3        MR. STEIN: On the record. We have no
4    further questions.
5        THE WITNESS: Okay.
6        MR. STEIN: Your lawyer's at liberty to take
7    the balance of the afternoon to ask you questions
8    which I'm sure he is going to do.
9        THE WITNESS: Of course.
10       MR. STEIN: We made documents requests and we
11   were not given some documents. If they are
12   fairly included in that document request, we are
13   not going to take the time to study it at the
14   moment, we may ask to resume this deposition.
15       THE WITNESS: Okay.
16       MR. STEIN: To inquire about the information
17   that you are going to give us. And, with that,
18   we have nothing further.
19       MR. DONAHUE: All right.
20       THE WITNESS: Do you have a record of the
21   document requests?
22       MR. DONAHUE: We are going to get a copy of
23   the transcript, right?
24       (Whereupon the deposition concluded at
25   12:48 p.m. having commenced at 10:08 a.m.)
```

Page 80

```
                    INDEX
WITNESS            EXAMINATION          PAGE  LINE
R. PAYNE           DIRECT-STEIN          4    11


DEFENDANT EXHIBITS                      PAGE  LINE
1 ID CONFIDENTIALITY AGREEMENT           4     3
2 ID LETTER  11-20-99                   11    14
3 ID LETTER  11-7-01                    35    11
4 ID SCHNEIDER AFFIDAVIT                49    16
5 ID LETTER  1-21-02                    58    24
6 ID LETTER  1-7-02                     59     4
```