UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROBERT PAYNE and PAYNE INVESTMENTS LLC, :

               Plaintiffs, :

                                    No. 3:02CV2234 (AWT)

   -against-

TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, :

               Defendants. :

---

## REPLY AFFIDAVIT IN SUPPORT OF MOTION TO REOPEN

STATE OF NEW YORK  )
                          ) ss.
COUNTY OF NEW YORK )

    DAVID CRYSTAL II, being duly sworn, deposes and states as follows:

    1. I am over the age of 18 years and understand the obligations of an oath.

    2. I am one of the attorneys for the Plaintiffs, Robert Payne and Payne Investments LLC. I have personal knowledge of the facts set forth in this Affidavit which I submit in support of Plaintiffs' motion to reopen the case.

    3. I am the initial partner who was listed as counsel of record for the Plaintiffs in this case and I was the individual, who on checking the status of the case, discovered

that an order of the court requesting an explanation as to what the status of the case was, had been docketed in late March of this year. As this was the first I had known of this, my first act was to call the Court to advise them that we had just found the order and my second was to contact the clerk's office, to discover where they had sent it. At that time, I was advised that the order had been sent to me (and only me) by e-mail, addressed to pg@gtlsny.com. I immediately recognized this was not my e-mail address and forwarded a letter of correction to the clerk's office, previously produced on the moving papers.

4. In their memorandum of law, the Defendants' counsel questions as to why I also sought to add the e-mail address for James P. Donohue, Jr. since he was allegedly already on the list. The answer to that question is simple. I was not originally told that Mr. Donohue was on the list. Mr. Donohue had not formally provided his e-mail address to the clerk (and based on his computer, there was no evidence he had received these e-mails either). As it turns out, from subsequent discussions with the Clerk of the Court in charge of these matters (Jane Bauer), the information I was initially given related only to the e-mails being sent under my name. I was advised that an individual attorney can designate more than one e-mail address on which he would receive notices, which was precisely what I did after discovering the problem. I was subsequently advised that Mr. Donohue apparently had a separate listing, but that his e-mail was now listed twice, once under my name and once under his. Thus, an e-mail addressed only to me, would be sent to him as well and similarly, if an e-mail was sent to all counsel, he would get it under his name.

5. As set forth in the reply affidavit of Mr. Chan dated August 23, 2006, who installed, maintains and examined our computer systems, as a result of the prefix designation being "pg" instead of "dc" on the e-mail, the notice went into our server but was never received by me and could not be retrieved by me, absent my getting the password of my former secretary and logging on to her e-mails. I freely admit that engaging in that type of investigation is well beyond my technical skills, even if I had thought about doing so, which I did not. Since I took over receiving my own e-mails in March of 2005, I have received e-mails from federal courts, NASD Arbitrations and attorneys who had previously communicated through my former secretary's e-mail. This case appears to be the only one that was somehow missed. We are not, as Defendants assert, blaming the court system for this failure or my former secretary. We simply do not know where the clerical error occurred or whether this was a softwear problem as opposed to a human error. What we do know is that the court's order, seeking an explanation as to the status (and the subsequent judgment), never reached me in time and was only recently discovered. It is also clear that it would be a true inequity if the Plaintiffs were to be punished by this non-prejudicial delay, particularly when, as conceded, the merits of their claims have already been recognized by the Defendants.

6. In addition, Mr. Chan was also asked to investigate why Mr. Donohue, did not receive the relevant e-mail notices. As documented in Mr. Donohue's reply affidavit, after he filed his Notice of Appearance, he got filings in "hard form" from the court or the Defendants' counsel and an exhaustive search of his computer and folders, has revealed no evidence that these orders were ever received by him by e-mail. I. have

known Mr. Donohue for almost thirty years, since he first joined my former firm as an associate. He is a diligent litigator and in all that time, he has never to my knowledge, missed a court date, compliance deadline, filing date or any other deadline, whether imposed by a court or by agreement of counsel. Even though the order in question was sent on the eve of his mother's death, I have no doubt that had he seen it, he would have responded in a timely fashion. It is inconceivable that he would have ignored it.

    7. I respectfully request the Court grant the Plaintiffs' application and reopen this case. It is clearly in the interests of justice, well within the discretion of the Court, and consistent with the legal principles set forth by the Second Circuit, that this matter be resolved on its merits.

                                      s/ David Crystal II
                                      David Crystal II

Sworn to before me this
28th day of August, 2006

s/ Bennett H. Last

Bennett H. Last
Notary Publi, State of New York
No. 6081388
Qualified in Nassau County
Commission Expires October 7, 2006