UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROBERT PAYNE and PAYNE INVESTMENTS LLC,

        Plaintiffs,

     -against-

TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES,

        Defendants.

No. 3:02CV2234 (AWT)

---

## REPLY AFFIDAVIT IN SUPPORT OF MOTION TO REOPEN

STATE OF NEW YORK   )
                     ) ss.
COUNTY OF NEW YORK )

    KING CHAN   being duly sworn deposes and says:

    1. I am a partner of AIT Associates, which is a computer consulting company which assists other businesses with establishing their office computers and web sites and any other computer related issues. I graduated from Baruch College with a degree in information systems and have been working in this field for more than 15 years. I

have been working with the Gilbride Tusa Last & Spellane LLC ("Gilbride Tusa") office, in that capacity for approximately five years.

2. I have been asked to examine the Gilbride Tusa system (that I had set up) as a result of a failure of two attorneys at the firm to receive e-mail notices in this case and to try and determine what happened and suggest procedures to make sure it does not happen again.

3. At the outset, to understand how a problem occurs and what steps to take to avoid it again, it is necessary to understand the basic guidelines as to how the Gilbride Tusa system works. Gilbride Tusa has a Microsoft exchange server, which is a common e-mail system employed by many companies. Under this system there is a server into which e-mails addressed to the firm come to the server. The designation was "gtlsny.com" for the New York office and "gtlslaw. com" for the Connecticut office. To put it in non –technical terms, the server is like a post office address. All e-mail designated to go to the firm or anyone at the firm at gtlsny.com, should arrive at the server and once there, would be considered "received" at the server.

4. The server, in the first instance, is equipped with anti-spam and anti-virus programs to eliminate certain types of e-mails that could contaminate the system. Once any e-mail gets past those two hurdles, it would then "distribute" the e-mails to individual users who were tied into the server, by designating the e-mail to a particular individual based on the prefix. Each user would have their own computer, with his or her own password and specific e-mail identification. When an individual opens his or her computer, to retrieve e-mail messages, he or she is actually reviewing an e-mail that is sitting in the server and which has not been blocked by the anti-virus and anti-spam

protections in the server. The only way another person could view an e-mail that was addressed to another person is to have that person's password, or to arrange through the server to have all e-mails to the first individual forwarded to the second individual.

<u>David Crystal II</u>

5. In 2003, David Crystal, one of the lawyers working on this case to whom the notices were sent by the court, did <u>not</u> have e-mail access in his office. To circumvent that problem, he used his secretary's e-mail address for such deliveries, a procedure that worked fine in 2003 through 2004.

6. At the end of February, 2005, Gilbride Tusa physically moved its New York office and the server that was in place at its former address at Lexington Avenue to a new location on Third Avenue. I was the individual involved in disconnecting, reconnecting and setting up the Gilbride Tusa server. At this point, Mr. Crystal was given his own e-mail address. During the same period, Ms. Guzowski (who had the designation ("pg") was leaving the firm. However her e-mail address was not deleted, in case anyone wanted to go back to her files and view them. It is my understanding that she was instructed and represented that she had notified all relevant senders (courts, other tribunals such as arbitration panels and clients) that the e-mail address for Mr. Crystal was now changed to dc@gtlsny.com. In checking Mr. Crystal's computer, I note that he is receiving e-mails from other courts before which he is appearing, so apparently the transfer did occur with respect to all other matters other than this one, where the designated address remained at "pg".

7. As a result, the e-mails sent to the "pg" address would not have automatically gone to any computer in the office or been picked up by anyone who opened their e-

3

14. Because the e-mails in question cannot be located in the server, except under "pg" it is virtually impossible to come up with a definitive explanation as to what happened to those that were designated to go to "jpd". However, obviously, with Mr. Donohue's e-mails now receiving communications from the court, whatever glitch had occurred in the past, appears to have been rectified.

15. Obviously, the only way to actually make sure that a person to whom an e-mail was sent is actually received is to request a "delivery receipt" or "read receipt", a tracking option now available on most computers that have e-mail. However, this can only be done on the sender's end and could create an undue burden on the court's staff.

16. It is my recommendation to the firm on this issue is that, if possible, they add more than one recipient to important e-mail files, such as court filings, so that an e-mail from the court, on a particular case, would go to more than one individual. So that if, for any reason, there is a problem with one computer or with the server, or there is an inadvertent deletion, the information will still get through. The other possibility is that the present server at Gilbride Tusa be set up with a "Distribution List" that would direct that e-mails from a certain source, such as the court, be immediately distributed to multiple people.

            s/King Chan
            King Chan

Sworn to before me this
23rd day of August, 2006

s/ Sal Meli
Notary Public, State of New york
No. 02ME6080256
Qualified in Kings County

mail. Ms. Guzowski having left, the only way to retrieve them would be to set up a computer to access the server under her network account and password under her name. Having set up the system, I know how to do that and have done so. Two things become apparent from that examination. First, as was already known, the e-mails in this case that were sent to Mr. Crystal ended up in the server under "pg". After March 1, 2005 no other e-mails from any other court were going to the designation "pg", indicating that in other cases, the change had been successfully made to "dc"

8. Consequently, it is clear that the e-mail that was intended for Mr. Crystal in this case never reached him, because they were located under "pg". It cannot, of course, be determined whether the error to make the change from "pg" to "dc" was the result of an error by Ms. Guzowski in failing to properly communicate or an oversight by the clerk's office in not making the change. What is clear, is that as a result of not making the change, Mr. Crystal did not receive the e-mails sent to "pg".

9. In order to prevent this occurrence from happening again, I am modifying the Gilbride Tusa server to automatically forward all e-mail addressed to "pg" to "dc" and in the future, anyone who leaves will have their future e-mails forwarded to a third party.

10. I understand that some of the e-mails were also designated as going to James P. Donohue, Jr. at his e-mail address. This is a tougher issue to solve. Examining Mr. Donohue's computer, I found that no e-mails from the court appear in the "in box" until August, 2006. The in-box is where all e-mails that pass the server's safeguards arrive. The "inbox" is what any user would look at each day he or she opend their computer. Other e-mails, which the server does not believe to be legitimate, would go to other folders such as "key word" or "junk mail". In addition to

4

checking Mr. Donohue's "in box" I also checked these folders as well and there were no communications from the court.

11. In addition, Mr. Donohue's computer is set up so that deleted e-mails would go first to a folder known as deleted items and after six months, these deleted items go to an archive folder. The e-mails from the court in March and May of this year (2006) if they had been deleted, would be expected to be in the first deleted folder since they are less than six months old. They were not located in that folder either. In short, in trying to access these e-mails through Mr. Donohue's e-mail address and his computer, no record could be found that the server has these e-mails under that designation.

12. The fact is, that while these systems are extremely efficient, they are not infallible. More often than not, if there is a problem with a computer or a server it is likely to be caused by human error, not always traceable, but even that statement is not definitive. I am aware, that from time to time, there are problems with individual computers and servers with many of my clients (which is why I am in business), which sometimes I am called to correct and sometimes are worked on by someone in house. It is always possible (although one tries to avoid this), that in correcting a problem, e-mails may have been inadvertently deleted. Servers or some of their functions can "crash" for any number of reasons and lose e-mails they have already received. It is also possible there can be problems between the sender and receiver.

13. Obviously, in a situation like this, it is extremely frustrating for an attorney who has been the victim of some problem with a system that he cannot definitely identify and who wants to make sure the problem does not happen again.

5

14. Because the e-mails in question cannot be located in the server, except under "pg" it is virtually impossible to come up with a definitive explanation as to what happened to those that were designated to go to "jpd". However, obviously, with Mr. Donohue's e-mails now receiving communications from the court, whatever glitch had occurred in the past, appears to have been rectified.

15. Obviously, the only way to actually make sure that a person to whom an e-mail was sent is actually received is to request a "delivery receipt" or "read receipt", a tracking option now available on most computers that have e-mail. However, this can only be done on the sender's end and could create an undue burden on the court's staff.

16. It is my recommendation to the firm on this issue is that, if possible, they add more than one recipient to important e-mail files, such as court filings, so that an e-mail from the court, on a particular case, would go to more than one individual. So that if, for any reason, there is a problem with one computer or with the server, or there is an inadvertent deletion, the information will still get through. The other possibility is that the present server at Gilbride Tusa be set up with a "Distribution List" that would direct that e-mails from a certain source, such as the court, be immediately distributed to multiple people.

s/King Chan<br>
King Chan

Sworn to before me this
23rd day of August, 2006

s/ Sal Meli
Notary Public, State of New york
No. 02ME6080256
Qualified in Kings County