UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | Civil Action |
| Plaintiffs, | No. 3:02 CV 2234 (AWT) |
| v. | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | |
| Defendants. | |

### AFFIDAVIT OF DOUGLAS J. VARGA

STATE OF CONNECTICUT  )
                      )  ss: Bridgeport, September 11, 2006
COUNTY OF FAIRFIELD   )

I, Douglas J. Varga, being duly sworn, depose and state as follows:

1. I am over the age of 18 years and understand the obligations of an oath.

2. I am one of the attorneys for the defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures, and Taylor Financial Services LLC (collectively "Taylor") in the above-entitled action. I have personal knowledge of the facts set forth in this Affidavit, which I submit in support of Taylor's Sur-Reply Memorandum in opposition to plaintiffs' Motion to Reopen Case filed on July 31, 2006 ("Motion to Reopen").

3.  I have reviewed the Affidavits of James P. Donohue, Jr. dated July 24, 2006 ("Donohue Aff. 7/24/06") and August 28, 2006 ("Donohue Aff. 8/28/06") in support of the Motion to Reopen.

4.  During the depositions of various Taylor representatives in March of 2005, Mr. Donohue made requests for production of voluminous documents. I have reviewed my file regarding those requests and the only written communication from Mr. Donohue referring to those requests is a letter dated April 11, 2005, addressed to my colleague, Sarah W. Poston.

5.  Following receipt of Mr. Donohue's April 11, 2005 letter, Ms. Poston and I conferred with our client regarding (a) whether Taylor was obligated to produce the documents as they were not the subject of a formal production request under Fed. R. Civ. P. 34, and (b) whether we possessed documents responsive to the requests in any event. I also had a few telephone conversations with Mr. Donohue during the summer of 2005 in which we discussed his request for additional documents. Ms. Poston and I ultimately ceased our efforts to compile and review additional documents, and did not produce any additional documents, because we heard nothing further from Mr. Donohue regarding our objection to the scope of the production requested.

6.  Mr. Donohue attaches two letters to his Reply Affidavit: (a) Exhibit A, a letter addressed to me dated August 17, 2005 and purportedly transmitted via facsimile and mail; and (b) Exhibit B, a letter addressed to me dated September 7, 2005. Donohue Aff. 8/28/06 at Exhibits A and B.

7. I saw Exhibits A and B to Mr. Donohue's Reply Affidavit for the first time upon receipt of that Affidavit on August 29, 2006. I did not receive those letters from Mr. Donohue in August or September of 2005, or at any time thereafter.

8. Exhibit A to Mr. Donohue's Reply Affidavit (the document bearing a date of August 17, 2005) references a letter dated July 16, 2005, purportedly sent to me or to Ms. Poston. My office has never received a letter from Mr. Donohue dated July 16, 2005. In fact, the last written correspondence my office received from Mr. Donohue is a facsimile dated June 1, 2005.

9. To determine whether any of these documents were received by anyone in my office, I reviewed our hard-copy correspondence file on this matter; my handwritten timesheets from June through September, 2005; and my firm's client invoices for June through September, 2005. Based on this search, I can confirm that neither I, nor Ms. Poston, nor anyone else in my office received correspondence from Mr. Donohue dated July 16, August 17, or September 7, 2005.

10. I also note that Exhibit A (the document bearing a date of August 17, 2005) indicates that it was transmitted "BY FAX AND MAIL." Plaintiffs, however, have not provided the Court with a copy of the transmission confirmation, which would show not only that the document was faxed, but also the date and time on which it was transmitted. The failure to provide this information is further evidence that the letter simply was not transmitted.

11. Plaintiffs use Exhibits A and B to Mr. Donohue's Reply Affidavit as evidence that Taylor was aware of the statements contained in those letters, but did not object to those statements. Donohue Aff. 8/26/06 at ¶¶ 6,7; Reply Memorandum at 5. I could not object to the statements in Exhibits A and B because I never saw them until they were submitted with Mr. Donohue's Affidavit.

12. I worked with Mr. Donohue in the discovery phase of this matter and do not dispute his contention that he worked diligently and cooperatively on the case into September of 2005. However, neither Ms. Poston nor I had any contact with Mr. Donohue concerning this case at any time between September 7, 2005 and August 2, 2006.

_____
Douglas J. Varga

Subscribed and sworn to before me this 11th day of September, 2006.

_____
Commissioner of the Superior Court

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

>James P. Donohue, Jr., Esq.
>David Crystal II, Esq.
>Gilbride Tusa Last & Spellane LLC
>420 Lexington Avenue
>New York, NY  10170-0105
>
>Jacob A. Stein, Esq.
>Stein, Mitchell & Mezines
>1100 Connecticut Avenue, N.W. 11th Floor
>Washington, DC 20036

I hereby certify that on September 12, 2006, a copy of the foregoing Affidavit was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Dated at Bridgeport, Connecticut this 12th day of September, 2006.

_____
Douglas J. Varga