UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | Civil Action |
| | : | |
| Plaintiffs, | : | No. 3:02 CV 2234 (AWT) |
| v. | : | |
| | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| | : | |
| Defendants. | : | September 12, 2006 |

**SUR-REPLY MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFFS' MOTION TO REOPEN</u>**

Defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures, and Taylor Financial Services LLC (collectively "Taylor"), submit this memorandum in response to the new matters raised in plaintiffs' Reply Memorandum of Law in Support of Motion to Reopen dated August 29, 2006 ("Reply Memorandum") and in the three Affidavits supporting that memorandum. For the reasons set forth below, Taylor respectfully submits that the Reply Memorandum and supporting Affidavits fail to establish cause to grant the relief requested, and in fact further demonstrate why that relief should be denied.

## I. **INTRODUCTION**

Plaintiffs have placed Taylor and its counsel in an extremely unenviable and uncomfortable position. All of the circumstances giving rise to the entry of judgment for failure to prosecute this case with reasonable diligence establish clearly that plaintiffs in fact failed to pursue this case with reasonable diligence. The facts also make clear that plaintiffs' counsel did not monitor either the Court's e-mail notices or the Court's docket for some 11 months. Having initially attempted to lay the blame for their shortcomings at the feet of the clerk's office, plaintiffs now place a bull's-eye on Taylor for allegedly failing to produce certain documents or to object to statements made in certain correspondence.

As Taylor noted in its initial objection to the Motion to Reopen, had plaintiffs simply offered a reasonable explanation for their failure to prosecute this action, Taylor quite possibly would not have objected. However, certain "factual" assertions made in support of plaintiffs' Motion to Reopen (e.g., that plaintiffs' counsel never received the court's CM/ECF notices, that plaintiffs' counsel produced an expert report to Taylor's counsel) cried out for a response. Unfortunately, the same pattern has been repeated in plaintiffs' reply papers. And once again Taylor's counsel must bring the inaccuracies and misrepresentations to the Court's attention. Taylor submits that the integrity of the judicial process is undermined when inaccurate information is presented to the Court as fact.

The Court's exercise of discretion on the Motion to Reopen must be informed by a sense of fairness and justice under all the circumstances. Indeed, plaintiffs invoke that concept in their reply papers. However, as with the most fundamental equitable maxim -- one who seeks equity must do equity -- a party seeking discretionary relief must come before the Court with clean hands. This the plaintiffs have not done.

## II. **PROCEDURAL BACKGROUND**

Following more than six months of inaction in this matter, on March 27, 2006, the Clerk issued the following notice of electronic filing:

> NOTICE TO COUNSEL – Dismissal due by 4/12/06. Signed by Clerk on 3/23/06. (Ferguson, L.)

Affidavit of Douglas J. Varga dated August 21, 2006 ("Varga Aff. 8/21/06") at ¶ 5 and Ex. A. Attached to the electronic notice was a document entitled "NOTICE TO COUNSEL PURSUANT TO LOCAL RULE 41(a)," entered on March 23, 2006 and stating, in relevant part, as follows:

> The case below is subject to being dismissed under this rule. Unless a satisfactory explanation of why it should not be dismissed is submitted to the court within twenty (20) days of the date of this notice, by April 12, 2006, it will be dismissed.

Plaintiffs took no action in response to the NOTICE TO COUNSEL, and on May 3, 2006, the Clerk issued the following notice of electronic filing:

> JUDGMENT  Signed by Clerk on 5/2/06 (Blue, A.)

Varga Aff. 8/21/06 at ¶ 6 and Ex. B. Attached to the electronic notice was a document entitled "JUDGMENT" entered on May 2, 2006 and stating as follows:

3

> Notice having been given on March 23, 2006 to counsel of record of the proposed dismissal of this case pursuant to Rule 41 of the Rules of Civil Procedure for the United States District Court for the District of Connecticut, and no action having been taken and no satisfactory explanation having been submitted to the court within twenty (20) days there-after,  It is accordingly ORDERED that this case be and is hereby dismissed for want of prosecution.

The Clerk's office electronically served both the NOTICE TO COUNSEL and the JUDGMENT on the following counsel of record:

| | |
|---|---|
| David Crystal, II | pg@gtlsny.com, |
| James P. Donohue, Jr. | jpd@gtlsny.com, |
| Sarah W. Poston | sposton@znclaw.com, |
| Douglas John Varga | dvarga@znclaw.com, hpucillo@znclaw.com |
| Jacob D. Zeldes | jzeldes@znclaw.com |

Varga Aff. 8/21/06 at ¶¶ 5, 6 and Exs. A, B.

On July 31, 2006, plaintiffs filed their Motion to Reopen and a supporting affidavit.

On August 21, 2006, Taylor filed its objection to that motion and a supporting affidavit.

On August 29, 2006, plaintiffs filed their Reply Memorandum and three additional affidavits.

On August 30, 2006, the Court entered an order denying the Motion to Reopen, finding "no basis in fact to reopen the case on the grounds cited by the plaintiffs."

On August 31, 2006, the Court vacated its prior order and stated that it would consider the Motion to Reopen de novo.

## III. **ARGUMENT**

Plaintiffs initially sought to reopen this case solely on the basis that they did not receive either the NOTICE TO COUNSEL dated March 23, 2006, or the JUDGMENT dated May 2, 2006.  In their reply papers, however, plaintiffs expanded their arguments to blame defense counsel for their failure to receive notice.  At no point in the various pleadings offered in support of the Motion to Reopen have plaintiffs or their counsel acknowledged that they made a mistake; explained why they failed to monitor the Court's docket; or sought to justify their factual misrepresentations to this Court.

Instead, despite their failure to provide <u>any</u> legal argument or citation in support of their motion initially, plaintiffs take Taylor to task for failing to discuss that standard in detail:  "[T]he Defendants, who seek to focus on a 'single issue' appear to concede that four out of five of these factors weigh in favor of the Plaintiffs."  Reply Memorandum at 8.  Taylor will dispel any such "appearance" of concession.  In opposing the Motion to Reopen, Taylor addressed only the plaintiffs' receipt of notice through the CM/ECF system because that was the <u>sole</u> issue plaintiffs raised in support of their motion.   As noted above, plaintiffs moved to reopen this case on the basis of a single proposition:  "Plaintiff's counsel did not receive the notice of this court dated March 23, 2006 and subsequent Judgment dated May 2, 2006."  Motion to Reopen at 1.

5

The Second Circuit's five-factor test for evaluating the propriety of a dismissal for want of prosecution includes the following:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

United States, ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "No one [of these] factor[s] is dispositive." Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994). Taylor will address each factor in turn.

**A.    Duration of the Delay.**

The first factor requires consideration of two issues: (1) whether the failure to prosecute is attributable to the plaintiffs, and (2) whether that failure was of significant duration. Norden Systems, 375 F.3d at 255.

Although plaintiffs failed to prosecute this action for over 11 months, they attempt to foist blame for their inaction on Taylor's counsel. The tale of the purported "expert report" attached as Exhibit E to Mr. Donohue's Affidavit dated July 24, 2006 ("Donohue Aff. 7/24/06") is perhaps the best example. In that Affidavit, Mr. Donohue states that the purported "expert report" "was produced," clearly inferring that he served the "expert report" on Taylor's counsel. Donohue Aff. 7/24/06 at ¶ 4(e). Plaintiffs did not serve the purported "expert report" on Taylor's counsel. Varga Aff. 8/21/06 at ¶ 11. If plaintiffs in fact received the

6

"expert report" in March of 2006, and if they in fact acted so diligently in pursuing this case, why did they fail to serve the report on the defendants' attorneys?

The same defects afflict plaintiffs' discussion of their "draft" pretrial memorandum. See Donohue Aff. 7/24/06, Ex. F. In their initial papers, plaintiffs stated that they began preparation of a pretrial memorandum a year ago, but that "[n]o input from Defendants had yet been sought." Donohue Aff. 7/24/06 at ¶4(f). O the other hand, in their reply papers, plaintiffs imply that Taylor's counsel refused to participate in the process of drafting, stating that "defendants made it clear they would not be providing their portion of the pre-trial order until the court issued its next order providing a new deadline for doing so." Reply Memorandum at 5. Plaintiffs simply cannot have it both ways.

Plaintiffs also claim that Taylor agreed to produce certain documents in July of 2005, and that "[t]he delay by the Defendants in producing these documents had an impact on the remaining work to be done by both sides." Reply Brief at 4. Plaintiffs try to leave the impression that they are blameless because they desperately needed additional document production. They support this plea with copies of two letters addressed to Taylor's counsel dated August 17 and September 7, 2005, one of which in turn references another letter dated July 17, 2005. Affidavit of James P. Donohue dated August 28, 2006 ("Donohue Aff. 8/28/06"), Exs. A and B. Like the expert report discussed below, however, those letters were never sent to Taylor's counsel. Affidavit of Douglas J. Varga dated September 11, 2006 ("Varga Aff. 9/11/06") at ¶¶ 6-10.

7

Moreover, even if those letters had been sent, one would think that the lack of such crucial documents would have compelled plaintiffs' counsel to follow up on the request for them at some point in time between September 7, 2005 (see Donohue Aff. 8/28/06, Ex. B -- the last alleged written reference by plaintiffs' counsel), and July 31, 2006 (when plaintiffs filed the Motion to Reopen). See Varga Aff. 9/11/06 at ¶¶ 4, 5, 12.

These are manufactured excuses designed to distract the Court's attention from what really occurred here: plaintiffs simply dropped the ball on this case. Taylor was not responsible for the 11-month delay in moving this case forward, any more than it was responsible for plaintiffs' failure to monitor the docket or to respond to the Court's electronic notices.

As for the second prong, the duration of the delay in this case is within the range on which similar dismissals have been entered. Indeed, delays far shorter than the 11 months at issue here have been held sufficient to warrant dismissal for failure to prosecute See, e.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664 (2d Cir.1980) (six months); Cole v. Edwards, 2005 WL 873226 at **2-3 (S.D.N.Y. April 8, 2005) (five months); Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., 2000 WL 1677984, at *2 (S.D.N.Y. Nov.8, 2000) (four months); Peters-Turnbull v. Bd. of Educ. of New York, 1999 WL 959375, at **2-3 (S.D.N.Y. Oct. 20,1996) (delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss"); see also Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H., 324

8

F.2d 234 (2d Cir. 1963) (twelve months of inactivity sufficient to support dismissal). [1]

**B.     Notice of Potential Dismissal.**

Taylor addressed this issue at length in its initial Memorandum in opposition to the Motion to Reopen. The bottom line is that plaintiffs received adequate notice of the Court's actions. See Shannon v. General Elec. Co., 186 F.3d 186, 194 (2d Cir.1999) (adequate notice to support 41(b) dismissal where order to show cause was issued advising plaintiff that case would be dismissed unless written response was received and plaintiff failed to respond).

**C.     Prejudice to the Defendants.**

When delay has been significant and unreasonable, "[p]rejudice to defendants … may be presumed," Peart v. City of New York, 992 F.2d 458, 462 (2d Cir.1993), "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon, 186 F.3d at 195. This case was filed in 2002 and involves events dating to 1999. Given the potential effect on witness testimony, prejudice may be presumed here as a matter of law. See Robinson v. U.S., 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) (presumption of prejudice particularly appropriate in case involving substantial witness testimony).

In their Reply Memorandum, plaintiffs incorrectly argue that Taylor addressed the issue of prejudice in its opposition papers. As noted above, Taylor did not address that topic in its initial opposition papers because plaintiffs

---

[1] Copies of unpublished district court decisions are attached hereto at Tab A.

sought to reopen the case on a single ground: the purported lack of receipt of notices through the Court's CM/ECF system. Even with this argument, plaintiffs further misled the Court by stating that their "expert's report was delivered late." Reply Memorandum at 8. Again, notwithstanding the March 2006 date on plaintiffs' expert report, plaintiffs did not "deliver" any "expert report" at any point prior to the filing of the Motion to Reopen on July 31, 2006. Plaintiffs clearly would have the Court believe that the "expert report" was delivered at some earlier date. Plaintiffs appear to ask this Court to ignore the prejudice to defendants inherent in their service of their expert report (mandated under Fed. R. Civ. P. 26(a)(2)) to defendants (a) nearly five months after the report allegedly came into plaintiffs' possession, and (b) nearly 13 months following the deadline for expert disclosure. If the Court seeks in the record a concrete example of the type of prejudice occasioned by plaintiffs' inactivity here, the failure to produce the purported "expert report" in a timely fashion more than suffices.

**D.     Balance Between Calendar Congestion and Opportunity to Be Heard.**

The Court obviously is in the best position to evaluate this factor. However, Taylor notes that even if the Court were to conclude that the 11-month delay here did not prejudice Taylor, the delay may still "put an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay." Shea v. Donohoe Construction Co., 795 F.2d 1071, 1075 (D.C. Cir. 1986).

**E.      Propriety of Lesser Sanctions.**

Lesser sanctions are not appropriate here for one good reason: plaintiffs' lack of candor with this Court. It is one thing to petition the court for relief from an unfavorable order; it is quite another to present inaccurate and misleading facts to the Court to obtain that relief.

## IV.  CONCLUSION

Taylor does not dispute plaintiffs' assertion that dismissal is a "harsh remedy" to be employed only in "extreme situations." Reply Memorandum at 7. Even if plaintiffs' failure to pursue this case for 11 months were insufficient grounds for dismissal (which Taylor obviously disputes), however, plaintiffs' repeated factual misrepresentations to this Court in support of their Motion to Reopen have created an "extreme situation."

Plaintiffs took no action in this case between September 7, 2005 and July 31, 2006. Plaintiffs did not monitor the Court's docket during that time. Plaintiffs did not respond to the Court's CM/ECF notices during that time. Plaintiffs did not respond to the Court's entry of Judgment during that time. "A plaintiff's lack of diligence alone is enough for dismissal." West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y.1990).

In their zeal to resurrect the case they had ignored for so long, plaintiffs exacerbated the situation by making serious factual misrepresentations to this Court, including:

>   (a)      counsel's alleged failure to receive e-mail notices by means of the CM/ECF system;

11

    (b)    the purported "production" or "delivery" of an "expert report" in March of 2006; and

    (c)    the purported submission of correspondence to Taylor's counsel in July, August and September of 2005.

Through it all, plaintiffs have attempted to lay blame for this situation on the shoulders of either the clerk's office or defense counsel.

No "cause" exists under Local Rule 41(a) sufficient to grant plaintiffs any relief under the circumstances presented here. Taylor submits that the Motion to Reopen should be denied in all respects.

        Respectfully submitted,

        DEFENDANTS
        TAYLOR VISION RESOURCES,
        TAYLOR STRATEGIC ACQUISITIONS,
        TAYLOR STRATEGIC DIVESTITURES,
        and TAYLOR FINANCIAL SERVICES LLC

By: /s/Douglas J. Varga
    Douglas J. Varga (ct18885)

        ZELDES, NEEDLE & COOPER, P.C.
        1000 Lafayette Blvd.
        P.O. Box 1740
        Bridgeport, CT 06601-1740
        Telephone: 203-333-9441
        Facsimile: 203-333-1489
        E-Mail: dvarga@znclaw.com

    Their Attorneys

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

>James P. Donohue, Jr., Esq.
>David Crystal II, Esq.
>Gilbride Tusa Last & Spellane LLC
>420 Lexington Avenue
>New York, NY  10170-0105
>
>Jacob A. Stein, Esq.
>Stein, Mitchell & Mezines
>1100 Connecticut Avenue, N.W. 11th Floor
>Washington, DC 20036

I hereby certify that on September 12, 2006, a copy of the foregoing Sur-Reply Memorandum in Opposition to Plaintiffs' Motion to Reopen was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Dated at Bridgeport, Connecticut this 12th day of September, 2006.

>/s/Douglas J. Varga
>Douglas J. Varga

13