UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | Civil Action |
| | : | |
| Plaintiffs, | : | No. 3:02 CV 2234 (AWT) |
| | : | |
| v. | : | |
| | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| | : | |
| Defendants. | : | March 2, 2007 |

## APPLICATION FOR ATTORNEYS' FEES AND COSTS

In accordance with this Court's Order dated October 23, 2006, Defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures and Taylor Financial Services LLC ("Taylor Companies"), respectfully request that this Court enter an order requiring Plaintiffs Robert Payne and Payne Investments LLC to reimburse Taylor Companies for its attorneys' fees and costs incurred in opposing Plaintiff's Motion to Reopen Case dated July 31, 2006 ("Motion to Reopen").  Taylor Companies has filed contemporaneously herewith the Affidavits of its counsel, Douglas J. Varga and Sarah W. Poston (each dated March 2, 2007), and the Affidavit of Robert B. Mitchell, Esq. (dated February 23, 2007).  In support of its Application, Taylor Companies states as follows:

1.   On October 23, 2006, this Court head oral argument on Plaintiffs' Motion to Reopen (the "Hearing").  See Docket No. 71 (certified transcript of the Hearing).

2. As reflected in the attached transcript, this Court granted Plaintiffs' Motion to Reopen on the express condition that Plaintiffs reimburse Taylor Companies for the costs and attorneys' fees it incurred in opposing Plaintiffs' motion. The Court stated as follows:

> … I'm going to impose an alternate sanction. I'm going to require you to pay all the attorneys' fees and costs the defendants incurred in connection with this motion[,] which I think they had a duty to work on.
>
> … I'll see if you all can work out the … costs and fees yourself. If you can't, file an affidavit and I'll take a response.
>
> I believe I vacated my order denying the Plaintiffs' Motion to Reopen the Case,… So I'm hereby granting the Motion to Reopen the Case subject to the payment of sanctions by the plaintiffs' counsel.

Transcript (Docket No. 71) at 26.

3. In accordance with the Court's request, by correspondence dated November 10, 2006, Taylor Companies' counsel submitted to Plaintiffs' counsel two Affidavits setting forth the attorneys' fees and costs incurred by Taylor Companies in opposing Plaintiffs' Motion to Reopen. The Affidavits of Douglas J. Varga and Sarah W. Poston, each dated November 10, 2006, identified the fees and costs incurred by defendants through that date in connection with the Motion to Reopen.

4. Taylor Companies has attempted to resolve this issue by agreement with the Plaintiffs, but has been unable to do so.

5. The accompanying Affidavits of Douglas J. Varga and Sarah W. Poston identify all attorneys' fees and costs incurred by Taylor Companies through February 28, 2007 in responding to the Motion to Reopen, attending the Hearing, attempting to negotiate with the plaintiffs, and preparing this Application and supporting Affidavits.

6.      Taylor Companies respectfully requests that this Court enter an Order requiring the Plaintiffs to reimburse Taylor Companies for its attorneys' fees and costs incurred in opposition to the Motion to Reopen in the total amount of $23,451.08.

7.      In support of this application, Taylor Companies submits that the Court expressly acknowledged on the record at the Hearing that counsel for Taylor Companies "did have an obligation to raise this issue [of apparent misrepresentations made by plaintiffs' counsel in support of the Motion to Reopen] with the Court," and that counsel "had a duty to work on" their opposition to the Motion to Reopen.  Transcript (Docket No. 71) at 26.  It was in the context of these acknowledgments that the Court ordered plaintiffs' counsel "to pay all the attorneys' fees and costs the defendants incurred in connection with this motion . . ." Id.

8.      Courts in this District apply the traditional lodestar method in determining the reasonableness of applications for attorneys' fees and costs assessed as sanctions for conduct during the course of pending litigation.  See, e.g., Sony Electronics, Inc. v. Soundview Technologies, Inc., 389 F. Supp. 2d 443, 447 (D. Conn. 2005) (lodestar method used to calculate attorneys' fees awarded under 28 U.S.C. § 1927); Moazed v. First Union Mtg. Corp., 221 F.R.D. 28, 33 (D. Conn. 2004) (using lodestar method in determining attorneys fees' awarded under Fed.R.Civ.P. 11).  Under the lodestar method, the Court calculates a figure "based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir.1997).  "The 'lodestar' figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (citation and internal quotation marks omitted). The

"prevailing community" used to determine the lodestar figure is typically, with few exceptions, "the district in which the court sits," in this case, the District of Connecticut. Id. (citation and internal quotations omitted). "[T]here is ... a strong presumption that the lodestar figure represents a reasonable fee." A.R. ex rel. R.V. v. N.Y. City Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005) (citations and internal quotations omitted).

9. In light of Plaintiffs' repeated introduction of new, unsupported factual assertions through the Motion to Reopen and subsequent related filings, the hours spent by counsel for Taylor Companies in responding to the motion -- as documented in detail in the accompanying Affidavits – fully justify the fees for which reimbursement now is sought.

10. In responding to Plaintiffs' Motion to Reopen, Taylor Companies' counsel not only conducted factual and legal research and drafted pleadings, but also conducted office conferences and internal meetings. Such charges are properly included in this application. See American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F.Supp.2d 1301, 1315 (M.D. Fla. 2003) ("[T]ime spent in attorney conferences is generally compensable for each participant."); Stacy v. B.Q. Stroud, 845 F. Supp. 1135, 1144 (S.D.W.Va. 1993) ("Conferences between attorneys ... are necessary, valuable, and often result in greater efficiency and less duplication of effort, thus requiring fewer hours overall"); Catanzano v. Doar, 378 F.Supp.2d 309, 323 (W.D.N.Y. 2005); National Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1337 (D.C. Cir. 1982); Wzorek v. City of Chicago, 739 F. Supp. 400, 403 (N.D. Ill. 1990).

11. Moreover, Taylor Companies is entitled to an award for the attorney time spent preparing its fee application. See, e.g., Weyant v. Okst, 198 F.3d 311, 316 (2d Cir.1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for § 1988 fees."); Hiller v. County of Suffolk, 199 F.R.D. 101, 108 (E.D.N.Y.2001) ("Time spent preparing the fee application itself is properly included in the lodestar calculation."); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1183-84 (2d Cir.1996); Gagne v. Maher, 594 F.2d 336, 343-44 (2d Cir.1979), aff'd, 448 U.S. 122 (1980); see also Creative Resources Group of New Jersey v. Creative Resources Group, Inc., 212 F.R.D. 94, 102-03 (E.D.N.Y.2002) (including in fee award time billed for making sanctions motion).

12. Taylor Companies further submits that the billing rates applied for Attorneys Varga and Poston ($300 and $250 per hour, respectively) are entirely consistent with the fees normally charged in this District for similar services. See Affidavit of Robert B. Mitchell dated February 23, 2007, filed contemporaneously herewith, at ¶ 5; McInnis v. Town of Weston, 458 F. Supp. 2d 7, 20 (D. Conn. 2006) (noting recent decisions awarding fees at partner rates of $300 per hour and stating: "The Court recognizes … that attorneys in Fairfield County incur higher overhead costs due to their 'close proximity to New York.' Omnipoint Communs., Inc. v. Planning & Zoning Comm'n., 91 F.Supp.2d 497 (D. Conn. 2000) (awarding partners rates of $250-300/hour for legal work in 1999).").

13. Taylor Companies' request for reimbursement of its costs (for Westlaw online legal research, Federal Express mailings, court reporter transcription charges, and travel expenses) is legitimate and should be awarded. See Varga Affidavit at ¶ 12 and Ex. A; Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 369 F.3d 91 (2d Cir. 2004) ("[T]he use of online research services likely reduces the number of hours required for an attorney's manual search, thereby lowering the lodestar, and that in the context of a fee-shifting provision, the charges for such online research may properly be included in a fee award. If [a firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award.").

14. Taylor Companies respectfully submits that the attorneys' fees and costs it expended on this matter are in all respects fair and reasonable, and that Taylor Companies should receive full and complete reimbursement for all such expenses.[1]

---

[1] It is Taylor Companies' understanding that, by filing this Application, it has complied with the Court's direction of at the Hearing to submit affidavits documenting its attorneys' fees and costs in connection with the Motion to Reopen. In the event the Court holds a hearing on this Application and/or Plaintiffs' response to this Application requires the preparation of a reply, Taylor Companies respectfully requests the opportunity to submit supplemental Affidavits and/or a brief in support of fees and costs it incurs in connection with such additional work by its counsel.

WHEREFORE, Defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures and Taylor Financial Services LLC respectfully request that this Court enter an order requiring Plaintiffs Robert Payne and Payne Investments LLC to reimburse Taylor Companies the amount of $23,451.08 for attorneys' fees and costs pursuant to this Court's Order dated October 23, 2006.

Respectfully submitted,

DEFENDANTS
TAYLOR VISION RESOURCES,
TAYLOR STRATEGIC ACQUISITIONS,
TAYLOR STRATEGIC DIVESTITURES,
and TAYLOR FINANCIAL SERVICES LLC

By: /s/Douglas J. Varga
    Douglas J. Varga (ct18885)
    Sarah W. Poston (ct19702)

    ZELDES, NEEDLE & COOPER, P.C.
    1000 Lafayette Blvd.
    Bridgeport, CT 06601-1740
    Telephone: 203-333-9441
    Facsimile: 203-333-1489
    E-Mail: dvarga@znclaw.com

Their Attorneys

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

>James P. Donohue, Jr., Esq.
>David Crystal II, Esq.
>Crystal & Donohue
>708 Third Avenue, 26th Floor
>New York, NY 10017
>
>Jacob A. Stein, Esq.
>Stein, Mitchell & Mezines
>1100 Connecticut Avenue, N.W. 11th Floor
>Washington, DC 20036

I hereby certify that on March 2, 2007, a copy of the foregoing Application for Attorneys' Fees and Costs was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Dated at Bridgeport, Connecticut this 2nd day of March, 2007.

>/s/ Douglas J. Varga
>Douglas J. Varga