UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | Civil Action |
| Plaintiffs, | : | No. 3:02 CV 2234 (AWT) |
| v. | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| Defendants. | : | |

### AFFIDAVIT OF DOUGLAS J. VARGA

STATE OF CONNECTICUT    )
                        )  ss: Bridgeport, August 21, 2006
COUNTY OF FAIRFIELD     )

I, Douglas J. Varga, being duly sworn, depose and state as follows:

1. I am over the age of 18 years and understand the obligations of an oath.

2. I am one of the attorneys for the defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures, and Taylor Financial Services LLC (collectively "Taylor") in the above-entitled action. I have personal knowledge of the facts set forth in this Affidavit, which I submit in support of Taylor's objection to plaintiffs' Motion to Reopen Case filed on July 31, 2006 ("Motion to Reopen").

3. I have reviewed the Affidavit of James P. Donohue, Jr. dated July 24, 2006 in support of the Motion to Reopen ("Donohue Aff."). In that Affidavit, Mr. Donohue states that no one in his office received electronic notices dated March 23, 2006 and May 2, 2006, and accompanying documents. Donohue Aff. at ¶ 1.

4. Neither Mr. Donohue nor Mr. Crystal at any time during the course of this litigation has communicated to me any concern about any alleged failure to receive communications from the Clerk of the Court via the CM/ECF system.

5. On March 27, 2006, I received via e-mail transmission an electronic notice entitled "NOTICE TO COUNSEL" dated March 23, 2006, and an accompanying document entitled "NOTICE TO COUNSEL PURSUANT TO LOCAL RULE 41(a)," entered on March 23, 2006 and stating, in relevant part, as follows:

> The case below is subject to being dismissed under this rule. Unless a satisfactory explanation of why it should not be dismissed is submitted to the court within twenty (20) days of the date of this notice, by April 12, 2006, it will be dismissed.

A true and correct copy of the NOTICE TO COUNSEL dated March 23, 2006 is attached hereto and incorporated by reference herein as Exhibit A.

6. On May 3, 2006, I received via e-mail transmission an electronic notice entitled "JUDGMENT" dated May 2, 2006, and an accompanying document entitled "JUDGMENT" entered on May 2, 2006 and stating as follows:

> Notice having been given on March 23, 2006 to counsel of record of the proposed dismissal of this case pursuant to Rule 41 of the Rules of Civil Procedure for the United States District Court for the District of Connecticut, and no action having been taken and no satisfactory explanation having been submitted to the court within twenty (20) days thereafter, It is accordingly ORDERED that this case be and is

2

hereby dismissed for want of prosecution.

A true and correct copy of the JUDGMENT dated May 2, 2006 is attached hereto and incorporated by reference herein as Exhibit B.

7.     On August 2, 2006, I spoke with Chrystine W. Cody, Deputy in Charge of the District Court Clerk's office in Bridgeport. Ms. Cody advised me that, according to the Clerk's records, Attorneys Crystal and Donohue had received all Court notices in this matter at the e-mail addresses they submitted to the Court (pg@gtlsny.com and jpd@gtlsny.com), and that the Clerk's office had no record of any such notices being returned undelivered.

8.     On August 2, 2006, I downloaded information form the Court's online docket located at https://ecf.ctd.uscourts.gov/cgi-bin/login.pl. This information includes the Civil Docket history and Attorney listing. True and correct copies of these reports are attached hereto and incorporated by reference herein as Exhibits C and D, respectively.

9.     On August 18, 2006, I spoke with Tanya Graham Nobile, Assistant Systems Manager in the District Court Clerk's office in New Haven. Ms. Graham Nobile stated that if electronic notices are not successfully transmitted, then they are "bounced back" to the clerk's office. In those situations, the Clerk's office calls the attorney to resolve the problem.

10. Ms. Graham Nobile also stated that the initial electronic notice in this matter addressed to pg@gtlsny.com was transmitted in July of 2004, and that the initial electronic notice in this matter addressed to spd@gtlsny.com was transmitted in September of 2004.

11. In his Affidavit, Mr. Donohue represents that he (or someone in his office) served on defense counsel a report from a purported expert. Donohue Aff. at ¶ 4(e) and Exhibit E. Neither I nor any other attorney in my office received a copy of the purported "expert report" until service of the Motion to Reopen. In fact, pursuant to the parties' agreed scheduling order dated May 16, 2005 and entered by the Court on May 25, 2005, plaintiffs were to disclose experts on or before June 21, 2005.

12. I had no communications with Mr. Donohue regarding this case at any time between September 7, 2005 and August 2, 2006.

13. In January of 2006, I became aware of the entry of judgment in Taylor's favor in another federal court action raising claims nearly identical to those raised in this case.

14.  Given the lack of activity on this matter in the preceding six months; the entry of judgment in Taylor's favor in another federal court action raising nearly identical claims; and plaintiffs' failure to respond to either the Court's March 23, 2006 Notice or May 2, 2006 Judgment, I believed that plaintiffs had decided to abandon their claims in this case.

_____
Douglas J. Varga

Subscribed and sworn to before me this 21st day of August, 2006.

_____
Commissioner of the Superior Court

5

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

> James P. Donohue, Jr., Esq.
> David Crystal II, Esq.
> Gilbride Tusa Last & Spellane LLC
> 420 Lexington Avenue
> New York, NY 10170-0105
>
> Jacob A. Stein, Esq.
> Stein, Mitchell & Mezines
> 1100 Connecticut Avenue, N.W. 11th Floor
> Washington, DC 20036

I hereby certify that on August 21, 2006, a copy of the foregoing Affidavit was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Dated at Bridgeport, Connecticut this 21st day of August, 2006.

_____
Douglas J. Varga