UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : Civil Action |
| Plaintiffs, | : No. 3:02 CV 2234 (AWT) |
| v. | : |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : |
| Defendants. | : |

### AFFIDAVIT OF DOUGLAS J. VARGA

STATE OF CONNECTICUT )
) ss: Bridgeport, March 2, 2007
COUNTY OF FAIRFIELD )

I, Douglas J. Varga, being duly sworn, depose and state as follows:

1. I am over the age of 18 years and understand the obligations of an oath.

2. I am an attorney and a member of the law firm of Zeldes, Needle & Cooper, P.C. ("ZNC"), which maintains an office in Bridgeport, Connecticut.

3. Since the commencement of this action, ZNC has been counsel for the defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures, and Taylor Financial Services LLC (collectively "Taylor Companies").

4. I have personal knowledge of the facts set forth in this Affidavit, which I submit in support of Taylor Companies Application for Attorneys' Fees and Costs, as ordered by the Court in its ruling on the plaintiffs' Motion to Reopen Case filed on July 31, 2006 ("Motion to Reopen").

5. I graduated from Vanderbilt University School of Law in 1989. Between 1989 and June of 1997, I practiced in Chicago, Illinois with the firm of Peterson & Ross. Between July of 1997 and January of 1999, I practiced in New York, New York with Peterson & Ross. From January of 1999 through the present, I have practiced with ZNC. I became a shareholder of ZNC in 2001.

6. During the course of my career, my practice has been devoted to federal and state court litigation, as well as proceedings before various public and private administrative agencies and regulatory bodies, and primarily in the areas of ERISA, employment, and commercial litigation. I currently am admitted to the Bars of the States of Connecticut and New York. I also am admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Second and Seventh Circuits, and the United States District Courts for the following Districts: Connecticut; the Southern and Eastern Districts of New York; the Northern, Central, and Southern Districts of Illinois; and Indiana.

7. ZNC's fee agreement with Taylor Companies provides that Taylor Companies will pay for services rendered at the usual hourly rates of ZNC attorneys working on this matter. My colleague, Sarah Poston, and I have had primary responsibility for this matter to date.

8. Plaintiffs initially advised ZNC of their Motion to Reopen on July 24, 2006. The services rendered by ZNC from that date through the present in opposition to the Motion to Reopen, and in preparation of Taylor Companies' Application for Attorneys' Fees and Costs, are described in detail on ZNC's prebill control report ("PCR") for this case, a copy of which is attached hereto as Exhibit A. The PCR identifies specific legal services rendered and disbursements made on Taylor Companies' behalf in opposing the Motion to Reopen, and includes entries for services rendered by me, Ms. Poston, and Meredith Long (a student at the University of Connecticut School of Law who clerked with ZNC during the summer of 2006), who assisted with legal research. The data contained in Exhibit A was derived from handwritten timesheets maintained by attorneys and a law clerk in my office and receipts for disbursements made by my office.

9. The statement of services rendered, the time expended thereon, and the amount of disbursements expended as set forth in the PCR and in this Affidavit accurately reflect ZNC's records with respect to Taylor Companies' account.

10. Between July 2006 and January 2007, Taylor Companies paid ZNC an hourly rate of $300.00 per hour for my time; $250.00 per hour for Ms. Poston's time; and $115.00 per hour for Ms. Long's time. Effective February 1, 2007, my hourly rate and Ms. Poston's hourly rate increased to $325.00 and $275.00, respectively.

3

11. As reflected in Exhibit A, for the period from July 24, 2006 through February 28, 2007, Taylor Companies has incurred attorneys' fees in the amount of $22,535.75 and costs and expenses in the amount of $915.33 in opposing plaintiffs' Motion to Reopen and in preparing their Application for Attorneys' Fees and Costs.

12. The costs for which ZNC has billed Taylor Companies include charges for Westlaw online legal research ($695.01); Federal Express mailings ($37.10); court reporter transcription charges concerning the October 23, 2006 hearing on plaintiffs' Motion to Open ($125.93); and travel expenses to and from Hartford for the October 23, 2006 hearing on plaintiffs' Motion to Open ($57.29). Our office normally bills its clients for all such charges. In my experience, firms of ZNC's size within this District also typically bill their clients for such items.

Dated at Bridgeport, Connecticut this 2nd day of March, 2007.

_____
Douglas J. Varga

Subscribed and Sworn to before me
this 2nd day of March, 2007.

_____
Commissioner of the Superior Court

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

>James P. Donohue, Jr., Esq.
>David Crystal II, Esq.
>Crystal & Donohue
>708 Third Avenue, 26th Floor
>New York, NY  10017
>
>Jacob A. Stein, Esq.
>Stein, Mitchell & Mezines
>1100 Connecticut Avenue, N.W. 11th Floor
>Washington, DC 20036

I hereby certify that on March 2, 2007, a copy of the foregoing Affidavit of Douglas J. Varga was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Dated at Bridgeport, Connecticut this 2nd day of March, 2007.

_____
Douglas J. Varga

8