**EXHIBIT 'D'**

# CRYSTAL & DONOHUE
708 Third Avenue
New York, New York 10017
(212) 692-9030
Fax (212) 661-6328

January 22
By Fax – 203 333-1489

Douglas J. Varga, Esq.
Zeldes Needle & Cooper PC
1000 Lafayette Blvd.
Bridgeport Ct. 06601-1740

Re: Payne et. al. v. Taylor Vision Resources et. al.

Dear Mr. Varga:

This is in response to your letter of December 26, 2006 and the two issues it raised.

<u>The Rescheduing Order</u>

First, with respect to the rescheduling order, I had provided you with a written proposal on November 3, 2006. You did not object to it.

About two weeks later, On November 17, 2006, I confirmed with you in writing the following:

> On a separate matter, we raised in our last communication with you, which you have acknowledged receiving, the format and dates for a new scheduling order. Your letter in response did not take exception with our proposed format or dates
>
> There apparently being no disagreement on the general format of the proposed order, I will proceed to draft a proposed order for your review within the next few days.

As you acknowledged, you called me on November 22, 2006. You acknowledged receiving our letter of November 17, 2006. You did not assert any disagreement with our proposal or any reason not to move forward and certainly did not tell me not to draft a proposed order. Consequently we did as proposed and forwarded to you in December followed the outline of our letters as well as the outline of the previous extension orders, most of which were drafted by your office.

More than a month after that discussion and those letters, you advised me in your letter for the first time that "we are in no position to discuss a revised scheduling order" because the court made it conditional on the "payment of fees". The document I received from the court had no such condition. It stated:

> Minute Entry for proceedings held before Judge Alvin W. Thompson: Motion Hearing held on 10/23/2006 re [57] MOTION to reopen case filed by Robert Payne, Payne Investments LLC. The motion to reopen, the denial of which having been vacated, is granted. Sanctions imposed by the court: plaintiff's counsel shall pay the attorneys' fees and costs that were expended by defendants' counsel regarding this motion. Defendants' counsel shall submit affidavit re: same. The parties shall file an updated scheduling order. 55 minutes (Court Reporter Huntington)(Smith, S.)

Thus it appears the parties were to proceed simultaneously on both issues. If you have some other document which supports your position for delaying submitting the updated scheduling order, please provide it.

Settlement of Fee Issue

With respect to your recollection of the phone discussion on the issue of settlement of those fees, your letter leaves out some important details and does not answer the question we posed to you.

We initially inquired as to whether you wished to fix the amount of fees by agreement in our letter to you of November 3, 2006. You provided your proposed application. By letter of November 11, 2006, we pointed out to you numerous problems with your proposed submission.

Among these problems included failure to distinguish between individual tasks, for which we provided concrete examples, stating:

> With respect to your time and submissions, we would note, at the outset, that a fair review of your time records would indicate that you have not made any effort to distinguish between how time was spent by any one person, on any one day, when they are engaged in several tasks. Anyone reviewing this application, as it is presently written, will have to guess as to the actual breakdown of time spent in defending the motion as opposed to other types of work. Just by way of example, we note that on some entries, time was spent in preparing exhibits, normally a function of a clerical staff member, conferences were held with the client (who submitted no affidavits and did no legal work) and telephone conferences were held with this office (and we were not involved in the defense of this motion) and all these type "services" are then lumped in with other services, such as "drafting" and "research",

Your proposed application also included duplication of effort, in which we pointed out that

> [of the] approximately 70 time entries that are submitted, approximately half are devoted either exclusively or primarily to some sort of conference, either in the office or telephone conferences outside the office, usually with what appears to be the client. As just an example, the first entries submitted are, in pertinent part, as follows:
>
> SWP –Telephone conference with Attorney Crystal…telephone conference with Attorney Lane
>
> JDZ  - Intraoffice conference; telephone conference with Mr. Stein
>
> SWP – Telephone conference with Attorney Crystal…telephone conference with Attorney Stein [plus a review of the expert's report, previously reviewed in the first entry]
>
> JDZ – intraoffice conference; telephone conference with Mr. Stein
>
> SWP – Review motion to reopen [previously reviewed in the first entry] correspondence to Attorney Lane. intraoffice conference… .
>
> \* \* \* \* \*
>
> The likelihood of double billing shows up again and again, even when conferences are not involved.  For example, there are entries for "preparation" for court appearance on one day, and the same "preparation" re-appears in a subsequent entry,

Nevertheless, despite these problems, we did propose a specific amount to settle the issue.

In our subsequent phone conversation you made it clear to me that your client had not given you any authority to settle the fee application.  Nevertheless, you recognized there were problems with the application as it existed and indicated you would try to get authorization for a reduction but only if we agreed, in advance, to increase our offer to the amount you were going to attempt to get authorization to settle.

I believe I made it clear to you that the amount you were seeking to have us "offer" without even having the authorization to accept, would not be offered by this firm and certainly would not be offered if you had no authorization from your client to accept.

Your letter of December 26, 2006, does not set forth that your "proposal" was being made without authorization and that we make an offer that you would then try to

get authority to accept. I made it clear we would not agree to that number, but we would entertain further discussions if you had authority to do so. .

Your letter of December 26, 2006 does not indicate if you now have authority to make this proposal or not.

To make this as clear as possible, if you have authority to make this offer, and wish to confirm that in writing, then we will respond. However, as I told you over the phone in November, while we will respond to any authorized offer, we will not accept your initial unauthorized number, just as your client has (apparently) rejected our proposal.

If your obtain authority to negotiate, we will seek, in good faith, to resolve the issue with you .But if you do not have such authority, it makes no sense to waste your time or mine. This already happened once before, when we attempted to settle the over-all matter and we showed up with our client and your firm showed up with Mr. Taylor's daughter. Thus, if you have authority, let us know and we will respond.

If you do not have authority, then there is nothing for us to respond to. If you are delaying resubmitting the new rescheduling order, pending a resolution of the fee issue, and have no authority to settle the fee issue, then you should not be attempting to delay the rescheduling order by holding up the fee application with the discussion of proposals that you have no authority to make. If no authority to hold a discussion exists, you should file the fee petition and we will respond to the court.

Very truly yours,

James P. Donohue, Jr.

JPD/jd

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                    1751
RECIPIENT ADDRESS           12033331489
DESTINATION ID
ST. TIME                    01/22 15:26
TIME USE                    00'36
PAGES SENT                  4
RESULT                      OK
```

# CRYSTAL & DONOHUE

708 Third Avenue
New York, New York 10017
(212) 692-9030
Fax (212) 661-6328


January 22
By Fax – 203 333-1489

Douglas J. Varga, Esq.
Zeldes Needle & Cooper PC
1000 Lafayette Blvd.
Bridgeport Ct. 06601-1740

Re: Payne et. al. v. Taylor Vision Resources et. al.

Dear Mr. Varga:

This is in response to your letter of December 26, 2006 and the two issues it raised.

### The Reschedulng Order

First, with respect to the rescheduling order, I had provided you with a written proposal on November 3, 2006. You did not object to it.

About two weeks later, On November 17, 2006, I confirmed with you in writing the following:

> On a separate matter, we raised in our last communication with you, which you have acknowledged receiving, the format and dates for a new scheduling order. Your letter in response did not take exception with our proposed format or dates