**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
                               :
ROBERT PAYNE, ET AL.           :
                               :
    Plaintiffs,                :
                               :
    v.                         :   Case No. 3:02CV2234(AWT)
                               :
TAYLOR VISION RESOURCES, ET AL.:
                               :
    Defendants.                :
                               :
-------------------------------x
```

**TRIAL MEMORANDUM ORDER**

It is hereby ORDERED that:

**1.**  The parties shall jointly file with the Office of the Clerk, in one continuous document to be signed by all counsel, a Trial Memorandum for approval by the court.  A courtesy copy shall be submitted to the chambers of the undersigned.

Except as modified hereby, the Trial Memorandum shall be submitted in compliance with Rule 10 of the Local Rules of Civil Procedure and the Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order"), which is included in the Local Rules of Civil Procedure.  The Trial Memorandum shall be filed no later than ___March 10___, 2008.

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION REQUIRED BY THE STANDING ORDER.  IN ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

**Witnesses**:  For each expert witness (see paragraph 10 of the Standing Order), the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely.  Also, state the area of expertise and attach a curriculum vitae, if available.

If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved prior to jury selection.

**Exhibits**:  With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:

**(a)**   The parties shall mark the plaintiff's and the defendant's respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc. and "Defendant's Exhibit 1", etc.) with exhibit stickers, which will be provided by the Clerk's Office upon request.  Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated.

**(b)**   Copies of the actual exhibits shall be exchanged no

later than fourteen (14) days prior to trial.  The

original exhibits (with the exhibit list) and a

complete copy of the exhibits (in a binder) shall

be submitted to the Deputy Clerk at least one (1)

day prior to trial.

**(c)**   All objections to designated exhibits, except as to

relevance, must be filed in writing not later than

three (3) days prior to jury selection, together

with a memorandum citing authorities in support of

the objection, and will be resolved between the

parties or by the court prior to jury selection.

**<u>Jury Instructions</u>**:  The parties shall meet and confer

for the purpose of preparing and filing agreed upon jury

instructions.  The proposed instructions shall be

submitted in the form of one continuous document, which

shall be filed as an attachment to the Trial Memorandum.

The proposed instructions should encompass all

applicable rules of law.  Citations of case law or other

authority should be included in footnotes, and parties

should cite to the applicable page(s) in the case.  If

the parties cannot agree as to the appropriateness of a

particular instruction, the objection should be set

-3-

forth next to or immediately below the proposed

instruction.

Additionally, while counsel must attach any requests for

jury instructions pursuant to paragraph 13 of the

Standing Order, they are <u>not</u> required to submit general

jury instructions which, for example, instruct the jury

on its role, evidence in general, witness credibility,

etc.

**Anticipated Evidentiary Problems**:  The parties shall

attach to the Trial Memorandum motions in limine with

memoranda of law concerning any anticipated evidentiary

problems.  (See paragraph 14 of the Standing Order.)

**Limiting Instructions**:  The parties shall attach to the

trial memorandum any proposed limiting instructions they

feel may be appropriate.  Inclusion of a proposed

limiting instruction will not be construed as a waiver

of any objection to the evidence at issue.

   **2.**  Counsel are requested to submit the Trial Memorandum,

including the proposed jury instructions, on a computer disk

(3.5" disk formatted for Word Perfect 5.1 or higher) to

facilitate the preparation of final documents by the court.

   **3.**  Counsel shall note the following:

   **Stipulations of Fact**:  In the case of a jury trial, the

   stipulation of uncontroverted facts, required by

-4-

paragraph 5 of the Standing Order, will be read to the jury, and no evidence shall be presented on the uncontested facts.

**Availability of Witnesses**:  Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

**4.**  The deadlines established herein may not be modified by agreement of counsel.  These deadlines may be modified only by an order of the court following a request for enlargement of time made by written motion showing good cause, which motion shall be filed no later than five (5) days before the date from which counsel seeks an extension.

It is so ordered.

Dated this 26th day of February, 2008, at Hartford, Connecticut.

_____/s/___AWT_____
Alvin W. Thompson
United States District Judge
