UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : : : | Civil Action |
| Plaintiffs, | : | No. 3:02 CV 2234 (AWT) |
| v. | : : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : : : : : : : : | |
| Defendants. | : | March 10, 2008 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO PRECLUDE EXPERT WITNESS TESTIMONY**

Defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor

Strategic Divestitures, and Taylor Financial Services LLC (collectively, "Taylor

Companies") submit this memorandum in support of their Motion to Preclude Expert

Witness Testimony pursuant to Fed. R. Civ. P. 37(c)(1), and specifically, to preclude

plaintiffs Robert Payne and Payne Investments LLC (collectively, "Payne") from calling

as a witness at trial David B. Epstein, a purported expert witness who was not disclosed

to Taylor Companies either pursuant to this Court's scheduling order, or pursuant to

Fed. R. Civ. P. 26(a)(2).

## A.  PROCEDURAL BACKGROUND

1.      Payne filed his Complaint in this matter on December 16, 2002.

2.      On May 17, 2005, the parties jointly moved to amend the scheduling order

in this case to provide, among other things, for the following deadlines:

| | |
|---|---|
| Completion of Fact Discovery: | June 14, 2005 |
| Plaintiffs to designate trial experts and submit reports pursuant to Fed.R.Civ.P. 26(a)(2): | June 21, 2005 |
| Defendants to complete depositions of Plaintiffs' experts: | July 15, 2005 |
| Defendants to designate trial experts and submit reports pursuant to Fed. R. Civ. P. 26(a)(2): | July 15, 2005 |
| Plaintiffs to complete depositions of Defendants' experts: | August 5, 2005 |

(Docket No. 52).

3.      On May 25, 2005, this Court granted this motion and extended these

deadlines as requested by the parties (Docket No. 53).

4.      Plaintiffs did not designate expert witnesses or provide expert reports

pursuant to Fed. R. Civ. P. 26(a)(2) at any time prior to June 21, 2005.  Affidavit of

Douglas J. Varga dated March 10, 2008 ("Varga Aff."), filed contemporaneously

herewith, at ¶ 10.

5.      On May 2, 2006, this Court entered judgment against Payne (Docket No.

56).

2

6.      On July 31, 2006, Payne filed a Motion to Reopen seeking reinstatement of this case on the Court's docket.  Attached as an exhibit to an Affidavit accompanying that motion was a purported expert witness report dated March 7, 2006, presented by Payne for the first time, and titled "Report of David B. Epstein of Bentley Associates, L.P." (the "Report").

7.      Counsel for Taylor Companies was not provided with the purported Report at any time prior to their receipt of the Affidavit accompanying the Motion to Reopen. Varga Aff. at ¶ 11.

8.      The opinions set forth in the purported Report, furthermore, address factual issues not present in this case including, but not limited to, the following:  (a) the meaning of the title "Managing Director" within the investment banking industry generally, Report at 4-5; (b) the compensation of Managing Directors in Investment Banking Firms generally, Report at 5-6; and (c) a comparison of the agreement between Payne and Taylor Companies to other compensation agreements for Managing Directors within the investment banking industry, Report at 6.  Payne has admitted that the role of managing director at Taylor Companies is not defined by the role of a managing director in the industry generally.  *See* Deposition of Robert Payne (January 23, 2004) at p. 10:16-23 (copy attached at Exhibit 1).

9.      The agreement between Payne and Taylor Companies does not assume or incorporate from the investment banking industry as a whole any definition of the managing director role, or any industry custom and practice relating to compensation of managing directors.

3

10.     The purported Report also includes opinions as to what the contract at issue in this case means; the nature and extent of the parties' obligations under the contract; and the conclusions the jury should reach concerning Taylor Companies' liability on each of Payne's claims.  Report at 6-12.

11.     Douglas J. Varga, one of Taylor Companies' attorneys, has conferred with Kevin W. Gillen, one of Payne's attorneys, about Payne's failure to disclose Mr. Epstein and to provide his report in a timely manner under the Court's order.  While the parties engaged in a good faith effort to resolve defendants' objection to Mr. Epstein's testimony at trial, the dispute was not resolved.  Varga Aff. at ¶¶ 12-13.

### B.   ARGUMENT

Federal Rule of Civil Procedure 26(a)(2)(C) expressly requires parties to disclose expert witnesses "at the times and in the sequence that the court orders."  In this case, the parties agreed to propose June 21, 2005 as the date on or before which Payne was required to disclose his expert witnesses, and the Court so ordered.  Payne has utterly failed to comply with the Court's unequivocal deadline for disclosure of expert witnesses, but nevertheless now seeks to introduce the testimony of a purported expert witness (David Epstein) at trial.

Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.

Courts in this District consistently have granted motions to preclude the
introduction of expert testimony that has not been disclosed within deadlines set by
court order.  In Appelera Corp. v. MJ Research, Inc., 220 F.R.D. 13, 19 (D. Conn.
2004), for example, Judge Arterton precluded the testimony of witnesses who would
offer expert testimony, but who had not been disclosed within the time limits established
by the court's prior scheduling orders.  See also King-Hardy v. Bloomfield Board of
Educ., Case No. Civ. 3:01CV979(PCD), 2002 WL 32506294, *5 (D. Conn. Dec. 8, 2002)
(copy attached hereto at Exhibit 2) (plaintiff's treating physician expressly precluded
from offering expert testimony in light of plaintiff's failure to disclose physician as expert
witness).

The irrelevance of the opinions expressed by plaintiffs' purported expert
constitute another basis on which Mr. Epstein's testimony should be precluded.
Fed.R.Evid. 702 governs the admissibility of expert witness testimony, and provides as
follows:

> If scientific, technical, or other specialized knowledge will assist the trier of
> fact to understand the evidence or to determine a fact in issue, a witness
> qualified as an expert by knowledge, skill, experience, training, or
> education, may testify thereto in the form of an opinion or otherwise, if (1)
> the testimony is based upon sufficient facts or data, (2) the testimony is
> the product of reliable principles and methods, and (3) the witness has
> applied the principles and methods reliably to the facts of the case.

This is a simple breach of contract case.  The issues in dispute include the
services Payne was expected to perform, and in fact did perform, while employed by
Taylor Companies; whether and to what extent he met those expectations with respect
to each of the three deals at issue in this case; and whether Payne was properly
compensated for his work under the terms of the parties' written agreement.  The

written agreement itself will be offered as an exhibit, and the parties will offer testimony

as to the meaning of its terms and as to their performance.  Payne has admitted that

Taylor Companies is not like other investment banks, and that the role of managing

director there would not be the same as the role of managing director at another

investment bank in the industry.  Deposition of Robert Payne (June 23, 2004) at p.

10:16-23.  There is no basis, therefore, to admit plaintiffs' purported expert testimony

about a generalized description of what a managing director does or how one should be

compensated.  *See* Rieger v. Orlor, Inc., 427 F.Supp.2d 99, 103 (D. Conn. 2006) (a

"district court should not admit testimony that is directed solely to lay matters which a

jury is capable of understanding and deciding without the expert's help."); *see also*

Marx & Co., Inc. v. Diners' Club, Inc., 550 F.2d 505, 509 n.11 (2d Cir. 1977) (noting that

"expert testimony concerning the practices of a particular trade or business is not

admissible if, as a matter of substantive law, only the jury's common understanding and

not the customary practices or usages are relevant.") (internal citation omitted).

     Finally, Mr. Epstein's testimony should be precluded because it purports to

answer the very questions the jury is being called upon to decide.  The law is well

established that, while an expert may properly testify in some circumstances about an

ultimate issue of fact in a case, he may usurp neither the judge's authority by instructing

the jury as to the law to be applied, nor the role of the jury in applying the law to the

facts.  Rieger, 427 F.Supp.2d at 103, (the "district court must 'carefully circumscribe [the

use of expert testimony] to assure that the expert does not usurp either the role of the

trial judge . . . or the role of the jury' . . . Thus, 'although an expert may opine on an

issue of fact within the jury's province, he may not give testimony stating ultimate legal

conclusions based on those facts") *quoting* <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1294 (2d Cir. 1991).

Payne intends to use Mr. Epstein's report not only to provide "expert" testimony as to the meaning of the contractual term "managing director" as used in the parties' agreement, but also as to what the parties were required to do under the contract. He also is expected to testify that Payne should receive all of the compensation payments to which he claims entitlement in this lawsuit. Clearly this testimony usurps the role of the jury. In <u>Marx & Co., Inc. v. Diners' Club, Inc.</u>, 550 F.2d 505 (2d Cir. 1977), the trial court admitted the testimony of a lawyer as an expert witness for the plaintiffs in a case arising out of a purchase of plaintiff's assets by defendant. In addition to giving "his opinion as to the legal obligations of the parties under the [stock purchase] contract," the expert "also repeatedly gave his conclusions as to the legal significance of various facts adduced at trial," and his opinion as to the correct resolution of legal issues such as whether the defendant's nonperformance in registering the plaintiffs' stock was excused. <u>Id.</u> at 509-510. All of this testimony was held to be improper. As to the witness's legal conclusions, the Court of Appeals explained, "such testimony 'amounts to no more than an expression of the (witness') general belief as to how the case should be decided.' The admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case." <u>Id.</u> at 511 (quoting <u>McCormick on Evidence</u> § 12 at 26-27).

In this case, as in <u>Marx</u>, Payne seeks to offer expert testimony as to the final issue in the case: whether Taylor Companies is liable to him under the parties' agreement.  As in <u>Marx</u>, such testimony would give the jury the impression that Mr. Epstein, rather than the jury itself, will decide the ultimate issue as to the first four claims in the case.  The proposed testimony, therefore, is improper.

## C. <u>CONCLUSION</u>

Taylor Companies respectfully submits that Payne's attempt to introduce undisclosed expert testimony should not succeed.  Payne's disregard for this Court's scheduling order, including his delay of more than one year in disclosing his expert, and his presentation of the report only *after* judgment had been entered against him and in favor of the defendants, provide ample basis to preclude the testimony.  In addition to these delays, however, the opinions Payne seeks to introduce are not relevant to the issues in disputed in this case, and they purport to instruct the jury as to how to apply the law to the facts.  For all of these reasons, defendants respectfully request that this Court enter an Order pursuant to Fed.R.Civ.P. 37(c)(1) precluding the trial testimony of David B. Epstein.

DEFENDANTS

TAYLOR VISION RESOURCES,
TAYLOR STRATEGIC ACQUISITIONS,
TAYLOR STRATEGIC DIVESTITURES,
and TAYLOR FINANCIAL SERVICES LLC


By:/s/Douglas J. Varga_____
      Douglas J. Varga (ct 18885)
      Sarah W. Poston (ct 19702)

      Zeldes, Needle & Cooper, P.C.
      1000 Lafayette Boulevard
      P. O. Box 1740
      Bridgeport, CT  06601-1740
      Telephone:  203-333-9441
      Facsimile:  203-333-1489
      E-mail:  dvarga@znclaw.com
      E-mail: sposton@znclaw.com

Their Attorneys

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent via United States

Mail, postage prepaid, on this date, to:

        Michael P. Berman, Esq.
        Kevin W. Gillen, Esq.
        Berman and Sable LLC
        One Financial Plaza
        Hartford, CT 06103

        Jacob A. Stein, Esq.
        Stein, Mitchell & Mezines
        1100 Connecticut Avenue, N.W. 11th Floor
        Washington, DC 20036

Dated at Bridgeport, Connecticut this 10th day of March, 2008

        /s/Douglas J. Varga
        Douglas J. Varga

10