# EXHIBIT 2

Not Reported in F.Supp.2d                                                                            Page 1
Not Reported in F.Supp.2d, 2002 WL 32506294 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

King-Hardy v. Bloomfield Bd. of Educ.
D.Conn.,2002.
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Carrie KING-HARDY, Plaintiff,
v.
BLOOMFIELD BOARD OF EDUCATION, et al.,
Defendants.
**No. Civ.3:01CV979 (PCD).**

Dec. 8, 2002.

Kimberly A. Graham, Paul Mpande Ngobeni, Hartford, CT, for Plaintiff.
Brett Michael Szczesny, Stephen P. Fogerty, Halloran & Sage, Westport, CT, James M. Sconzo, Halloran & Sage, Hartford, CT, for Defendants.

*RULINGS ON MOTION TO WITHDRAW ADMISSIONS, MOTION TO PRECLUDE DOCUMENTARY EVIDENCE AND EXPERT WITNESSES, AND MOTION TO VACATE TRIAL PREPARATION ORDER*

DORSEY, J.
*1 Plaintiff moves pursuant to FED. R. CIV. P. 36(b) to withdraw her admissions. Defendants move to preclude documentary evidence pursuant this Court's discovery order of October 12, 2001.[FN1] For the reasons set forth herein, plaintiff's motion to withdraw admissions is denied, defendants' motion to preclude documentary evidence and expert witnesses is granted, and defendants' motion to vacate the Trial Preparation Order is denied.

> FN1. Defendants provide as alternative bases for this motion FED. R. CIV. P. 26, 34 and 37 and D. CONN. L. CIV. R. 9. D. CONN. L. CIV. R. 9 provides that "[n]o motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." As defendants did not confer with plaintiff prior to filing their motion to preclude, they may not resort to these rules.

I. PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS

Plaintiff argues that she is entitled to withdraw admissions because she could not respond properly without conducting discovery and requiring her to do so would force her to concede incorrect facts. Defendants respond that plaintiff's failure to respond to or object to the requests within thirty days constitutes admission pursuant to FED. R. CIV. P. 36(b).

Plaintiff argues the following in support of her motion. On August 1, 2001, she received a request for admissions from defendants before discovery had commenced. Plaintiff's personnel file, which was required to fashion a proper response to the requests, was requested on September 4, 2001, and not received until October 16, 2001.[FN2] Plaintiff also had not received the requested minutes of a special board meeting at which she was terminated as of October 16, 2001. She sought an extension of time "some time after August 1, 2001," but opposing counsel could not be reached. Family illnesses in the families of both plaintiff's counsel and co-counsel further added to the delay.

> FN2. The date of the request itself would be untimely, notwithstanding any subsequent delays in processing the request.

Pursuant to FED. R. CIV. P. 36(a), "[t]he matter [within the request] is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objec-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32506294 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

tion addressed to the matter." FED. R. CIV. P. 36(b) permits the withdrawal of an admission when (1) "the presentation of the merits of the action will be subserved thereby" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."

Plaintiff's justifications for the failure to respond to defendants' requests are inadequate. There is no question that plaintiff failed to respond to defendants' requests for admission within thirty days as required by FED. R. CIV. P. 36(a). Plaintiff's argument that "[i]n order to respond to some of the requests, it was necessary for [her] to conduct discovery" is addressed by FED. R. CIV. P. 36(a), which allows a party to respond with "lack of information or knowledge" when such response is appropriate. The circumstances plaintiff provides as justifying the delay are similarly addressed by FED. R. CIV. P. 36(a), which affords extensions of the thirty-day period "as the court may allow or as the parties may agree to in writing." Plaintiff's single unsuccessful attempt to contact defendants and failure to move for an extension cannot be interpreted as a diligent effort conforming to the requirements of FED. R. CIV. P. 36.

*2 Notwithstanding these deficiencies, plaintiff's motion fails utterly to convey what matters are deemed admitted by her failure to respond, instead placing the burden on defendants to prove that they would not be prejudiced were the motion granted. Although a party objecting to the withdrawal of admissions may be required to establish prejudice, *see Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.Conn.1976), the burden in the first instance is not on the party objecting to the withdrawal. FED. R. CIV. P. 36(b), providing that "the court may permit withdrawal or amendment," makes allowances for, rather than entitles, a party to withdraw an admission. Assuming, arguendo, that the moving party establishes that merits will be served and that the opposing party will not be prejudiced, there is no requirement that the withdrawal be granted. *See Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir.2001) ("Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."); *United States v. Kasuboski,* 834 F.2d 1345, 1350 n. 7 (7th Cir.1987). Such a request to withdraw admissions will be granted "[u]nder compelling circumstances." *Moosman v. Joseph Blitz, Inc.,* 358 F.2d 686, 688 (2d Cir.1966). In light of plaintiff's failure to seek extensions to conform to statutory time periods, failure to articulate precisely what admissions have been made, and failure to articulate how the merits will not be subserved thereby, there is no basis on which to grant her motion.[FN3] The motion is denied.

> FN3. Defendants claim they have established a litigation strategy based on the admissions and would be severely prejudiced in time and expense if required to change directions at this point. No opinion is made as to whether this claimed prejudice is sufficient under FED. R. CIV. P. 36(b).

## II. RULING ON DEFENDANTS' MOTION TO PRECLUDE

Defendants argue that plaintiff's failure to comply with a discovery order [FN4] establishing deadlines for responses to requests for production and disclosure of her expert witness requires that unproduced documents and expert witnesses be precluded from introduction at trial. Plaintiff responds that she has satisfied the requests for production of documents to the extent feasible and that she does not intend to call an expert witness.

> FN4. The parties mischaracterize the order as an order compelling discovery. The order was issued to impose requirements on discovery as a result of issues identified at a pretrial conference, not in response to a motion to compel discovery.

The relevant background for this motion is as

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-02234-AWT    Document 106-3    Filed 03/10/2008    Page 4 of 6

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32506294 (D.Conn.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

follows. On October 12, 2001, a discovery order issued setting forth specific deadlines. All depositions were to be completed by October 16, 2001. Plaintiff was ordered to respond to all outstanding interrogatories and requests for production by October 30, 2001, "to include disclosure of expert witnesses, and the production of all medical records relating to the plaintiff's physical condition (excluding gynecological records) for the past ten years, and records of any treatment for psychological or psychiatric conditions which plaintiff intends to relate to her claims in this case." On October 30, 2001, plaintiff provided documents in response to defendants' outstanding discovery requests. The responses to twenty-six requests for production included fifteen objections for the stated reason "[d]efendants are in possession of any such documents." Plaintiff also responded that the following requests were vague, ambiguous or called for speculation:

*3 "Produce any and all documents that relate or refer to the plaintiff's medical condition as having any adverse impact on her ability to perform her job as a school psychologist."

"Produce any and all documents the plaintiff believes she would have introduced at the 10-151 hearing in opposition to the administration's case that were excluded at the hearing panel."

"Produce any and documents that refer to when plaintiff first learned that her physical condition was having an adverse impact on her job performance."

"Produce any and documents that relate or refer to when the plaintiff first became impaired in her ability to perform the essential functions of her job."

"Produce any and all documents that relate or refer to any stresses in the plaintiff's life besides her health, including but not limited to the health and welfare of her family members and/or any financial difficulties the plaintiff was under from January 1, 1997 to date."

"Produce any and all documents that relate or refer to plaintiff's claim that her alleged disability had an effect on and/or explains the deterioration in her job performance."

"Produce a copy of any diary or other document maintained by plaintiff covering the period from January 1, 1997 or when she was first advised that she had multiple sclerosis, which ever [sic] is earlier, to date."

Plaintiff responded that "documents will be forwarded under separate cover" to one request. In total, of twenty-six requests only three resulted in the production of documents.

Sanctions for violation of a pretrial order are made "upon motion or the judge's own initiative" pursuant to FED. R. CIV. P. 16(f). The rule provides that "[i]f a party or party's attorney fails to obey a ... pretrial order, the judge ... may make such orders with regard thereto as are just." *Id.* FED. R. CIV. P. 16(f) incorporates the sanctions available under FED. R. CIV. P. 37. *Hernandez v. Conriv Realty Assoc.*, 116 F.3d 35, 40 (2d Cir.1997). Thus, a party failing to produce documents which are the subject of a discovery order may be precluded from presenting the same at trial. *Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir.1985); *Rabb v. Amatex Corp.*, 769 F.2d 996 (4th Cir.1985). Although preclusion is "strong medicine," it is necessary under the appropriate circumstances to ensure compliance with the rules of discovery. *Daval Steel Prods., v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.1991). "Modern instruments of discovery serve a useful purpose ... together with pretrial procedures [to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077 (1958).

The relevant question is whether plaintiff has violated the pre-trial order. Reviewing the requests for production and responses by plaintiff thereto, the inescapable conclusion is that plaintiff has violated the order. Much of plaintiff's failure to produce documents exhibits a misapprehension of the broad scope of permissible discovery. "Parties may obtain

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-02234-AWT    Document 106-3    Filed 03/10/2008    Page 5 of 6

Not Reported in F.Supp.2d                                                    Page 4
Not Reported in F.Supp.2d, 2002 WL 32506294 (D.Conn.)
(Cite as: Not Reported in F.Supp.2d)

discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."FED. R. CIV. P. 26(b)(1). The only proscriptions imposed on discovery apply to requests that are irrelevant, "unreasonably cumulative or duplicative," overly "burdensome ... [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit."FED. R. CIV. P. 26(b)(2).

*4 The majority of plaintiff's objections were on the ground that "[d]efendants are in possession of any such documents."This is not an acceptable response to the requests for production. FED. R. CIV. P. 34(a) requires production of any documents "which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.""[A]n assertion that [the party of whom the request is made] is in possession of the information ... sought ... is not a sufficient ground for denying [the request]."*Civil Aeronautics Bd. of Civil Aeronautics Auth. v. Can. Colonial Airways, Inc.,* 41 F.Supp. 1006, 1008 (S.D.N.Y.1940). Failure to produce documents or provide an acceptable response or objection is a violation of the pretrial order and sanction is appropriate. Plaintiff is therefore precluded from introducing documents that could be considered responsive to these requests at trial.

Plaintiff's response to one request for production that "documents will be forwarded" is similarly unacceptable. The discovery order required that plaintiff respond to all requests by October 30, 2001. Plaintiff's response is dated October 30, 2001, but the response indicates the documents will be produced at a later date. This directly violates the pre-trial order. She will be precluded from introducing the documents at trial if not yet produced on the date of this order.

Plaintiff's objection that requests for production are vague is similarly deficient. *See Burns v. Imagine Films Entm't, Inc.,* 164 F.R.D. 589, 592-93 (W.D.N.Y.1996)."Such pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure."*Obiajulu v. City of Rochester, Dep't of Law,* 166 F.R.D. 293, 295 (W.D.N.Y.1996). The response must clearly articulate the specifics of the objection and how the objection relates to documents requested. *Id.* The burden is on the objecting party to justify with particularity its refusal to comply with the request. *Id.*FED. R. CIV. P. 34(b) requires only that a request be made with "reasonable particularity." The requests claimed to be vague or ambiguous or speculative on their face are reasonably particular.

Plaintiff argues that defendants, in requesting "any and all documents the plaintiff believes she would have introduced at the 10-151 hearing," ambiguously used the term "believes" thus improperly calling for speculation as to what she would have introduced had she been permitted. This ambiguity cannot seriously be propounded, as plaintiff cannot "speculate" as to something she herself was denied the right to present at the hearing. The hearing date has passed, and presumably certain documents were admitted and potentially some were not. Plaintiff was obliged to produce those documents if such documents exist.

*5 The remaining objections are of a similar vein. A request for production is to be afforded a reasonable construction, *see Adolph Coors Co. v. Am. Ins. Co.,* 164 F.R.D. 507, 518 (D.Colo.1993), rather than straining to find ambiguity when there is none. The remaining requests are not ambiguous on their face, and plaintiff's arguments to the contrary are without merit. Plaintiff is therefore precluded from presenting evidence at trial not produced in response to the documents requests claimed to be vague.

Defendants also argue that expert testimony should be precluded for plaintiff's failure to identify an expert witness. Plaintiff responds that she "has

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-02234-AWT    Document 106-3    Filed 03/10/2008    Page 6 of 6
Page 6 of 6

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32506294 (D.Conn.)
(Cite as: Not Reported in F.Supp.2d)

Page 5

no intention of calling an expert witness and that is why such a witness was not disclosed. Plaintiff does intend to call the plaintiff's physician as she is a fact witness. Plaintiff's treating physician prepared reports and correspondence addressed to the defendant."

Parties are required to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."FED. R. CIV. P. 26(a)(2)(A). The substance of the disclosure must meet the requirements of FED. R. CIV. P. 26(a)(2)(B),(C). A party who fails to disclose its **expert** witness in accordance with FED. R. CIV. P. 26(a) will not be permitted to use that witness at trial. FED. R. CIV. P. 37(c)(1). Plaintiff will not be permitted to call an **expert** witness at trial, having failed to disclose the same.[FN5] The motion to preclude documents and **expert** witnesses is granted.FN6

> FN5. Provided the substance of her testimony is confined to matters within her personal knowledge, plaintiff's treating physician most likely would not be considered an expert witness triggering the FED. R. CIV. P. 26 disclosure requirements. *See Patel v. Gayes,* 984 F.2d 214, 217 (7th Cir.1993). It would be another matter if the physician testifies to matters not within her personal knowledge or to knowledge acquired in anticipation of litigation. *Id.*

> FN6. Defendants also move for a monetary sanctions against plaintiff. It is not apparent that plaintiff's actions were flagrant or wilful, evincing more than a misunderstanding of the rules of discovery. As such, no monetary sanctions will be awarded.

III. CONCLUSION

Plaintiff's motion to withdraw admissions (Doc. 46) is denied, defendants' motion to preclude documentary evidence and expert witnesses (Docs.49, 52) is granted, and defendants' motion to vacate the Trial Preparation Order (Doc. 58) is denied. The deadlines for the Trial Preparation Order are modified as follows: Section A: April 1, 2002; Section B: April 12, 2002; April 26, 2002. If a motion for summary judgement is to be filed, compliant with the Supplemental Order such will be served on the opposing party by February 11, 2002, the opposition brief shall be served by March 4, 2002, and the motion, opposition and any reply thereto filed in court by March 11, 2002.

SO ORDERED.

D.Conn.,2002.
King-Hardy v. Bloomfield Bd. of Educ.
Not Reported in F.Supp.2d, 2002 WL 32506294 (D.Conn.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.