UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | Civil Action |
| | : | |
| Plaintiffs, | : | No. 3:02 CV 2234 (AWT) |
| v. | : | |
| | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| | : | |
| Defendants. | : | March 10, 2008 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PRECLUDE FACT WITNESS TESTIMONY**

Defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor

Strategic Divestitures, and Taylor Financial Services LLC (collectively, "Taylor

Companies") submit this memorandum in support of their Motion to Preclude Fact

Witness Testimony under Fed. R. Civ. P. 37(c)(1), specifically, to preclude plaintiffs

Robert Payne and Payne Investments LLC (collectively, "Payne") from calling as

witnesses at trial the two fact witnesses identified in the Joint Trial Memorandum –

Thomas Bohle and Eugene Toombs – who were not disclosed to defendants pursuant

to Fed. R. Civ. P. 26(a)(1).

## A.  PROCEDURAL BACKGROUND

1.      Payne filed his Complaint in this matter on December 16, 2002.

2.      On March 30, 2004, Payne submitted to defendants the initial disclosures required by Fed.R.Civ.P. 26(a)(1).  Affidavit of Douglas J. Varga dated March 10, 2008 ("Varga Aff."), filed contemporaneously herewith, at ¶ 3  and Ex. A.

3.      Payne's initial disclosures included a list of 11 individuals who, according to Payne, likely to possess discoverable information concerning his claims and defenses.  Varga Aff. at Ex. A.

4.      Payne's initial disclosures included neither Eugene Toombs nor Thomas Bohle as individuals likely to possess discoverable information concerning his claims and defenses.  Varga Aff. at ¶ 4 and Ex. A.

5.      At no time did Payne amend his Rule 26(a)(1) disclosures to add Mr. Toombs or Mr. Bohle to their list of persons believed to have personal knowledge or information concerning the parties' claims and defenses.   Varga Aff. at ¶ 4.

6.      In reliance on Payne's initial disclosures, Taylor Companies did not conduct any pretrial discovery concerning any knowledge or information possessed by Messrs. Toombs and Bohle concerning the claims and defenses at issue in this case. Had plaintiffs identified those individuals in their initial disclosures, Taylor Companies would have conducted such pretrial discovery.  Varga Aff. at ¶ 5.

7.      Neither Mr. Bohle nor Mr. Toombs has ever been deposed in this matter. Varga Aff. at ¶ 5.

2

8.      Taylor Companies first became aware of Payne's position that Messrs. Toombs and Bohle likely possess discoverable information concerning Payne's claims and defenses in this case upon Payne's submission (on February 20, 2008) of the initial draft of his portion of the parties' Joint Trial Memorandum, in which Payne disclosed both individuals as expected trial witnesses.  Varga Aff. at ¶ 7.

9.      Despite their prior non-disclosure, Payne included both Mr. Toombs and Mr. Bohle in his list of witnesses in his portion of the parties' Joint Trial Memorandum. Varga Aff. at ¶ 6.

10.      Douglas J. Varga, one of Taylor Companies' attorneys, conferred with Kevin W. Gillen, one of Payne's attorneys, in a good faith to attempt to resolve the parties' dispute about the testimony of these two witnesses, plaintiffs refused to remove Mr. Toombs and Mr. Bohle from their witness list, Affidavit of Douglas J. Varga at ¶¶ 12-13, and this motion was therefore necessary.

## B.  ARGUMENT

Payne is attempting to conduct a trial by ambush by offering the testimony of these two people never identified as witnesses prior to Payne's submission of his portion of the parties' Joint Trial Memorandum.  In failing to provide Taylor Companies with the names of these witnesses, Payne has ignored and flouted his Rule 26(a) initial discovery obligations.  Indeed, Payne's eleventh-hour disclosure -- which occurred years after the close of discovery --  has prejudiced Taylor Companies by hindering its ability to defend against Payne's claims in this action.  Accordingly, Taylor Companies moves the Court to enter an order precluding Payne from calling these undisclosed witnesses.

3

1.      **Initial Disclosure Obligations**

Federal Rule 26(a)(1) provides for mandatory disclosures at the onset of federal

litigation and states, in relevant part, as follows:

> A party must, without awaiting a discovery request, provide to other
> parties:
>
> (A) the name, and if known the address and telephone number of
> each individual likely to have discoverable information that the
> disclosing party may use to support its claims or defenses . . .

Fed. R. Civ. P. 26(a)(1).  Rule 26(e)(1), furthermore, creates an affirmative duty for

parties "to supplement . . . its disclosures under subdivision (a) if the party learns that in

some material respect the information disclosed is incomplete or incorrect and if the

additional or corrective information has not otherwise been made known to the other

parties during the discovery process or in writing."   Fed. R. Civ. P. 26(e)(1).

Sanctions for a party's failure to honor its obligations under Rule 26 are

addressed in Federal Rule 37(c)(1), which states, in relevant part, as follows:

> (1) Failure to Disclose or Supplement. If a party fails to provide information
> or identify a witness as required by Rule 26(a) or (e), the party is not
> allowed to use that information or witness to supply evidence on a motion,
> at a hearing, or at a trial, unless the failure was substantially justified or is
> harmless.  In addition to or instead of this sanction, the court, on motion
> and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's
> fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). [1]

Fed. R. Civ. P. 37(c)(1).  The Advisory Committee Notes to this provision states:

Subdivision (c). The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).

**Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.**  As disclosure of evidence offered solely for impeachment purposes is not required under those rules, this preclusion sanction likewise does not apply to that evidence.

Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se

---

[1]  Rule 37(b)(2)(A)(i)-(vi) states:

(2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; …

litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.

Preclusion of evidence is not an effective incentive to compel disclosure of information that, being supportive of the position of the opposing party, might advantageously be concealed by the disclosing party. However, the rule provides the court with a wide range of other sanctions -- such as declaring specified facts to be established, preventing contradictory evidence, or, like spoliation of evidence, allowing the jury to be informed of the fact of nondisclosure--that, though not self-executing, can be imposed when found to be warranted after a hearing.  The failure to identify a witness or document in a disclosure statement would be admissible under the Federal Rules of Evidence under the same principles that allow a party's interrogatory answers to be offered against it.

Fed.R.Civ.P. 37 (emphasis added).

**2.    Sanctions for Failure to Comply with Initial Disclosure Obligations**

The obvious purpose of Rule 26(a)(1) "is to prevent parties from 'sandbagging' an opposing party with new evidence."  Rhone v. U.S., 2007 WL 3340836 (S.D.N.Y. Nov. 9, 2007) (copy attached hereto at Tab 1).   The appropriate sanction for violation of initial disclosure obligation is clear:  "Failure to satisfy these obligations precludes a party from using the withheld information as evidence at trial."  Alfano v. Nat'l Geographic Channel, 2007 WL 2982757 (E.D.N.Y. Sept. 20, 2007) (copy attached hereto at Tab 2) (emphasis added).

Many courts have held that the sanction under Rule 37(c)(1) is automatic.  See Westefer v. Snyder, 422 F.3d 570, 584 n. 21 (7th Cir. 2005) (the sanction of exclusion under Rule 37(c)(1) is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.") (internal quotations and citations omitted); Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001) ("[E]ven absent a showing in the record of bad faith or willfulness,

exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).").

Sanctions under Rule 37(c)(1) are "self-executing," and require no showing of subjective bad faith by the non-complying party.  <u>Design Strategy, Inc. v. Davis</u> 469 F.3d 284, 296 (2d Cir. 2006).  While the Second Circuit has held that the preclusion of evidence and witnesses not properly disclosed under Rule 26(a)(1) is not necessarily mandatory, <u>id</u>. at 297-98, the sanction is entirely appropriate here.  Courts specifically have precluded evidence not disclosed until, as in this case, the submission of a pretrial memorandum.  <u>See</u>, <u>e.g.</u>, <u>Gilvin v. Fire</u>, 2002 WL 32170943 at *3 (D.D.C. Aug.16, 2002) ("At no time prior to filing the Pretrial Statement did Plaintiff identify any actual damages resulting from [defendant's conduct], let alone provide a computation of such damages in accordance with Fed.R.Civ.P. 26(a)(1)(C) ....  Because Plaintiff failed to provide Defendant with a computation of his damages ... and failed to provide any factual basis whatsoever for the claim, Plaintiff may not present evidence at trial of those damages.").

Despite his obligations under Rule 26(a)(1), Payne has provided Taylor Companies, at the eleventh hour, with the names of Mr. Toombs and Mr. Bohle.  This conduct clearly contravenes Rule 26(a)(1)'s requirement that a party initially disclose to the opposing party -- *at the beginning of the litigation* --  the name of each individual likely to possess discoverable information concerning that party's claims and defenses.  Indeed, until February 20, 2008, Taylor Companies had *no notice whatsoever* that these individuals possessed such information, much less that Payne intended to call these witnesses to support his claims.  Varga Aff. at ¶ 8.  Payne's failure to provide Taylor

Companies with this information after the close of discovery greatly impedes Taylor Companies' ability to defend against Payne's claims and prepare this matter for trial.

## C. **CONCLUSION**

Payne's transparent attempt to introduce new evidence into this case at this late date, in plain violation of the requirements of Fed.R.Civ.P. 26 (a)(1), must not succeed. Payne's disregard for Rule 26(a) is without justification.  Thus, Taylor Companies respectfully requests that this Court enter an Order pursuant to Fed.R.Civ.P. 37(c)(1) precluding the trial testimony of Payne's undisclosed witnesses, Thomas Bohle and Eugene Toombs.

DEFENDANTS
TAYLOR VISION RESOURCES,
TAYLOR STRATEGIC ACQUISITIONS,
TAYLOR STRATEGIC DIVESTITURES,
and TAYLOR FINANCIAL SERVICES LLC

By: /s/Douglas J. Varga
    Douglas J. Varga (ct 18885)
    Sarah W. Poston (ct 19702)

    Zeldes, Needle & Cooper, P.C.
    1000 Lafayette Boulevard
    P. O. Box 1740
    Bridgeport, CT  06601-1740
    Telephone:  203-333-9441
    Facsimile:  203-333-1489
    E-mail:  dvarga@znclaw.com
    E-mail: sposton@znclaw.com

Their Attorneys

8

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing has been sent via United States

Mail, postage prepaid, on this date, to:

Michael P. Berman, Esq.
Kevin W. Gillen, Esq.
Berman and Sable LLC
One Financial Plaza
Hartford, CT 06103

Jacob A. Stein, Esq.
Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W. 11th Floor
Washington, DC 20036

Dated at Bridgeport, Connecticut this 10th day of March, 2008

/s/Douglas J. Varga
Douglas J. Varga