# EXHIBIT 2

**Westlaw.**

Slip Copy
Slip Copy, 2007 WL 2982757 (E.D.N.Y.)
(Cite as: Slip Copy)

Page 1

**H**
**Alfano** v. National **Geographic** Channel
E.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. New York.
Robert **ALFANO**, Plaintiff,
v.
NATIONAL **GEOGRAPHIC** CHANNEL, et al.,
Defendants.
**No. CV 06-3511(NG)(JO).**

Oct. 5, 2007.

Carol E. Owens, Harris Beach, PLLC, H. Todd Bullard, Harris Beach LLP, Pittsford, NY, Louis Grandelli, Louis Grandelli, PC, New York, NY, for Plaintiff.
Christopher Healy, John Hooper, Edwards Angell Palmer & Dodge LLP, New York, NY, Stephen M. Prignano, Edwards Angell Palmer & Dodge LLP, Providence, RI, for National Geographic Channel, National Geographic Holdings, Inc.
Jeffrey Len Loop, Zachary W. Carter, Dorsey & Whitey LLP, New York, NY, for Corbis Corporation.

**ORDER**

JAMES ORENSTEIN, Magistrate Judge.

*1 Following the close of discovery and the submission of a proposed Joint Pretrial Order (the "JPTO"), plaintiff Robert Alfano ("Alfano") seeks to amend the JPTO by listing Gary Galli ("Galli") as a potential trial witness. DE 70 ("Alfano Letter"). Defendants NGHT, Inc., NGC Network U.S., LLC (collectively "NG"), and Corbis Corporation oppose the amendment on the ground that Alfano has failed to satisfy his disclosure obligations with respect to Galli. DE 72 ("NG Letter"); DE 71 ("Corbis Letter"). For the reasons set forth below, I deny Alfano's request.[FN1]

> FN1. Alfano also named Greg Auteri ("Auteri") as a second potential witness whose name he would like to add to the JPTO. Auteri, however, "is unable to participate in the matter."Alfano Letter at 2. I therefore assume that the dispute about Auteri is moot, and that the proposed addition of Galli's name is the only live issue. Nevertheless, to avoid any misunderstanding, I note that I would reach the same result with respect to Auteri as I do with respect to Galli, for the same reasons discussed below. I also note that in a letter reply to the defendants' opposition, Alfano mentioned still another new potential witness named Paul Mazzilli ("Mazzilli"). DE 74. Because Alfano had not yet discussed with his adversaries his desire to add Mazzilli's name to the JPTO, I denied Alfano's application for such relief without prejudice to renewal after conferring with the defendants in an attempt to secure consent. Electronic Order dated September 25, 2007.

A party to a federal civil lawsuit must at the outset of the litigation disclose to its opponent the name of and contact information for "each individual likely to have discoverable information that the disclosing party may use to support its claims ...." Fed.R.Civ.P. 26(a)(1)(A). Such initial disclosures must be made based on "information then reasonably available" to the disclosing party, regardless of whether that party has yet to complete its investigation of the case. Fed.R.Civ.P. 26(a)(1) (E). A party is also under an affirmative duty to supplement incomplete or incorrect disclosures with later-acquired information that has not otherwise been made known to its opponent during discovery. Fed.R.Civ.P. 26(e)(1). Failure to satisfy these obligations precludes a party from using the withheld information as evidence at trial. Fed.R.Civ.P. 37(c)(1); *Stover v. Northland Group, Inc.,* 2007 WL 1969724, at *2-*3 (W.D.N.Y. July 6, 2007) (precluding testimony of witness where party failed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                         Page 2
Slip Copy, 2007 WL 2982757 (E.D.N.Y.)
**(Cite as: Slip Copy)**

to include witness in Rule 26(a) disclosures or to identify witness in response to opponent's interrogatories); *Design Strategies, Inc. v. Davis,* 367 F.Supp.2d 630, 634 (S.D.N.Y.2005) (the sanction of preclusion under Rule 37(c)(1) "is automatic absent a determination of substantial justification or harmlessness") (quoting *American Stock Exchange, LLC. v. Mopex, Inc.,* 215 F.R.D. 87, 93 (S.D.N.Y.2002) (internal citations omitted)).

Alfano does not dispute the fact that he omitted Galli from his Rule 26 disclosures, nor does Alfano argue that he provided any supplemental disclosure to the defendants of Galli's status as a person upon whom Alfano might call to support his claims. *See* Alfano Letter at 2; NG Letter Ex. A. Rather, Alfano argues that he satisfied his disclosure obligations by identifying Galli as a potential investor in a real estate project (the "86th Street Project") during his deposition on June 4, 2007. Transcript of Deposition of Robert Alfano 146 (reprinted in Alfano Letter Ex. B). Alternatively, Alfano suggests that his failure to disclose Galli should be excused due to the difficulty Alfano encountered in securing Galli's commitment to testify. *Id.* at 2. Neither argument is persuasive.

As to the first point, Alfano's mere mention of Galli during his deposition was patently insufficient to alert the defendants to the salient point: that Alfano might call Galli to testify in support of Alfano's claims. It is the latter information that is conveyed by the disclosures required under Rule 26(a)(1)-not merely that a person is a potential source of information, but that the party may call upon him to provide it-and that fairly alerts any adverse party of the potential need to take discovery of the person so named.

*2 Alfano's second argument, that he deferred providing notice of Galli's potential testimony until he had overcome Galli's unwillingness to appear, is flatly inconsistent with the rules of discovery. Those rules require the disclosure of any witness a party *may* call at trial, Fed.R.Civ.P. 26(a)(1)(A), not simply those that the party has finally determined, to some undefined degree of certainty, that he *will* call to the stand. Any other reading of the rule would promote undue delay and gamesmanship in the discovery process, and is therefore prohibited pursuant to the very first rule of civil procedure: "These rules .... shall be construed and administered to secure the just, speed, and inexpensive determination of every action."Fed.R.Civ.P. 1. If Alfano had only recently learned that Galli had discoverable information, my analysis-and the result-would be quite different. But the excerpts of deposition testimony that Alfano has attached to his motion make clear that he has been aware of Galli's status as a potential witness from the outset. *See* Alfano Letter Ex. B.

Galli's initial reluctance to participate in this litigation does not substantially justify Alfano's failure to disclose his name under Rule 26. Moreover, even if I were inclined to overlook the Rule 26 violation, I would not overlook Alfano's further abuse of the discovery process in responding to the defendants' specific requests. On April 6, 2007, Corbis asked Alfano to provide, in addition to other information, the answers to the following interrogatories:

11. Please identify and describe any and all attempts by Plaintiff, his agents or his representatives to securing funding, investment or other financial participation, whether monetary or in-kind, and whether successful or not, in connection with the 86th Street Property, including but not limited to, the source(s) of the funding sought, including, but not limited to, the identity of each and every entity from which such funding, investment or financial participation was sought.

12. Please identify and describe any and all sources of funding, investment or other financial participation, whether monetary or in-kind, Plaintiff has or had arranged for or secured in connection with the 86th Street Property.

Corbis Letter at 2 n. 2. There is no dispute that Galli's name was responsive to both of those interrogatories. Even if Alfano had not yet decided to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2007 WL 2982757 (E.D.N.Y.)  
**(Cite as: Slip Copy)**

Page 3

call Galli as a witness, he had no unilateral right to deprive the defendants of their opportunity to assess the utility of Galli's information by withholding his name. *See*Fed.R.Civ.P. 33 ("Each interrogatory shall be answered separately and *fully* in writing under oath....") (emphasis added).

Discovery has closed. Allowing Alfano to add Galli's name to the JPTO would therefore result in one of two forms of unfairness: it would either allow him to present Galli's testimony without the level of pretrial disclosure that would put the defendants in a position fairly to meet it, or it would require me to re-open discovery for extensive and costly proceedings to explore not only Galli's testimony, but other information, including the testimony of several other witnesses, pertinent to the subject matter of that testimony. In short, Alfano's abuse of the discovery process has created a situation in which one side or the other must bear a burden that timely disclosure would have avoided: either Alfano must do without testimony he deems relevant and useful, or the defendants must choose between added litigation costs and lack of preparation for trial. Since I must decide which party should bear the burden of Alfano's improper discovery tactics, I conclude it is only fair that Alfano himself should do so.

*3 For the reasons set forth above, I deny plaintiff Robert Alfano's request to amend the Joint Pretrial Order by adding the name of Gary Galli as a potential trial witness.

**SO ORDERED.**

E.D.N.Y.,2007.  
Alfano v. National Geographic Channel  
Slip Copy, 2007 WL 2982757 (E.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.