UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | Civil Action |
| Plaintiffs, | : | No. 3:02 CV 2234 (AWT) |
| v. | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| Defendants. | : | |

### AFFIDAVIT OF DOUGLAS J. VARGA

STATE OF CONNECTICUT    )
                         )    ss: Bridgeport, March 10, 2008
COUNTY OF FAIRFIELD      )

I, Douglas J. Varga, being duly sworn, depose and state as follows:

1. I am over the age of 18 years and understand the obligations of an oath.

2. I am one of the attorneys for the defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures, and Taylor Financial Services LLC (collectively "Taylor Companies") in the above-entitled action. I have personal knowledge of the facts set forth in this Affidavit, which I submit pursuant to Fed.R.Civ.P. 37(c)(1) and Local Civil Rule 37(a) and in support of Taylor's Motions to Preclude Expert Witness Testimony and Motion to preclude Fact Witness Testimony, each filed on March 10, 2008.

3. On or about March 30, 2004, plaintiffs Robert Payne and Payne Investments LLC (collectively, "Payne") served initial disclosures pursuant o Fed.R.Civ.P. 26(a)(1), a true and correct copy of which is attached to this Affidavit at Exhibit A.

4. In his initial disclosures, Payne did not identify either Eugene Toombs or Thomas Bohle as individuals likely to possess discoverable information concerning Payne's claims and defenses in this case, or the subjects of any such discoverable information. Payne also at no time supplemented his initial disclosures pursuant to Fed.R.Civ.P. 26(e) to identify either Mr. Toombs or Mr. Bohle.

5. In reliance on Payne's initial disclosures, Taylor Companies did not conduct any pretrial discovery concerning any knowledge or information possessed by Messrs. Toombs and Bohle concerning the claims and defenses at issue in this case. Had plaintiffs identified those individuals in their initial disclosures, Taylor Companies would have conducted such pretrial discovery.

6. In his portion of the parties' Joint Trial Memorandum, Payne has disclosed Messrs. Toombs and Bohle as expected trial witnesses.

7. Taylor Companies first became aware of Payne's position that Messrs. Toombs and Bohle likely possess discoverable information concerning Payne's claims and defenses in this case upon Payne's submission (on February 20, 2008) of the initial draft of his position of the parties' Joint Trial Memorandum, in which Payne disclosed both individuals as expected trial witnesses.

8. In his portion of the parties' Joint Trial Memorandum, Payne also states his intention to call Mr. David Epstein as an expert witness, and to introduce a purported "report" prepared by Mr. Epstein.

9. Pursuant to the parties' agreed scheduling order dated May 16, 2005 (Docket No. 52) and entered by the Court on May 25, 2005 (Docket No. 53), Payne was required to disclose any trial experts on or before June 21, 2005.

10. Payne did not disclose the existence of any expert witnesses or serve any expert reports in accordance with Fed.R.Civ.P. 26(a)(2) on or before June 21, 2005.

11. Neither I nor any other attorney in my office knew of Mr. Epstein's existence; knew of his alleged retention as Paynes' expert witness; or received a copy of the purported "expert report" until service of Payne's Motion to Reopen dated July 31, 2006 (Docket No. 57). In fact, I had no communications with Payne's prior counsel (James Donohue) regarding any aspect of this case at any time between September 7, 2005 and August 2, 2006.

12. On March 7, 2008, I conferred with Kevin W. Gillen, one of the attorneys representing Payne in this matter, regarding Taylor Companies' position that Messrs. Epstein, Toombs, and Bohle were not properly disclosed and should not be permitted to testify at trial. Mr. Gillen confirmed that Payne did not agree with Taylor Companies' position and would not agree to withdraw Messrs. Epstein, Toombs, and Bohle from Payne's list of anticipated witnesses at trial.

13. Although I have on conferred with opposing counsel in a good faith effort to eliminate or reduce the area of controversy concerning the proposed trial testimony of these three witnesses, the parties have been unable to arrive at a mutually satisfactory resolution without intervention by the Court.

_____
Douglas J. Varga

Subscribed and sworn to before me this 10th day of March, 2008.

_____
Commissioner of the Superior Court

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via United States Mail, postage prepaid, on this date, to:

>Michael P. Berman, Esq.
>Kevin W. Gillen, Esq.
>Berman and Sable LLC
>One Financial Plaza
>Hartford, CT 06103
>
>Jacob A. Stein, Esq.
>Stein, Mitchell & Mezines
>1100 Connecticut Avenue, N.W. 11th Floor
>Washington, DC 20036

Dated at Bridgeport, Connecticut this 10th day of March, 2008

_____
Douglas J. Varga