**TAB F – PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND DEFENDANTS' OBJECTIONS**

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### (HARTFORD)

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE | : | |
| INVESTMENTS LLC, | : | CIV. ACTION NO.: |
| Plaintiffs, | : | 3:02CV02234 (AWT) |
| | : | |
| v. | : | |
| | : | |
| TAYLOR VISION RESOURCES, | : | |
| TAYLOR STRATEGIC ACQUISITIONS, | : | |
| TAYLOR STRATEGIC DIVESTITURES, | : | |
| and TAYLOR FINANCIAL SERVICES | : | |
| LLC, all defendants collectively | : | |
| operating under the name | : | |
| TAYLOR COMPANIES, | : | |
| Defendants. | : | March 11, 2008 |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

The plaintiffs, Robert Payne and Payne Investments, LLC, hereby respectfully request

that the Court incorporate the following, as part of the jury instructions to be given by the Court

in the above-captioned case:

INTRODUCTION

The plaintiffs have ten (10) claims for relief in their Complaint (the Eighth Claim for

Relief, which sought an accounting of sums received by the defendants, is no longer claimed and

is rendered moot). The first seven (7) claims for relief relate to the plaintiffs' contention that the

defendants breached a written employment contract.

To state a claim for breach of contract, the plaintiff must show (1) the formation of an

agreement, (2) performance by one party, (3) a breach of the agreement by the other party, and

(4) damages. Bouchard v. Sundberg, 80 Conn.App. 180, 189 (2003).

With respect to the first element, in the trial the plaintiffs presented a letter agreement which was sent to Robert Payne by the defendants, dated November 20, 1999, offering Mr. Payne the position of Managing Director with their company, pursuant to the parties "mutual understanding". This letter agreement is sufficient to be a contract. You were presented evidence of the second element in that Mr. Payne rendered specific services pursuant to the agreement, for which Mr. Payne claims that he was not fully compensated. Mr. Payne's evidence that the agreement was breached by the defendants' failure and/or refusal to fully compensate him and the damages he alleges to have suffered by virtue of that failure and/or refusal, fulfill the third and fourth elements of the plaintiffs' breach of contract claim.

You must review the contents of the letter of November 20, 1999, from the defendants to Robert Payne, and determine whether, by a preponderance of evidence presented by the Plaintiffs during the trial, the defendants breached that contract and, if so, decide the amount of damages that the plaintiffs are entitled to receive.

During the trial, the Plaintiffs presented evidence that, at some point in performing his duties as Managing Director on the Dow/Sentrachem project, it became apparent to Robert Payne that the Defendants were not honoring their agreement to pay him the compensation due and owing to him under the employment agreement. After contract closure on that transaction, Robert Payne permitted another executive with the Defendants to close the Sentrachem deal.

Pursuant to well-established case law, a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach. See Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 500 F.3d 171 (2007); See also, Hadden v. Consol. Edison Co. of N.Y., 34 N.Y.2d

88, 96, 356 N.Y.S.2d 249, 312 N.E.2d 445 (1974) (assessing substantial performance on basis of

several factors, such as the absolute and relative magnitude of default, its effect on the contract's

purpose, willfulness, and degree to which injured party has benefited under contract); See also,

O'Connell Management Co., Inc. v. Carlyle-XIII Managers, Inc., 765 F.Supp. 779, 783 (D.Mass.

1991) ("It is well established that a material breach by one party excuses the other party from

further performance under the contract.").

 Therefore, if you decide that Robert Payne performed his duties as Managing Director on

the Dow/Sentrachem project and permitted another executive of the Defendants to complete the

deal because of the Defendants failure and/or refusal to pay him for his work pursuant to the

employment agreement, and that such failure and/or refusal on the part of the Defendants was a

material breach of the employment agreement, then you must find that Robert Payne was

excused from continuing performance under the employment agreement for that transaction and

he is entitled to his full commission under his employment agreement for the Dow/Sentrachem

transaction.

 In their Ninth Claim for Relief, the plaintiffs pled "unjust enrichment" as an alternative

claim. Unjust enrichment is an equitable remedy, or in other words, a "fairness" remedy. Parties

are generally precluded from seeking the equitable remedy of unjust enrichment in the presence

of a contract that is enforceable at law (i.e., a valid and enforceable written contract). See

Polverari v. Peatt, 29 Conn. App. 101, 199 (1992). However, if the letter of November 20, 1999

is incomplete, an "implied contract" may be found to exist. Under a theory of implied contract

the plaintiffs are allowed to show that the conduct and acts of the parties demonstrated that some

agreement existed between the parties, and that the agreement was breached. See United Steel,

Inc. v. Haynes Const. Co., CV054003498, 2006 WL 164812, at *3 (finding that claim for unjust enrichment could be pled as an alternative claim where a remedy under a contract may exist).

An implied-in-law contract is "not a contract, but an obligation which the law creates out of the circumstances present, even though a party did not assume the obligation.... It is based on equitable principles to operate whenever justice requires compensation to be made." (Internal quotation marks omitted.) Yale Diagnostic Radiology v. Estate of Fountain, 267 Conn. 351, 359, 838 A.2d 179 (2004). An implied in law contract may arise due to one party being unjustly enriched by the activities of and to the detriment of the other party. See id., at 360. Accordingly, an implied-in-law contract is another name for a claim for unjust enrichment. See Meaney v. Connecticut Hospital Assn., Inc., 250 Conn. 500, 511, 735 A.2d 813 (1999) (observing that claim for unjust enrichment is sometimes denominated implied-in-law claim or quasi-contract claim); see also, Am.Jur.2d 604, Restitution and Implied Contracts § 8 (2001) ("[u]njust enrichment is also referred to as ... a contract implied in law"). "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." Gagne v. Vaccaro, 255 Conn. 390, 408, 766 A.2d 416 (2001) (quoting Franks v. Lockwood, 146 Conn. 273, 278, 150 A.2d 215 (1959)). The elements of the claim are that, "(1) the defendant benefited; (2) the defendant unjustly failed to pay the plaintiff for the benefits; and (3) the failure of payment was to the plaintiff's detriment." Kull v. Davidoff of Geneva, No. 01-CIV-4821, 2004 WL 1418088, at *15 (S.D.N.Y. June 23, 2004) (citing Gagne, supra at 409). In determining the plaintiffs' claim you, as the trier of fact, must examine the particular circumstances and the conduct of the parties to determine if the defendants were

unjustly enriched to the plaintiffs' detriment. See, e.g., Cecio Bros., Inc. v. Greenwich, supra,

156 Conn. at 564-65.

In other words, you must determine whether the Plaintiffs proved by a preponderance of

the evidence that the defendants in this case were benefited by the services rendered on their

behalf by Robert Payne; that the defendants' unjustly failed to pay Robert Payne for the services

he rendered; and, that Robert Payne suffered damages by virtue of the defendants' failure to pay

him.

In their Tenth Claim for Relief, the plaintiffs have pled "promissory estoppel" as an

alternate theory of recovery.  The doctrine of promissory estoppel can sometimes provide a

remedy where the underlying agreement is unenforceable. "Generally, promissory estoppel lies

where there is no written contract or where the contract cannot be enforced." Sav. Bank of

Rockville v. Wielgos, No. CV970065409, 2001 WL 835411, at *5 (Conn.Super. June 27, 2001),

citing Lark v. Post Newsweek Stations Conn., No. CV940705326, 1995 WL 491290

(Conn.Super. Aug. 9, 1995); see also Kleinberg v. Radian Group, Inc., 2002 WL 31422884, at *9

(S.D.N.Y. Oct. 29, 2002), Foxley v. Sotheby's Inc., 893 F.Supp. 1224, 1234 (S.D.N.Y.1995),

Wood v. Sempra Energy Trading Corp., No. 03CV986, 2005 WL 465423, at *11, (D.Conn. Feb.

22, 2005).

Therefore, if the letter of November 20, 1999 is incomplete, you may consider as a

remedy available to the plaintiffs, the theory of promissory estoppel.  In Connecticut, to recover

on a theory of promissory estoppel, a plaintiff must plead and prove four elements: 1) the

promisor (here, the defendants) made a clear and definite promise; 2) the promisee (here, the

Plaintiffs) reasonably relied on the promise; 3) the promise induced the action taken by the

Plaintiffs; and 4) injustice can be avoided only by enforcement of the promise. <u>Adair v. Pfizer, Inc.</u>, 245 F.Supp.2d 437(D.Conn.2003); <u>Tabora v. Amdour, Inc., 2002 WL 652815, 2002 Conn.Super. LEXIS 939, *7 (Conn.Super.2002)</u>.

The doctrine of promissory estoppel dictates that a promise is binding "if injustice can be avoided only by enforcement of the promise." <u>Restatement (Second) of Contracts § 90 (1973)</u> (emphasis added); <u>see</u> <u>also</u> <u>Glazer v. Dress Barn</u>, 274 Conn. 33, 88-89, 873 A.2d 929 (2005) (holding a jury may consider in the alternative claims for breach of contract and promissory estoppel when there is an issue of whether the agreement may be too indefinite to allow for contract formation). Section 90 of the Restatement (Second) of Contracts states that, under the doctrine of promissory estoppel, [a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee, or a third person, and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. [1 <u>Restatement (Second), Contracts § 90, p. 242 (1981)</u>.]

A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. <u>Stewart v. Cendant Mobility Services Corp.</u>, 267 Conn. 96, 837 A.2d 736 (2003).

Therefore, under the remedy of promissory estoppel, you must determine by a preponderance of the evidence presented by the Plaintiffs, whether a clear and definite promise was made to Robert Payne; whether Robert Payne reasonably relied upon that promise; whether that promise induced the actions taken by Robert Payne in rendering services on behalf of the defendants; and, if injustice can be avoided by enforcement of the promise.

86

If you determine that a valid contract existed between the Plaintiffs and the Defendants and that the Plaintiffs performed their duties pursuant to that contract and the Defendants breached the contract, in their failure and/or refusal to compensate the Plaintiffs pursuant to the terms of said contract, and that the Plaintiffs suffered damages as a result of Defendants' breach; or if you find the defendants were unjustly enriched by the activities of Robert Payne and that the Plaintiffs suffered a loss by not being paid for these services; or if you find that the defendants made a promise to Robert Payne, which Robert Payne reasonably relied on and acted on to the benefit of the Defendants, and that not compensating the Plaintiffs would be an injustice, then you must assess the amount of damages suffered by the Plaintiffs. See Paolitto v. John Brown E. & C. Inc., 151 F.3d (C.A. 2. Conn.1998) (calculation of damages is generally within the province of the jury); see also, Hughes v. Lamay, 89 Conn. App. 378 (2005) (the amount of a damages award is a matter peculiarly within the province of the trier of fact). The measure of damages for a breach of contract is the loss which the injured party has thereby sustained. See Chila v. Stuart, 81 Conn.App. 458 (2004).  In this case the damages suffered by the Plaintiffs under breach of contract, unjust enrichment or promissory estoppel are the same.

In deciding how much damages the Plaintiffs are entitled to receive as a result of the Defendants' failure to pay the Plaintiffs the full amount of their claim, you may also decide, for reasons of fairness, that the Plaintiffs are entitled to interest on their claims.  'It is clear that Connecticut case law establishes that prejudgment interest is to be awarded if, in the discretion of the trier of fact, equitable considerations deem that it is warranted.' Paulus v. LaSala, 56 Conn.App. 139, 147, 742 A.2d 379 (1999), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000).

Under the law in Connecticut (Conn. Gen. Stat. § 37-3a), you may award interest at the

rate of ten (10%) percent per year upon the amount of money that the Plaintiffs were deprived of.

To award interest under § 37-3a two components must be present. First, the claim to which the

prejudgment interest attaches must be a claim for a liquidated sum of money wrongfully

withheld and, second, the you must find, in your discretion, that equitable considerations warrant

the payment of interest. See Fitzpatrick v. Scalzi, 72 Conn.App. 779, 788, 806 A.2d 593 (2002).

Prejudgment interest pursuant to § 37-3a has been applied to breach of contract claims for

liquidated damages, namely, where a party claims that a specified sum under the terms of a

contract, or a sum to be determined by the terms of the contract, owed to that party has been

detained by another party.' Foley v. Huntington Co., 42 Conn.App. 712, 740, 682 A.2d 1026,

cert. denied, 239 Conn. 931, 683 A.2d 397 (1996).    '[T]he determination of whether interest

pursuant to § 37-3a should be awarded is a question for the trier of fact.' Id., at 738, 682 A.2d

1026. Prejudgment interest in accordance with § 37-3a normally is awarded for money

wrongfully withheld, and provides for interest on money that is detained after it becomes due and

payable. Ceci Brothers, Inc. v. Five Twenty-One Corporation, et al., 81 Conn. App. 419, 427

(2004).

Interest can start to run from the date you determine the Plaintiffs should have received their

money, to today, or the date payment was made.  The start date for the running of interest may be

different for different amounts which you find should have been paid.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | Civil Action |
| | : | |
| | : | No. 3:02 CV 2234 (AWT) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | : | |
| | : | |
| Defendants. | : | MARCH 11, 2008 |

## DEFENDANTS' OBJECTIONS TO
## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Defendants Taylor Vision Resources, Taylor Strategic Acquisitions, Taylor Strategic Divestitures, and Taylor Financial Services LLC (collectively, "Taylor Companies") hereby object to the plaintiffs' proposed jury instructions. Each of plaintiffs' proposed instructions will be set forth below, followed by defendants' objection(s) thereto, as follows:

**Plaintiffs' Proposed Instruction**

INTRODUCTION

The plaintiffs have ten (10) claims for relief in their Complaint (the Eighth Claim for

Relief, which sought an accounting of sums received by the defendants, is no longer claimed and

is rendered moot). The first seven (7) claims for relief relate to the plaintiffs' contention that the

defendants breached a written employment contract.

To state a claim for breach of contract, the plaintiff must show (1) the formation of an

agreement, (2) performance by one party, (3) a breach of the agreement by the other party, and

(4) damages. Bouchard v. Sundberg, 80 Conn. App. 180, 189 (2003).

With respect to the first element, in the trial the plaintiffs presented a letter agreement

which was sent to Robert Payne by the defendants, dated November 20, 1999, offering Mr.

Payne the position of Managing Director with their company, pursuant to the parties "mutual

understanding". This letter agreement is sufficient to be a contract. You were presented

evidence of the second element in that Mr. Payne rendered specific services pursuant to the

agreement, for which Mr. Payne claims that he was not fully compensated. Mr. Payne's

evidence that the agreement was breached by the defendants' failure and/or refusal to fully

compensate him and the damages he alleges to have suffered by virtue of that failure and/or

refusal, fulfill the third and fourth elements of the plaintiffs' breach of contract claim.

You must review the contents of the letter of November 20, 1999, from the defendants to

Robert Payne, and determine whether, by a preponderance of evidence presented by the

Plaintiffs during the trial, the defendants breached that contract and, if so, decide the amount of

damages that the plaintiffs are entitled to receive.

90

During the trial, the Plaintiffs presented evidence that, at some point in performing his duties as Managing Director on the Dow/Sentrachem project, it became apparent to Robert Payne that the Defendants were not honoring their agreement to pay him the compensation due and owing to him under the employment agreement. After contract closure on that transaction, Robert Payne permitted another executive with the Defendants to close the Sentrachem deal.

## DEFENDANTS' OBJECTION:

**All but the first two paragraphs of this proposed instruction purport to describe evidence and are argumentative, and highly suggestive of an analysis favorable to the plaintiffs. Indeed, the proposed third paragraph virtually instructs the jury to enter a verdict in plaintiffs' favor. Defendants propose, as an alternative to the third, fourth and fifth paragraphs above, Defendants' Proposed Jury Instructions Nos. 1 – 4.**

### Plaintiffs' Proposed Instruction

Pursuant to well-established case law, a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach. See Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 500 F.3d 171 (2007); See also, Hadden v. Consol. Edison Co. of N.Y., 34 N.Y.2d 88, 96, 356 N.Y.S.2d 249, 312 N.E.2d 445 (1974) (assessing substantial performance on basis of several factors, such as the absolute and relative magnitude of default, its effect on the contract's purpose, willfulness, and degree to which injured party has benefited under contract); See also, O'Connell Management Co., Inc. v. Carlyle-XIII Managers, Inc., 765 F.Supp. 779, 783 (D.Mass. 1991) ("It is well established that a material breach by one party excuses the other party from further performance under the contract.").

91

Therefore, if you decide that Robert Payne performed his duties as Managing Director on the Dow/Sentrachem project and permitted another executive of the Defendants to complete the deal because of the Defendants failure and/or refusal to pay him for his work pursuant to the employment agreement, and that such failure and/or refusal on the part of the Defendants was a material breach of the employment agreement, then you must find that Robert Payne was excused from continuing performance under the employment agreement for that transaction and he is entitled to his full commission under his employment agreement for the Dow/Sentrachem transaction.

**DEFENDANTS' OBJECTION:**

**Defendants object to this proposed instruction, as it is suggestive and argumentative. Defendants have made no claim that Payne breached his contract with Taylor Companies, so there is no need to instruct the jury about whether they should find he was excused from performing. Furthermore, even if he had been excused from performing as managing director on the Dow/Sentrachem deal, there is nothing in the contract that obligates the defendants to compensate him as managing director on the deal under those circumstances. Finally, even if applicable to this case, this instruction fails to define the legal concept of "material breach," leaving the jury to speculate as to its meaning and significance.**

**Plaintiffs' Proposed Instruction**

In their Ninth Claim for Relief, the plaintiffs pled "unjust enrichment" as an alternative claim. Unjust enrichment is an equitable remedy, or in other words, a "fairness" remedy. Parties are generally precluded from seeking the equitable remedy of unjust enrichment in the presence

of a contract that is enforceable at law (i.e., a valid and enforceable written contract). See

Polverari v. Peatt, 29 Conn. App. 101, 199 (1992). However, if the letter of November 20, 1999

is incomplete, an "implied contract" may be found to exist. Under a theory of implied contract

the plaintiffs are allowed to show that the conduct and acts of the parties demonstrated that some

agreement existed between the parties, and that the agreement was breached. See United Steel,

Inc. v. Haynes Const. Co., CV054003498, 2006 WL 164812, at *3 (finding that claim for unjust

enrichment could be pled as an alternative claim where a remedy under a contract may exist).

An implied-in-law contract is "not a contract, but an obligation which the law creates out

of the circumstances present, even though a party did not assume the obligation.... It is based on

equitable principles to operate whenever justice requires compensation to be made." (Internal

quotation marks omitted.) Yale Diagnostic Radiology v. Estate of Fountain, 267 Conn. 351, 359,

838 A.2d 179 (2004). An implied in law contract may arise due to one party being unjustly

enriched by the activities of and to the detriment of the other party. See id., at 360. Accordingly,

an implied-in-law contract is another name for a claim for unjust enrichment. See Meaney v.

Connecticut Hospital Assn., Inc., 250 Conn. 500, 511, 735 A.2d 813 (1999) (observing that

claim for unjust enrichment is sometimes denominated implied-in-law claim or quasi-contract

claim); see also, Am.Jur.2d 604, Restitution and Implied Contracts § 8 (2001) ("[u]njust

enrichment is also referred to as ... a contract implied in law"). "A right of recovery under the

doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is

contrary to equity and good conscience for one to retain a benefit which has come to him at the

expense of another." Gagne v. Vaccaro, 255 Conn. 390, 408, 766 A.2d 416 (2001) (quoting

Franks v. Lockwood, 146 Conn. 273, 278, 150 A.2d 215 (1959)). The elements of the claim are

that, "(1) the defendant benefited; (2) the defendant unjustly failed to pay the plaintiff for the benefits; and (3) the failure of payment was to the plaintiff's detriment." Kull v. Davidoff of Geneva, No. 01-CIV-4821, 2004 WL 1418088, at *15 (S.D.N.Y. June 23, 2004) (citing Gagne, supra at 409). In determining the plaintiffs' claim you, as the trier of fact, must examine the particular circumstances and the conduct of the parties to determine if the defendants were unjustly enriched to the plaintiffs' detriment. See, e.g., Cecio Bros., Inc. v. Greenwich, supra, 156 Conn. at 564-65.

In other words, you must determine whether the Plaintiffs proved by a preponderance of the evidence that the defendants in this case were benefited by the services rendered on their behalf by Robert Payne; that the defendants' unjustly failed to pay Robert Payne for the services he rendered; and, that Robert Payne suffered damages by virtue of the defendants' failure to pay him.

**DEFENDANTS' OBJECTION:**

**Defendants object to this proposed instruction on the basis that it is argumentative and suggestive of an outcome in plaintiffs' favor. The instruction is also unnecessary, as is plaintiffs' unjust enrichment claim as a whole. Defendants acknowledge that the letter of November 20, 1999 to Payne was a written agreement setting forth the terms of Payne's compensation, and, as admitted in the first paragraph of plaintiffs' proposed instruction above, where there is a contract, there can be no finding of unjust enrichment. To the extent an instruction on unjust enrichment is necessary, defendants propose, as an alternative to the plaintiffs' proposed instruction, Defendants' Proposed Jury Instructions No. 5.**

**Plaintiffs' Proposed Instruction**

In their Tenth Claim for Relief, the plaintiffs have pled "promissory estoppel" as an alternate theory of recovery. The doctrine of promissory estoppel can sometimes provide a remedy where the underlying agreement is unenforceable. "Generally, promissory estoppel lies where there is no written contract or where the contract cannot be enforced." Sav. Bank of Rockville v. Wielgos, No. CV970065409, 2001 WL 835411, at *5 (Conn. Super. June 27, 2001), citing Lark v. Post Newsweek Stations Conn., No. CV940705326, 1995 WL 491290 (Conn. Super. Aug. 9, 1995); see also Kleinberg v. Radian Group, Inc., 2002 WL 31422884, at *9 (S.D.N.Y. Oct. 29, 2002), Foxley v. Sotheby's Inc., 893 F.Supp. 1224, 1234 (S.D.N.Y.1995), Wood v. Sempra Energy Trading Corp., No. 03CV986, 2005 WL 465423, at *11, (D.Conn. Feb. 22, 2005).

Therefore, if the letter of November 20, 1999 is incomplete, you may consider as a remedy available to the plaintiffs, the theory of promissory estoppel. In Connecticut, to recover on a theory of promissory estoppel, a plaintiff must plead and prove four elements: 1) the promisor (here, the defendants) made a clear and definite promise; 2) the promisee (here, the Plaintiffs) reasonably relied on the promise; 3) the promise induced the action taken by the Plaintiffs; and 4) injustice can be avoided only by enforcement of the promise. Adair v. Pfizer, Inc., 245 F.Supp.2d 437(D.Conn.2003); Tabora v. Amdour, Inc., 2002 WL 652815, 2002 Conn.Super. LEXIS 939, *7 (Conn.Super.2002).

The doctrine of promissory estoppel dictates that a promise is binding "if injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90 (1973)

(emphasis added); see also Glazer v. Dress Barn, 274 Conn. 33, 88-89, 873 A.2d 929 (2005)

(holding a jury may consider in the alternative claims for breach of contract and promissory

estoppel when there is an issue of whether the agreement may be too indefinite to allow for

contract formation). Section 90 of the Restatement (Second) of Contracts states that, under the

doctrine of promissory estoppel, [a] promise which the promisor should reasonably expect to

induce action or forbearance on the part of the promisee, or a third person, and which does

induce such action or forbearance is binding if injustice can be avoided only by enforcement of

the promise. [1 Restatement (Second), Contracts § 90, p. 242 (1981).]

A fundamental element of promissory estoppel, therefore, is the existence of a clear and

definite promise which a promisor could reasonably have expected to induce reliance. Stewart v.

Cendant Mobility Services Corp., 267 Conn. 96, 837 A.2d 736 (2003).

Therefore, under the remedy of promissory estoppel, you must determine by a

preponderance of the evidence presented by the Plaintiffs, whether a clear and definite promise

was made to Robert Payne; whether Robert Payne reasonably relied upon that promise; whether

that promise induced the actions taken by Robert Payne in rendering services on behalf of the

defendants; and, if injustice can be avoided by enforcement of the promise.

If you determine that a valid contract existed between the Plaintiffs and the Defendants

and that the Plaintiffs performed their duties pursuant to that contract and the Defendants

breached the contract, in their failure and/or refusal to compensate the Plaintiffs pursuant to the

terms of said contract, and that the Plaintiffs suffered damages as a result of Defendants' breach;

or if you find the defendants were unjustly enriched by the activities of Robert Payne and that the

Plaintiffs suffered a loss by not being paid for these services; or if you find that the defendants

96

made a promise to Robert Payne, which Robert Payne reasonably relied on and acted on to the

benefit of the Defendants, and that not compensating the Plaintiffs would be an injustice, then

you must assess the amount of damages suffered by the Plaintiffs. See Paolitto v. John Brown E.

& C. Inc., 151 F.3d (C.A. 2. Conn.1998) (calculation of damages is generally within the province

of the jury); see also, Hughes v. Lamay, 89 Conn. App. 378 (2005) (the amount of a damages

award is a matter peculiarly within the province of the trier of fact). The measure of damages for

a breach of contract is the loss which the injured party has thereby sustained. See Chila v. Stuart,

81 Conn. App. 458 (2004). In this case the damages suffered by the Plaintiffs under breach of

contract, unjust enrichment or promissory estoppel are the same.

 In deciding how much damages the Plaintiffs are entitled to receive as a result of the

Defendants' failure to pay the Plaintiffs the full amount of their claim, you may also decide, for

reasons of fairness, that the Plaintiffs are entitled to interest on their claims. 'It is clear that

Connecticut case law establishes that prejudgment interest is to be awarded if, in the discretion of

the trier of fact, equitable considerations deem that it is warranted.' Paulus v. LaSala, 56 Conn.

App. 139, 147, 742 A.2d 379 (1999), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000).

## DEFENDANTS' OBJECTION:

 **Defendants object to this proposed instruction on the basis that it is argumentative**

**and suggestive. In addition, like the plaintiffs' claim for unjust enrichment and the related**

**proposed instruction, the plaintiffs' promissory estoppel claim and this instruction are**

**unnecessary. Defendants concede the existence of a contract between the parties, and there**

**is no apparent dispute between the parties as to its written terms. It is the plaintiffs'**

**performance under the contract, and his entitlement to compensation pursuant to its terms,**

that are at issue. **To the extent an instruction on promissory estoppel is necessary,**

**defendants propose the Defendants' Proposed Jury Instruction No. 6 as a neutral**

**alternative to the plaintiffs' proposed instruction.**

## Plaintiffs' Proposed Instruction

Under the law in Connecticut (Conn. Gen. Stat. § 37-3a), you may award interest at the

rate of ten (10%) percent per year upon the amount of money that the Plaintiffs were deprived of.

To award interest under § 37-3a two components must be present. First, the claim to which the

prejudgment interest attaches must be a claim for a liquidated sum of money wrongfully

withheld and, second, the you must find, in your discretion, that equitable considerations warrant

the payment of interest. See Fitzpatrick v. Scalzi, 72 Conn. App. 779, 788, 806 A.2d 593 (2002).

Prejudgment interest pursuant to § 37-3a has been applied to breach of contract claims for

liquidated damages, namely, where a party claims that a specified sum under the terms of a

contract, or a sum to be determined by the terms of the contract, owed to that party has been

detained by another party.' Foley v. Huntington Co., 42 Conn. App. 712, 740, 682 A.2d 1026,

cert. denied, 239 Conn. 931, 683 A.2d 397 (1996). '[T]he determination of whether interest

pursuant to § 37-3a should be awarded is a question for the trier of fact.' Id., at 738, 682 A.2d

1026. Prejudgment interest in accordance with § 37-3a normally is awarded for money

wrongfully withheld, and provides for interest on money that is detained after it becomes due and

payable. Ceci Brothers, Inc. v. Five Twenty-One Corporation, et al., 81 Conn. App. 419, 427

(2004).

Interest can start to run from the date you determine the Plaintiffs should have received their money, to today, or the date payment was made. The start date for the running of interest may be different for different amounts which you find should have been paid.

**DEFENDANTS' OBJECTION**

Defendants object to this instruction on the basis that any damages awarded to plaintiffs in this case are not liquidated sums eligible for an interest award pursuant to C.G.S. § 37-3a. The Connecticut Appellate Court recently reiterated that "the focus of the prejudgment award allowed by § 37-3a has been to provide interest, at the discretion of the court, *when there is no dispute over the sum due* and the liable party has, without justification, refused to pay." Travelers Prop. and Cas. Co. v. Christie, 99 Conn. App. 747, 765 (2007) (emphasis added). This rule consistently has been applied to deny interest awards in cases in which a good faith dispute exists as to whether the money claimed by the plaintiff actually is owed. Id. at 765 (interest claim rejected where "[t]he contract between the parties did not specify a sum certain to be paid at completion, but rather the fee was to be reasonably based on the work that the appraiser actually completed," and the parties had a good faith dispute as to the amount owed under the agreement); Millennium Aviation Services, Inc. v. Electric Boat Corp., 2008 WL 275764, *3-*4 (D. Conn., Jan. 29, 2008)(where parties presented competing expert testimony on damages, the court rejected the plaintiff's interest claim on the grounds that "[t]his case cannot be characterized as one in which the 'sum due' was not in dispute."); Capp Industries, Inc. v. Schoenberg, 2006 WL 2194638 at 4 (Conn. Super. July 21, 2006) (bona fide dispute over amount owed

precluded award of interest under C.G.S. § 37-3a where "defendant did not withhold payment wrongfully but rather incorrectly.")

In this case, there can be no question that a good faith dispute exists between the parties as to the amounts claimed by Payne. Indeed, most of the trial will be devoted to the issue of whether plaintiff has already received the correct amount of payment. There is no claim of any breach of good faith by the defendant. Plaintiffs should not be permitted to pursue this claim for interest.

Respectfully submitted,

DEFENDANTS
TAYLOR VISION RESOURCES,
TAYLOR STRATEGIC ACQUISITIONS,
TAYLOR STRATEGIC DIVESTITURES,
and TAYLOR FINANCIAL SERVICES LLC

By: /s/Douglas J. Varga
    Douglas J. Varga (ct18885)

      ZELDES, NEEDLE & COOPER, P.C.
      1000 Lafayette Blvd.
      P.O. Box 1740
      Bridgeport, CT 06601-1740
      Telephone: 203-333-9441
      Facsimile: 203-333-1489
      E-Mail: dvarga@znclaw.com

Their Attorneys