**EXHIBIT G – DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | : | Civil Action |
| | : | |
| Plaintiffs, | : | No. 3:02 CV 2234 (AWT) |
| v. | : | |
| | : | |
| TAYLOR VISION RESOURCES, | : | |
| TAYLOR STRATEGIC ACQUISITIONS, | : | |
| TAYLOR STRATEGIC DIVESTITURES, | : | |
| and TAYLOR FINANCIAL SERVICES | : | |
| LLC, all defendants collectively | : | |
| operating under the name | : | |
| TAYLOR COMPANIES, | : | |
| | : | |
| Defendants. | : | March 11, 2008 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1.    **Breach of Contract - Elements**

The plaintiffs, Robert Payne and Payne Investments, LLC, claim that the defendants, the Taylor Companies, breached a contract.  Under Connecticut law, Payne must establish four elements to prevail on a breach of contract claim:

(1)    the making of a contract,
(2)    performance of the contract by the plaintiff,
(3)    breach of the contract by the defendant, and
(4)    damages suffered by the plaintiff.

### AUTHORITY

Shah v. Cover-It, Inc., 86 Conn. App. 71, 74 n. 3, 859 A.2d 959 (Conn. App.2004)

2.    **Consideration of Surrounding Circumstances**

To determine the intent of the parties, you may interpret the contract language in light of the situation of the parties and the circumstances surrounding the making of the contract. You also may consider the motives of the parties and the ends that they sought to accomplish by their contract.

However, the circumstances surrounding the making of a contract, the purposes that the parties sought to accomplish, and their motives cannot prove an intent contrary to the plain meaning of the language.

## AUTHORITY

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-16.

United Technologies Corp. v. Groppo, 238 Conn. 761, 772-73 (1996); Zullo v. Smith, 179 Conn. 596, 601 (1980); Fairfield v. D'Addario, 149 Conn. 358, 362 (1962); Colonial Discount Co. v. Avon Motors, Inc., 137 Conn. 196, 200 (1950).

3.     **Courts Do Not Make Contracts**

It is not your function to remake the contract or to change the terms of the contract. You must determine the intent of the parties from the contract the parties themselves made and apply the terms of that contract that the parties in fact made.

## AUTHORITY

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-17.

Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 159 (1991); Barnard v. Barnard, 214 Conn. 99, 110 (1990); Jay Realty, Inc. v. Ahearn Development Corp., 189 Conn. 52, 55 (1983).

4.    **Interpret Contract as a Whole**

When determining the intent of the parties, you should consider all relevant provisions of the contract.  Assume that all language of the contract is necessary, unless this would be unfair or unreasonable.

## AUTHORITY

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-19.

White v. Kampner, 229 Conn. 465, 473 (1994); Barnard v. Barnard, 214 Conn. 99, 109 (1990); Lar-Rob Bus Corp. v. Fairfield, 170 Conn. 397, 407 (1976).

5.    **Unjust Enrichment  (Implied-In-Law or Quasi Contract)**

In the Ninth Count, the plaintiff seeks to recover the value of services he provided because the defendant was unjustly enriched by the plaintiff's provision of services.  Unjust enrichment means that it is contrary to equity and good conscience for the defendant to retain a benefit that has come to the defendant at the expense of the plaintiff.

To find unjust enrichment, you must find that the plaintiff has provided services to the defendant; that the defendant has benefitted from those services; that the defendant unjustly did not pay for that benefit; and that the defendant's failure to pay hurt the plaintiff.

For you to find for the plaintiff under this legal principle, you must first find that there was no written or oral contract expressed in words and no contract implied by conduct for the plaintiff to provide services. If you find that there was a contract for the plaintiff to provide services, you may not find that the defendant was unjustly enriched.

**AUTHORITY**

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-40.

Meaney v. Connecticut Hospital Ass'n., 250 Conn. 500, 511 (1999); Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276, 283 (1994); Bershtein, Bershtein & Bershtein v. Nemeth, 221 Conn. 236, 242 (1992); National CSS, Inc. v. Stamford, 195 Conn. 587, 597 (1985); Brighenti v. New Britain Shirt Corp., 167 Conn. 403, 407 (1974).

6.    **Promissory Estoppel**

In the Tenth Count, the plaintiff claims that he is entitled to recover based upon a legal principle known as promissory estoppel.

A party does not have a cause of action for promissory estoppel where an existing contract is alleged and appears to be enforceable. For you to find for the plaintiff under this legal principle, you must first find that there was no written or oral contract expressed in words and no contract implied by conduct for the defendants' promise to compensate plaintiff for services rendered. If you find that there was no contract for the defendants to compensate the plaintiff for services rendered, you may consider whether the plaintiff is entitled to recover under promissory estoppel.

To recover, the plaintiff must establish that (1) the defendant made a clear and unambiguous promise to pay the plaintiff for services rendered; (2) the defendant reasonably should have expected the plaintiff to act in reliance on that promise; (3) the plaintiff reasonably acted in reliance on the defendant's promise, and (4) enforcement of that promise is the only way to avoid injustice to the plaintiff.

**AUTHORITY**

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-38;

D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 213 (1987); Finley v. Aetna Life & Casualty Co., 202 Conn. 190, 205 (1987); RESTATEMENT (SECOND) OF CONTRACTS § 90 (1979); Alliance Group Services, Inc. v. Grassi & Co., 406 F.Supp.2d 157, 162 (D. Conn. 2005); Dacourt Group, Inc. v. Babcock Industries, Inc., 747 F. Supp. 157, 161 (D. Conn. 1990).

7.    **Introduction to Damages**

If you find that the defendant is liable to the plaintiff for any of the claims asserted in Counts One through Seven of the Complaint, then you must determine the amount of money to award to the plaintiff as contract damages. The following instructions tell you how to do that.

If you find that the defendant is not liable for any of the claims asserted in Counts One through Seven of the Complaint, then you do not need to consider the subject of damages. The fact that I am telling you about the law of contract damages does not mean that I believe that you will, or should, find against the defendant.

**AUTHORITY**

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-78.

8.    **Contract Damages Generally**

Any damages you award on the First through Seventh Counts of the Complaint should be designed to place the plaintiff, so far as can be done by money, in the same position as that which he would have been in had the contract been fully performed. You should determine the fair and reasonable value, in money, of the position the plaintiff would have been in if the defendants had fully performed the contract. Then you should determine the fair and reasonable value, in money, of the position the plaintiff was in at the time of the defendant's breach of the contract. The difference between the amount for performance and the amount for breach should be your award.

**AUTHORITY**

Beckman v. Jalich Homes, Inc., 190 Conn. 299, 309-10 (1983); Lar Rob Bus Corp. v. Fairfield, 170 Conn. 397, 404-05 (1976); Bachman v. Fortuna, 145 Conn. 191, 194 (1958).

**9.    Plaintiff's Burden of Proof as to Amounts**

The plaintiff must prove by a preponderance of the evidence the amount of any damages to be awarded. The evidence must give you a sufficient basis to estimate the amount of damages to a reasonable certainty. Although damages may be based on reasonable and probable estimates, you may not award damages on the basis of guess, speculation or conjecture.

### AUTHORITY

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-80.

Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin, 247 Conn. 48, 69 (1998); West Haven Sound Development Corp. v. West Haven, 207 Conn. 308, 317 (1988); Bronson & Townsend Co. v. Battistoni, 167 Conn. 321, 326-27 (1974); Bertozzi v. McCarthy, 164 Conn. 463, 468 (1973).

**10.    No Double Recovery**

I have instructed you about the appropriate damages for each count of the plaintiff's complaint. One very important additional instruction is necessary. In several of his claims in this case, the plaintiff's measure of recovery - -that is his claims for damages  - - are the same. As a matter of law, the plaintiff cannot recover more than once for the same loss, even if he prevails on two or more causes of action.   Accordingly, if you find that the plaintiff is entitled to prevail on more than one claim, you may not compensate him twice for any one injury he might have suffered.

I have provided you with a verdict form, and I will go through it with you to make sure you understand where there is a potential for the plaintiff to recover more than once for the same loss.

[Explain verdict form]

**AUTHORITY**

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-81.

**11.    Expectation / Benefit of the Bargain / Make Whole**

Any damages you award on any of the claims asserted in Counts One through Seven of the Complaint should be designed to place the plaintiff, so far as can be done by money, in the same position as that which he/she/it would have been in had the contract been fully performed. You should determine the fair and reasonable value, in money, of the position the plaintiff would have been in if the defendant had fully performed the contract. T hen you should determine the fair and reasonable value, in money, of the position the plaintiff was in at the time of the defendant's breach of the contract.  The difference between the amount for performance and the amount for breach should be your award.

**AUTHORITY**

State of Connecticut Judicial Website, Pattern Jury Instructions, Insert 3-82.

Beckman v. Jalich Homes, Inc., 190 Conn. 299, 309-10 (1983); Lar Rob Bus Corp. v. Fairfield, 170 Conn. 397, 404-05 (1976); Bachman v. Fortuna, 145 Conn. 191, 194 (1958).