UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(HARTFORD)

| | |
|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC, | CIV. ACTION NO.: 3:02CV02234 (AWT) |
| Plaintiffs, | |
| v. | |
| TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES, | |
| Defendants. | MAY 5, 2008 |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO PRECLUDE EXPERT WITNESS TESTIMONY**

The plaintiffs, Robert Payne and Payne Investments LLC (collectively, "Plaintiffs"), hereby file their objection to Defendants' Motion to Preclude Expert Witness Testimony. In support of their objection, Plaintiffs respectfully represent as follows:

1. This Court entered Judgment against the Plaintiffs on May 2, 2006 (Docket No. 56).

2. Thereafter, the Plaintiffs filed a Motion to Reopen Case on July 31, 2006 (Docket No. 57).

3. On October 23, 2006, following extensive and protracted litigation between the parties, the Court granted the Plaintiffs' Motion to Reopen Case (Docket No. 69).

4. The undersigned Plaintiffs' counsel filed his initial Appearance in the present action on or about April 24, 2007. Prior to that time, the Plaintiffs were represented, since 2002, by members of the law firm of Gilbride, Tusa, Last & Spellane, 420 Lexington Avenue, New York, New York 10170.

5. At the time that undersigned Plaintiffs' counsel filed his Appearance in the present action, the Plaintiffs had disclosed Mr. David Epstein as their expert witness and had provided a copy of Mr. Epstein's expert report to the Defendants. Exhibit E attached to the Affidavit of Attorney James P. Donohue, Jr., Esq., in support of Plaintiff's Motion to Reopen Case, filed on July 31, 2006 (Docket No. 57).

6. In fact, Defendants' counsel, Douglas J. Varga, Esq., admits to having received Mr. Epstein's expert report as Exhibit E, attached to Attorney Donohue's Affidavit in support of Plaintiff's Motion to Reopen Case. See Defendants' Motion to Preclude Expert Witness testimony, dated March 10, 2008, at ¶ 6.

7. It bears noting that Defendants' counsel caused the delay of the disclosure of Plaintiffs' expert witness and the delivery of the expert's report beyond the date set forth in

the revised Scheduling Order (June 21, 2005), by failing to timely produce certain documents that were requested by the Plaintiffs at the deposition of Robert Payne on May 13, 2005. See Letter from Attorney Donohue to Attorney Varga, dated August 17, 2005, attached to Reply Affidavit in Support of Motion to Reopen (James P. Donohue, Jr., Esq.) as Exhibit A thereto (Docket No. 60).

8. On or about September 7, 2005, Plaintiffs' counsel, Attorney Donohue, informed Defendants' counsel that Plaintiffs' expert was conflicted out of the case and a search would have to be conducted to find another expert witness. In his letter, Attorney Donohue reiterates the earlier request for the documents referred to in his letter of August 17, 2005, above. See Letter from Attorney Donohue to Attorney Varga, dated September 7, 2005, attached to Reply Affidavit in Support of Motion to Reopen (James P. Donohue, Jr., Esq.) as Exhibit B thereto (Docket No. 60).

9. As part of the Order reopening this case on October 23, 2006, the Court stated that, "[t]he parties shall file an updated scheduling order." In addition to granting Plaintiffs' Motion to Reopen Case, the Court ordered Plaintiffs' counsel to pay the attorneys' fees and costs expended by Defendants' counsel in opposing the motion (Docket No. 69).

10. It is apparent from a review of the docket filings in this case that, following the Court's order of October 23, 2006, the parties did not present a proposed revised scheduling order to the Court.

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699 • JURIS NO. 03840

11. The chief explanation for the parties' failure to present a revised scheduling order to the Court appears to be the refusal of Defendants' counsel to discuss a scheduling order unless and until Defendants' motion for attorneys' fees was resolved. See Affidavit in Response to Request for Fees (James P. Donohue, Jr., Esq.), dated March 7, 2007, at ¶¶ 4 & 6-8 (Docket No. 78). See also Letter from Attorney Donohue to Attorney Varga, dated November 3, 2006, attached to Donohue Affidavit, supra, as Exhibit B thereto; letter from Attorney Donohue to Attorney Varga, dated January 22, 2007, attached to Donohue Affidavit, supra, as Exhibit D thereto; letter from Attorney Donohue to Attorney Varga, dated December 22, 2006, attached to Donohue Affidavit, supra, as Exhibit E thereto; and, letter from Attorney Donohue to Attorney Varga, dated February 21, 2007, attached to Donohue Affidavit, supra, as Exhibit F thereto.

12. It is significant to note that Defendant's counsel's refusal to discuss a proposed scheduling order, as required by the Court in its Order of October 23, 2006, pre-dates the filing of Defendants' counsel's Motion for Attorney Fees, which was not filed until March 2, 2007 (Docket No. 72).

13. Following the Court's Order granting the Defendants' Motion for Attorneys' Fees, on March 24, 2007 (Docket No. 83), the Court entered an Order on March 28, 2007, setting a deadline of May 5, 2007 for the filing of a Status Report by the parties (Docket No. 84).

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699 • JURIS NO. 03840

14. Shortly thereafter, Attorney Donohue and other attorneys in his firm stepped down as counsel for the Plaintiffs and Michael P. Berman, Esq. filed his Appearance on behalf of the Plaintiffs, on or about April 24, 2007 (Docket No. 85).

15. On May 21, 2007, the Plaintiffs, following telephone conferences with Defendants' counsel on May 16 and May 21, 2007, filed a Status Report, which included a jointly agreed upon revised Case Management Plan (Docket No. 89). The Status Report reflects an understanding between counsel that discovery in the case was completed.

16. At the time of the creation of the Status Report, undersigned counsel for the Plaintiffs was aware of the fact that the Defendants' had previously received David Epstein's expert report. However, during the above-referenced "meet and confer" telephone conferences, Defendants' counsel never once discussed the fact that the Court had previously ordered the parties to formulate a revised scheduling order and did not engage Plaintiffs' counsel in any discussion regarding his objection to the expert witness.

17. At the time of filing this Status Report, it is apparent that the Defendants:

    a) knew for over 1½ years that Plaintiffs disclosed an expert witness;

    b) were in possession, for over 1½ years, of Plaintiffs' expert report;

    c) knew, for over 1½ years the substance and scope of Plaintiffs' experts' opinion testimony;

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699 • JURIS NO. 03840

        d)     Did nothing for over 1½ years, to raise either the timing or substance of the expert disclosure, but counted on waiting to the eve of trial to raise these issues;

        e)     Failed to seek a hearing as to the basis, substance or reasonableness of Plaintiffs' experts' opinion; and

        f)     Failed to provide notice or preserve their procedural rights in the Status Report to object to the timing or substance of Plaintiffs' expert's report or opinion.

    18.     By the time of the filing of the Status Report, there was nothing more in the way of discovery for the Plaintiffs to do. On the contrary, it was incumbent on the Defendants to raise an objection to the timing or substance of Plaintiffs' expert report; preserve the opportunity to take the deposition of Plaintiffs' expert; and/or to preserve the opportunity to disclose their own expert. The Defendants did none of the above and the Plaintiffs relied on Defendants' inactions.

    19.     Defendants' counsel, by his own admission, was in possession of Mr. Epstein's expert report for over 1½ years before deciding to file any objection to his disclosure, or objection to his participation in the present case. In light of the determined and vocal manner in which Defendants' counsel challenged the disclosure of Mr. Epstein during the proceedings surrounding Plaintiffs' Motion to Reopen in 2006, it is well within reason for Plaintiffs' counsel to have expected, at a minimum, that Defendants' counsel would have mentioned any objection to Mr. Epstein during the telephone conferences leading up to the Status Report.

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699 • JURIS NO. 03840

20. Since Plaintiffs' counsel knew that Mr. Epstein had been disclosed as an expert to the Defendants at some point earlier in the case, there would not have been any reason for Plaintiffs' counsel to disclose Mr. Epstein again.

21. It is evident from the facts and sequence of events, as set forth above, that Defendants' counsel was purposely silent on the issue of Plaintiffs' expert witness and intentionally withheld his objection of Mr. Epstein until the time that the Plaintiffs' named Mr. Epstein as their expert witness in the Joint Trial Memorandum.

22. The sequence of events and conduct of the parties, as set forth above, clearly support the fact that there exists "substantial justification" to allow the disclosure of David Epstein as Plaintiffs' expert witness under Fed. R. Civ. P. 26(a) in the manner in which he was previously disclosed to Defendants' counsel and that, in light of the fact that there is no trial date set in this case, any deemed failure on the part of the previous Plaintiffs' counsel to disclose pursuant to Fed. R. Civ. P. 26(a) is "harmless" and without prejudice to the Defendants. On the other hand, it is respectfully submitted that preclusion of Plaintiffs' expert's testimony under the above – recited procedural circumstances, would be highly prejudicial and unjust.

23. The Plaintiffs' expert, David Epstein, possesses over 30 years of experience in the financial services industry, during which time he has personally been involved in the area of corporate finance, with a primary focus on mergers and acquisitions, private placement of

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

debt and equity securities, as well as providing various other financial advisory services. Mr. Epstein is currently a Managing Director, of Bentley Securities Corp., an investment banking firm, which he co-founded.

24.     Mr. Epstein's testimony will assist the jury in understanding the position of Managing Director, as it has evolved over many years within the financial services industry; particularly, the duties and obligations of a Managing Director in working on mergers and acquisitions and divestiture projects. More important, Mr. Epstein will help the jury to comprehend how the position of Managing Director generally functions within the framework of senior management. He will assist the jury to recognize, how the Managing Director's job duties and responsibilities on a project are uniquely and specifically directed toward the everyday tasks associated with the technical aspects of contract closure on a project, while the duties and responsibilities of other members of a company's senior management team are aimed in a general and more wide-ranging fashion in the areas of marketing and client development.

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

WHEREFORE, the Plaintiffs respectfully request that this Court deny the Defendants' Motion to Preclude Expert Witness Testimony and allow the Plaintiffs to call David B. Epstein as a witness at trial.

        THE PLAINTIFFS,
        ROBERT PAYNE and
        PAYNE INVESTMENTS LLC

By:_____/s/_____
        MICHAEL P. BERMAN
        Federal Bar No.: ct05624
        KEVIN W. GILLEN
        Federal Bar No.: ct01502
        Berman and Sable LLC
        One Financial Plaza, 20th Floor
        Hartford, CT 06103
        Tel:  (860) 527-9699
        Fax:  (860) 527-9077
        Their Attorneys

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699 • JURIS NO. 03840

## CERTIFICATION OF SERVICE

This is to certify that on this 5th day of May, 2008, a copy of the foregoing pleading was sent by electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/
Kevin W. Gillen

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699 • JURIS NO. 03840