**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(HARTFORD)**

| | |
|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES,<br><br>Defendants. | CIV. ACTION NO.: 3:02CV02234 (AWT)<br><br>JUNE 16, 2008 |

**PLAINTIFFS' (PROPOSED) SURREPLY BRIEF**

The plaintiffs Robert Payne and Payne Investments LLC (collectively, "Plaintiffs"), hereby submit this (Proposed) Surreply Brief in response to Defendants' Reply Memorandum in Further Support of Motion to Preclude Expert Witness Testimony, dated June 9, 2008 ("Reply"), as part of Plaintiffs' Motion for Leave to File a Surreply Brief.

The Plaintiffs' surreply argument is procedural, rather than substantive, in nature, and therefore the Plaintiffs' Surreply brief consists of the statements and

representations stated herein and in the Affidavits of Michael P. Berman, Esq. (**Exhibit A**) and Jose A. Aguiar, Esq. (**Exhibit B**), which are attached hereto.

In support of Plaintiffs' Objection and in response to Defendants' Reply, the Plaintiffs respectfully represent as follows:

1. Present counsel for the Plaintiffs did not file an Appearance in the case until April 24, 2007.

2. The Defendants base much of their argument in support of precluding Plaintiffs' expert from testifying upon procedural matters which occurred prior to the appearance of present Plaintiffs' counsel in the case.

3. Present Plaintiffs' counsel was not a party to and was, therefore, unaware of procedural issues raised in the Reply, which were addressed by counsel in the case prior to April 24, 2007.

4. Although the procedural issues should not divert attention away from Plaintiffs' full, timely and acknowledged disclosure of their expert and their expert's report, Plaintiffs are compelled to respond, lest their silence be deemed acquiescence.

5. Defendants' counsel did not provide present Plaintiffs' counsel with information alleged in the Reply, regarding the status of procedural issues which were addressed prior to the appearance of Plaintiffs' counsel in this case; specifically, the alleged (although disputed) existence of outstanding and unresolved

issues concerning the creation and submission of a new Scheduling Order which presumably would involve the re-disclosure of Plaintiffs' expert witness.

6. Defendants state in their Reply that Defendants' counsel never received letters sent by previous Plaintiffs' counsel (Attorney Donohue), dated September 7, 2005 and August 17, 2005, and, that "the Court previously credited defendants' assertions with respect to these purported 'communications', as reflected clearly in the Court's oral Order on October 23, 2006…".[1] (See Defendants' Memorandum at p. 4). This is clearly an admission by Defendants' counsel that, even if he had not, for whatever reasons, received said letters from previous Plaintiffs' counsel, Defendants' counsel certainly possessed copies of said letters on or before October 23, 2006, and was well aware of their contents for the past 17 months. In light of this, Defendants' counsel, at a minimum, had an obligation to share with present Plaintiffs' counsel Defendants' issues regarding those letters and/or the content thereof, so that counsel could have fairly and reasonably addressed them in the discussions which occurred prior to the formation of the Court ordered Status Report in May 25, 2007. Instead, Defendants' counsel apparently ignored his duty of candor and chose to remain silent on an issue he regarded as outstanding and unresolved, if, in fact, there was such an outstanding and unresolved issue, and elected to attempt to take advantage of new Plaintiffs' counsel's non-participation, by waiting to claim an

[1] These letters are attached as Exhibits B and D to Plaintiffs' Memorandum of Law in Support of Objection to Defendants' Motion to Preclude Expert Witness Testimony, dated May 5, 2008.

alleged procedural gap and "spring" this claim on new Plaintiffs' counsel on the eve of trial, as a basis to preclude the Plaintiffs' expert from testifying.

7.   When asked at the time of preparation of the Court ordered Status Report whether discovery was complete, Defendants' counsel, who at that time knew for almost two (2) years of the disclosure of Plaintiffs' expert witness, responded as reflected in the Status Report that nothing further was necessary.  Defendants' counsel did not say, as he should have that, since Court ordered sanctions had just recently been complied with, a new Scheduling Order may be required.

8.   It would be unjust and patently unfair to the named Plaintiffs, Robert Payne and Payne Investments, LLC, as parties, to pay the price for this indiscretion on the part of Defendants' counsel, to allow the prosecution of Plaintiffs' case to be adversely and irreparably altered as a result of apparently, intentionally withheld procedural information, now being revealed by Defendant's counsel on the eve of trial.  Obviously, Defendants' counsel knew of what he considered potential unresolved procedural issues because, as his office stated, he was withholding (and obtained an extension for) replying to Plaintiffs' Objection to Preclude Expert Witness Testimony until he could get the transcript of the March 22, 2007 telephonic hearing, which apparently, neither he nor Plaintiffs prior counsel had.

WHEREFORE, the Plaintiffs respectfully request that their Motion for Leave to File a Surreply Brief, be granted and that they be permitted to file said surreply brief

and affidavits in response to Defendants' Reply and that the Court take into consideration the contents of Plaintiffs' surreply brief and affidavits in further consideration of Plaintiffs' Objection to Defendants' Motion to Preclude Expert Witness Testimony.

THE PLAINTIFFS,
ROBERT PAYNE and
PAYNE INVESTMENTS LLC

By:________/s/______________

MICHAEL P. BERMAN
Federal Bar No.: ct05624
KEVIN W. GILLEN
Federal Bar No.: ct01502
Berman and Sable LLC
One Financial Plaza, 20th Floor
Hartford, CT 06103
Tel: (860) 527-9699
Fax: (860) 527-9077
Their Attorneys

**CERTIFICATION OF SERVICE**

This is to certify that on this 16th day of June, 2008, a copy of the foregoing "Plaintiffs' (Proposed) Surreply Brief" was sent by electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/
Kevin W. Gillen

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(HARTFORD)**

ROBERT PAYNE and PAYNE INVESTMENTS LLC,

Plaintiffs,

v.

TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES,

Defendants.

CIV. ACTION NO.: 3:02CV02234 (AWT)

JUNE 16, 2008

**AFFIDAVIT OF MICHAEL P. BERMAN, ESQ.**

The undersigned, Michael P. Berman, Esq., being duly sworn, deposes and says under oath as follows:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I make this Affidavit on my personal knowledge of the matters contained herein.

3. I filed my Appearance on behalf of the Plaintiffs in the present action on April 24, 2007.

4. Shortly after filing my Appearance in the case, the Court (Thompson, U.S.D.J.) issued an order requiring the parties to file a joint Status Report.

5. During my involvement in the process of developing a joint Status Report with Defendants' counsel, Defendants' counsel never brought up or offered any commentary whatsoever regarding the fact that the Court had suggested in a Telephonic Status Conference apparently held on March 22, 2007 that the parties may file a revised Scheduling Order as soon as the court-imposed sanctions were satisfied.

6. The undersigned was unaware of whether and/or when the Court was satisfied that its Order for sanctions had been complied with.

7. Moreover, Defendants' counsel never brought up the fact at any point during the process of developing a joint Status Report that he believed there existed outstanding and unresolved issues concerning the disclosure of Plaintiffs' expert witness, or the scheduling of, or the need for, any discovery.

8. In fact, it was not until the point in the litigation when the parties began assembling the Joint Trial Memorandum in late February/early March 2008 that Defendants' counsel brought up, by way of a vague reference, devoid of any

specificity or detail, that there was an issue regarding the disclosure of Plaintiffs' expert witness. When the undersigned contacted Plaintiffs' prior counsel on this issue, prior counsel stated that he had made full, timely and proper disclosure. Prior to this time, the undersigned reasonably believed, after reviewing the voluminous file documents and deposition transcripts received from prior Plaintiffs' counsel, that the expert witness and his report were properly and timely disclosed to the Defendants, that Defendants' counsel was well aware of such disclosure as early as July 31, 2006, that no objection was made, and that Defendants' counsel had already informed prior Plaintiffs' counsel that the Defendants did not intend to disclose an expert witness.

Dated:Hartford, Connecticut

June 16, 2008

Michael P. Berman, Esq.

Sworn to before me this 16th day of June, 2008

Lorraine [illegible]

Notary Public

My Commission Expires: 7/31/2012

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(HARTFORD)**

| | |
|---|---|
| ROBERT PAYNE and PAYNE INVESTMENTS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR VISION RESOURCES, TAYLOR STRATEGIC ACQUISITIONS, TAYLOR STRATEGIC DIVESTITURES, and TAYLOR FINANCIAL SERVICES LLC, all defendants collectively operating under the name TAYLOR COMPANIES,<br><br>Defendants. | CIV. ACTION NO.: 3:02CV02234 (AWT)<br><br>JUNE 16, 2008 |

**AFFIDAVIT OF JOSÉ A. AGUIAR, ESQ.**

The undersigned, José A. Aguiar, Esq., being duly sworn, deposes and says under oath as follows:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I make this Affidavit on my personal knowledge of the matters contained herein.

3. I filed my Appearance on behalf of the Plaintiffs in the present action on April 26, 2007.

4. Shortly after filing my Appearance in the case, the Court (Thompson, U.S.D.J.) issued an order requiring the parties to file a joint Status Report.

5. During my involvement in the process of developing a joint Status Report with Defendants' counsel, Defendants' counsel never brought up or offered any commentary whatsoever regarding the fact that the Court had asked the parties to file a revised Scheduling Order in the Telephonic Status Conference that was apparently held on March 22, 2007.

6. Moreover, Defendants' counsel never brought up the fact at any point during the process of developing a joint Status Report that there existed outstanding and unresolved issues concerning the disclosure of Plaintiffs' expert witness. It was claimed by Defendants' counsel during those discussions that discovery was closed and the discussions moved into other areas.

7. In fact, it was not until the point in the litigation when the parties began assembling the Joint Trial Memorandum in late February/early March 2008, when I learned that the Defendants had an issue regarding the disclosure of Plaintiffs' expert witness.

Dated: Hartford, Connecticut
June 16, 2008

José A. Aguiar, Esq.

Sworn to before me this 16th day of June, 2008

Notary Public
My Commission Expires: 7/31/2012