```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
ROBERT PAYNE, et al.           :
                               :
     Plaintiffs,               :
                               :
     v.                        :   Case No. 3:02CV2234(AWT)
                               :
TAYLOR VISION RESOURCES, et al.:
                               :
     Defendants.               :
                               :
-------------------------------x
```

### ORDER RE MOTION TO PRECLUDE EXPERT WITNESS TESTIMONY

The defendants have moved to preclude the plaintiffs from offering the testimony of David Epstein ("Epstein") at trial. For the reasons set forth below, the defendants' motion is being granted.

Federal Rule of Evidence 702, which governs the admissibility of testimony by expert witnesses, provides:

> If scientific, technical, or other specialized knowledge <u>will assist the trier of fact to understand the evidence or to determine a fact in issue</u>, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added).

In this breach of contract action, the disputed issues relate to the services that plaintiff Robert Payne ("Payne") was

-1-

expected to perform while employed by the defendants; whether and to what extent he met those expectations with respect to the deals at issue in this case; and whether he was properly compensated for his work under the terms of the parties' written agreement.  The parties intend to offer the written agreement itself into evidence as well as testimony as to the parties' understanding of its terms.

The plaintiffs contend that Epstein would testify about the role of a "managing director" in the investment banking industry at large.  However, Epstein's testimony about the role of a "managing director" in the industry at large is not relevant to the dispute between the parties about Payne's performance of his duties at the Taylor Companies ("Taylor").  The employment agreement, in which the defendants offer Payne the position of "Managing Director" at Taylor, states that Payne's compensation will be based on his ability to manage transactions or projects and lead marketing efforts with companies which Taylor had not served prior to Payne's employment with Taylor.  (See Pl.'s Mem. (Doc. No. 121), Ex. K).  Thus, at issue in this case will be whether Payne adequately performed these functions and whether he was properly compensated for the work he performed.  Expert testimony as to the role of a managing director in the investment banking industry at large would not assist the trier of fact to understand the evidence or otherwise to determine the facts at

issue here.  Since Epstein will not provide expert testimony that will be helpful to the jury in determining the facts at issue, his testimony is precluded by Rule 702.

In light of the foregoing, the court does not need to analyze whether Epstein was timely disclosed as an expert witness in accordance with the court's scheduling order or the Federal Rules of Civil Procedure.  However, the court notes that the defendant accurately cites to the transcript of the court's conclusions on March 22, 2007.  Although the court did not address the scheduling order at that time, the court would have concluded that the disclosure of Epstein had been untimely had it been presented with the following facts: (1) the deadline for the disclosure of experts was June 21, 2005, (2) the deadline for completing depositions of the plaintiffs' experts was July 15, 2005, and (3) Epstein was not retained by the plaintiffs until November 12, 2005.

For the reasons set forth above, the defendants' Motion to Preclude Expert Witness Testimony (Doc. No. 105) is hereby GRANTED.

It is so ordered.

Dated this 2nd day of July 2008, at Hartford, Connecticut.

                                    /s/AWT
                              Alvin W. Thompson
                         United States District Judge