```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
ROBERT PAYNE and PAYNE         :
INVESTMENTS LLC,               :
                               :
     Plaintiffs,               :
                               :
v.                             :   Civ. No. 3:02CV02234(AWT)
                               :
TAYLOR VISION RESOURCES,       :
TAYLOR STRATEGIC ACQUISITIONS, :
TAYLOR STRATEGIC DIVESTITURES, :
and TAYLOR FINANCIAL SERVICES  :
LLC, all defendants            :
collectively operating under   :
the name TAYLOR COMPANIES,     :
                               :
     Defendants.               :
                               :
-------------------------------x
```

**ORDER RE MOTION FOR NEW TRIAL AS TO
COUNTS TWO AND FOUR OF THE COMPLAINT**

For the reasons set forth below the defendants' Motion for New Trial as to Counts Two and Four of the Complaint (Doc. No. 154) is hereby DENIED.

The legal standard applicable to the instant motion is undisputed, and both sides accurately recite it in their papers. In short, "a motion for a new trial should be granted if the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Caruolo v. John Crane, Inc., 226 F.3d 46, 54 (2d Cir. 2000)(quoting Atkins v. New York City, 143 F.3d 100, 102 (2d Cir. 1998)).

1

The key language from the letter agreement is the following paragraph:

> An additional 5.0% commission will be paid on net revenue from contracts which you take responsibility for leading the marketing efforts with companies which Taylor has not served prior to your employment with us.  These marketing efforts include visualization of the opportunity, initial telephone contact, presentation of Taylor Companies materials, and contract closure. Contract closure should be completed without assistance of any executive level Taylor personnel.  In those instances in which another Taylor executive directly assists in contract closure, the aforementioned percentage will be reduced to 2.5%.

The third sentence uses the words "without assistance" in describing how "contract closure" should be completed.  Most significantly however, the operative sentence that sets forth the standard for reducing the percentage to 2.5% refers to instances where another Taylor Companies executive "directly assists" in "contract closure."  None of these terms is defined in the letter agreement.

In determining the intention of the parties as expressed by the language in the letter agreement, as required by the jury charge, the jury had before it the deposition testimony of Ken Griffin, who drafted the letter agreement for Taylor Companies. Griffin testified that he intended to draw a distinction between simple assistance and direct assistance.  Griffin agreed that direct assistance would involve direct contact with the client of a substantive nature. Griffin testified that the plaintiff Robert Payne would get the 5.0% commission if he closed a contract

without a substantive contribution by another Taylor Companies executive.  The letter agreement does not define what constitutes a "substantive contribution."  In determining what constituted a substantive contribution, the jury was free to look at the evidence as to all the facts and circumstances.

It is undisputed that other Taylor Companies executives were involved in the marketing efforts to Borden.  It is also undisputed that the ultimate decision maker with respect to whether Taylor Companies would be given the contract was Borden's board of directors.  However, based on the testimony of Mark Schneider, the jury could reasonably have concluded that no other Taylor Companies executive made a "substantive contribution" because the only person from Taylor Companies who mattered was Payne.

Schneider testified that he had never heard of Taylor Companies prior to his conversation with Payne during which Payne requested an opportunity to introduce Taylor Companies to Borden.  Nor had he known any other Taylor Companies executive.  After the presentation to the board of directors, of which Schneider was a member, there was an internal meeting among the Borden people to decide whether to retain Taylor Companies.  Schneider's input was that he had worked with Payne at length and valued Payne's experience and expertise and for that reason recommended that Borden work with Taylor Companies.  Schneider testified that

Ralph Taylor's role was not a factor in the decision to engage Taylor Companies and that Dermot Coughlan's role was not a factor either; the only person who mattered for purposes of the decision to retain Taylor Companies was Payne. Schneider testified that Payne's involvement was "the fundamental reason."  Thus, Schneider's testimony was in substance that Borden hired Payne not Taylor Companies.

Although the defendants had a more than sufficient reason for believing that other Taylor Companies executives made a substantive contribution to "contract closure," particularly in light of language in the second and third sentences in the above quoted paragraph in the letter agreement, there was more than sufficient evidence for the jury to disagree with Taylor Companies' assessment, particularly in view of the ambiguity introduced by use of the term "directly assists."

Schneider was in the best position to tell the jury who from Taylor Companies mattered, and who did not matter, as far as making a substantive contribution.  There was evidence tending to show that Taylor Companies would have had nothing in the way of business from Borden without Payne.  The jury could have reasonably concluded that had Payne stepped away from the relationship with Borden after having made the initial introduction and before the engagement letter was signed, Taylor Companies would have been unable to reach a contract closure in

4

light of Schneider's testimony that he could not recommend Taylor Companies after Payne was no longer with the company because he would not "recommend the team without the quarterback." Thus, because the evidence shows that in Schneider's view the only person from Taylor who mattered was Payne, the jury could reasonably conclude that Payne was the only person from Taylor who made a substantive contribution. In addition, the jury reasonably could have concluded that Borden would have hired whatever firm Payne was with and would not have hired Taylor Companies in the absence of Payne and that the contributions by the other Taylor Companies executives were not material to Taylor Companies getting the business and were therefore "non-substantive contributions."

With respect to the fact that the ultimate decision maker was the Borden board of directors, the jury could have reasonably drawn the inference that Schneider, a fellow director who was also the president and chief executive officer of Borden with the responsibility for leading the operating company, made a recommendation, touting Payne, which carried decisive weight. There is no evidence to support a conclusion to the contrary.

When determining the intent of the parties as expressed by the language used in the letter agreement, the jury also could have considered the language in the subsequent paragraph of the letter agreement, which includes a similar provision with respect

to use of the term "directly assists" ("Here again, this percentage will be reduced to 2.5% in those instances in which another Taylor executive directly assists in contract closure."). That sentence is followed by one that reads as follows: "This bonus commission is offered in the spirit of making you whole towards that $75,000 bonus which you are forfeiting with your present employer."  Ralph Taylor testified that the marketing provision was based on Payne's representation that he had a $10 million "book of business," and in determining what constituted a "substantive contribution" versus a "non-substantive contribution," the jury could have reasonably concluded, first, that Borden was a part of Payne's "book of business," and, second, that if Payne bought an opportunity to Taylor Companies that was in his "book of business," doing so was the only "substantive contribution" for purposes of that transaction, and the involvement of other Taylor Companies executives in other ways did not raise their contribution to the level of a "substantive contribution."

    It is so ordered.

    Dated this 30th day of September 2009, at Hartford, Connecticut.

                                                       /s/ AWT
                                           Alvin W. Thompson
                                  United States District Judge