```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
ROBERT PAYNE and PAYNE         :
INVESTMENTS LLC,               :
                               :
     Plaintiffs,               :
                               :
v.                             :    Civ. No. 3:02CV02234(AWT)
                               :
TAYLOR VISION RESOURCES,       :
TAYLOR STRATEGIC ACQUISITIONS,:
TAYLOR STRATEGIC DIVESTITURES,:
and TAYLOR FINANCIAL SERVICES  :
LLC, all defendants            :
collectively operating under   :
the name TAYLOR COMPANIES,     :
                               :
     Defendants.               :
                               :
-------------------------------x
```

**ORDER RE PREJUDGMENT INTEREST**

For the reasons set forth below, the plaintiffs' request for an award of prejudgment interest pursuant to Connecticut General Statutes § 37-3a is granted in part. Prejudgment interest at the rate of 10% per annum is awarded from the date of the jury's verdict, i.e. the date on which the meaning of material terms of the letter agreement was determined and the amount owed to the plaintiffs was clear, to the date of entry of judgment.

As discussed in the Order re Motion for New Trial as to Counts Two and Four of the Complaint (Doc. No. 166) ("Order re Motion for New Trial"), the language used in the letter agreement concerning "contract closure" being completed "without

1

assistance" and "contract closure" where another executive "directly assists" required a jury trial to determine the intention of the parties as expressed by the language in the letter agreement.  Moreover, once the jury made a determination as to the interpretation of the letter agreement, there was substantial evidence submitted by both sides in the case as to the application of the language to each side's contentions as to the facts.  With respect to the Rexam/Mitek transaction, the defendants presented testimony of a key third party and documentary evidence (e.g. Defendants' Exhibits 3 to 28) supporting the defendants' factual contentions, which was in addition to the testimony of individuals affiliated with the defendants.  With respect to the Borden Chemical transaction, as discussed in the Order re Motion for New Trial, it was undisputed that other Taylor Companies executives were involved in the marketing efforts to Borden and that the ultimate decision maker with respect to whether Taylor Companies would be given the contract was Borden's board of directors.  The court noted that the jury reasonably could have concluded that no other Taylor Companies executive made a "substantive contribution," but the jury also could have reasonably come to the opposite conclusion based on the evidence presented by the defendants.  See, e.g., Reply Memorandum in Opposition to Plaintiffs' Claim for Prejudgment Interest (Doc. No. 157) at 6-7.  The court concludes

that under these circumstances an award of prejudgment interest for a period before the point in time at which the jury rendered its verdict is inappropriate.  See Pierce v. Emigrant Mortgage Co., 2007 WL 4800725 at *10 (D. Conn., Dec. 27, 2007)("The court finds that an award of prejudgment interest would be . . . inappropriate here, where a three day trial and a fact-intensive investigation were necessary to decide the question of unjust enrichment."); First Federal Savings & Loan Association of Rochester v. Charter Appraisal Co., 247 Conn. 597, 612 (1999) (affirming trial court's determination that an award of prejudgment interest was not appropriate where the complexity of the issues was such that, "the case could not have been resolved without a full trial.")

In addition, the fact that the defendants relied on advice of counsel in not making all the payments the plaintiffs claimed were due is a factor that also weighs against an award of prejudgment interest for the period before the jury rendered its verdict.  See Hoye v. DeWolfe Co., 61 Conn. App. 558, 564 (2001)(finding that trial court did not abuse its discretion by concluding "that although the defendant incorrectly believed that the severance agreement was unenforceable, it was 'bolstered by advice of counsel' . . ."); Bumster v. Davis, 2002 WL 31898168 at *10 (Conn. Super. Dec. 12, 2002)(considering a litigant's reliance on counsel's advice in not making payment found to be

3

due and owing as a factor not to award prejudgment interest). Although the plaintiffs fault the defendants for not raising the advice of counsel argument sooner, here the defendants can not be faulted. It is not apparent from the complaint that the plaintiffs were seeking an award for prejudgment interest pursuant to Connecticut General Statutes § 37-3a, and the issue was not raised until the joint trail memorandum was prepared. Also, there was no reason for the defendants to put in evidence on this point during the trial because the parties had stipulated that the issue would not be submitted to the jury.

The parties' statements of the applicable legal principles governing an award under § 37-3a are not at variance in any material respect. Based on these principles, the parties make additional arguments, which the court has considered. However, the factors which the court has concluded should be given the greatest weight are the two factors discussed above. As a result, the court does not resolve the parties' disagreements as to the additional points raised in their papers.

In conclusion, once the jury returned its verdict it was clear what interpretation would be given to the pertinent language of the letter agreement, and it was also clear what amount was due and owing to the plaintiffs by the defendants. Therefore, the plaintiffs should receive prejudgment interest pursuant to § 37-3a from the date of the jury verdict to the date

of entry of judgment.

It is so ordered.

Dated this 28th day of October 2009, at Hartford, Connecticut.

                                           /s/ AWT
                                       Alvin W. Thompson
                               United States District Judge